J. OWEN CAMPBELL (State Bar No. 229976)
joc@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARY KATE SULLIVAN (State Bar No. 180203)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Plaintiffs
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. and
MERSCORP HOLDINGS, INC.

FILED
CLERK, U.S. DISTRICT COURT
SEP 2 6 2013
CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

CV13-7142 SVW (ASx)

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and MERSCORP HOLDINGS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> DANIEL W. ROBINSON and DARLA J. ROBINSON, <br><br> Defendants. | Case No. <br><br> **COMPLAINT:** <br><br> **1. TO SET ASIDE VOID JUDGMENT** <br> **2. DECLARATORY JUDGMENT FOR VIOLATION OF DUE PROCESS** <br> **3. CANCELLATION OF INSTRUMENTS** <br> **4. SLANDER OF TITLE** |

Plaintiffs MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") and MERSCORP HOLDINGS, INC. allege as follows:

**Jurisdiction**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, which confers original jurisdiction on federal district courts to hear suits alleging the

violation of rights and privileges under the United States Constitution. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear the pendent state law claims, in that both claims arise from a common nucleus of operative fact.

2. The Court also has jurisdiction over this action under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of fees and costs. MERS is a corporation organized under the laws of Delaware with its principal place of business in the Commonwealth of Virginia. MERSCORP Holdings, Inc. is a corporation organized under the laws of Delaware with its principal place of business in the Commonwealth of Virginia. Defendants are citizens of and residents of California. The amount in controversy exceeds $75,000 because the void judgment at issue in this action purported to eliminate a deed of trust on real property securing a $999,950.00 loan.

**Venue**

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the defendants reside in this district, because a substantial part of the events giving rise to the claims occurred in this district, and because the real property that is the subject of the action is situated in this district.

**Parties**

4. Plaintiff MERS is a Delaware corporation that is authorized to do business in the State of California. MERS is the beneficiary of the deed of trust referred to herein.

5. Plaintiff MERSCORP Holdings, Inc. is a corporation organized under the laws of Delaware with its principal place of business in the Commonwealth of Virginia. MERSCORP Holdings, Inc. is the parent company of MERS.

6. Defendant Daniel W. Robinson is an individual who resides in Northridge, California.

7. Defendant Darla J. Robinson is an individual who resides in Northridge, California.

**The Real Property**

8. The real property that is the subject of this action (the "Property") is located in Los Angeles County, and is commonly known as 19127 Romar Street, Northridge, CA 91324, and has the legal description: "LOT 21 OF TRACT NO. 4324, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA. AS PER MAP RECORDED IN BOOK 1051, PAGES 29 AND 30 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY."

9. MERS claims an interest in the Property. MERS is the beneficiary of record of a deed of trust on the Property, which deed of trust was ordered expunged without any notice to MERS and in violation of California law and Plaintiffs' due process rights.

**Background on MERS and the MERS® System**

10. MERS was developed in 1993 when Fannie Mae, Freddie Mac and Ginnie Mae published a white paper that analyzed the need for an electronic mortgage registration system for mortgage rights. The need arose due to the active secondary mortgage market in the United States.

11. The secondary mortgage market—in which a variety of investors purchase real estate loans from those who originate the loans—is critical to the United States credit and housing markets because the ability of lenders to replenish their credit directly impacts the lenders' willingness to extend credit and the interest rates charged for the risk the lenders assume.

12. Since the investors in the secondary market often consist of institutional entities such as mutual funds and insurance companies, those entities often contract with servicing companies to handle the loan servicing obligations.

13. Typically, the investor or its designee would hold the note, with the servicing company appearing as the mortgagee or beneficiary in the land records for the purposes of that mortgagee or beneficiary directly receiving notice of legal proceedings against the mortgage property or collateral. If the servicing rights in the loan were sold, it was necessary to record the assignment of the mortgage or deed of trust from the old servicer to the new servicer so that the identity of the new servicer would appear in the land records in order for that new entity to receive service of process pursuant to their servicing contract with the investor. The process of drafting and recording multiple assignments was costly and burdensome. Simple economics dictates that these costs were ultimately passed to the consumers—buyers and sellers of real estate.

14. In addition, multiple assignments of mortgage interests led to errors and uncertainty in the chain of title because assignments were often missing, incomplete, inaccurate, or misfiled.

15. These problems led consumer-oriented government corporations and agencies, including Fannie Mae, Freddie Mac, Ginnie Mae, the Federal Housing Administration, and Department of Housing and Urban Development, and the Department of Veterans Affairs, to participate in the creation of MERS and the MERS® System, with many of these entities serving on MERS' Steering Committee and Advisory Council.

16. Every mortgage registered on the MERS® System has a unique mortgage identification number. The borrower executes a deed of trust or mortgage (depending on the state) that is recorded in the public land records.

17. Every lender that registers a mortgage on the MERS® System signs a MERS® System membership agreement which states, in part, that "Mortgage Electronic Registration Systems, Inc. is a wholly owned subsidiary of MERSCORP Holdings, Inc. created for the purpose of serving as the Mortgagee of Record in the

applicable public land records solely as Nominee for the Note Owner and the Note Owner's successors and assigns, including the Note Holder."

18. Pursuant to this authority, when a deed of trust or mortgage identifying MERS as the beneficiary or mortgagee is signed by the borrower(s) as part of a mortgage loan "closing" or transaction, that document grants a security interest in the subject property to MERS as beneficiary/mortgagee as nominee for the lender and the lender's successors and assigns. MERS holds legal title to the interests granted in the mortgage (or, in a deed of trust, the trustee holds legal title on behalf of MERS as beneficiary and nominee) and generally has the right, as nominee for the current note owner or holder, to exercise any or all of the lender's interests in the property under the deed of trust.

19. MERS will typically remain the mortgagee or beneficiary of record throughout the life of the loan on behalf of the original lender and its successors and assigns. In addition to MERS's identification in public land records as mortgagee or beneficiary, transfers between lenders of servicing rights are tracked electronically through the MERS® System.

20. Members pay annual membership and transaction fees for the right to use MERS as the mortgagee and nominee in public land records and utilize the MERS® System.

21. In California, MERS has approximately 3.5 million active loans for which it acts as the recorded beneficiary.

22. MERS and the MERS® System have eliminated the need to scour land records (at least for properties with MERS as the recorded beneficiary) in search of multiple assignments that may have been filed incorrectly or not filed at all. This has facilitated title companies' ability to efficiently and accurately provide lien releases and title opinions, to the benefit of real estate purchasers.

23. The MERS® system allows for quick and accurate identification of the

mortgage servicer on a particular loan. Servicers are usually the only parties with access to the payoff statement—information that, for example, helps homeowners avoid foreclosure, exercise their right of redemption, and close on the sale of their home. Since the MERS® System is entirely electronic, it can provide consumers, title companies and purchasers with instantaneous on-line access to information about who is servicing a particular loan.

24. MERS and the MERS® System thus provides several significant benefits to consumers who buy and sell real estate and member companies, in that:

    a. It fosters the creation of new credit and reduces the costs of credit;

    b. It provides prompt and accurate information for owners seeking to refinance, avoid foreclosure, or obtain lien releases; and

    c. It provides more accurate title searches and lowers the cost of title searches and title insurance.

25. One of the critical functions MERS provides as lien holder of record is to receive service of legal process for proceedings related to the secured property and to notify the appropriate MERS® System member or take other appropriate action to protect the security interest or collateral.

## FIRST CLAIM FOR RELIEF
### (TO SET ASIDE VOID JUDGMENT—against all Defendants)

26. Plaintiffs re-allege and incorporate by reference the allegations of all prior paragraphs of this complaint as though fully set forth herein.

27. On or about February 15, 2005, Defendant Daniel W. Robinson and Darla J. Robinson (jointly, the "Robinsons") acquired title to the Property by means of a grant deed from the prior owners.

28. In order to fund the purchase of the Property, the Robinsons obtained a loan in the amount of $999,950.00. The loan was secured against the Property by a

deed of trust recorded on February 15, 2005 in the Official Records of the Recorder's Office of Los Angeles County as instrument number 05 0342544 (the "Deed of Trust").  A copy of the recorded deed of trust is attached as Exhibit 1 to this complaint.

29. In the Deed of Trust, identified as a "CALIFORNIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT – MERS" document, the Robinsons agreed that MERS is the beneficiary of the Deed of Trust.  The Deed of Trust provides on page 1 that MERS is "nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument." The Deed of Trust provides MERS's state of incorporation as well as the address and telephone number of MERS.  The Deed of Trust further provides that the promissory note corresponding to the recorded deed of trust "can be sold one or more times without prior notice to Borrower."

30. On or about January 11, 2012 the Robinsons filed a civil action in the Los Angeles County Superior Court, <u>Robinson v. United Pacific Mortgage</u>, case number PC052281 (the "Robinson Action").  By this action, the Robinsons sought to quiet title to the Property free and clear of the Deed of Trust and a court order expunging the Deed of Trust.

31. Under California real property law, including but not limited to Code of Civil Procedure section 762.010, a plaintiff in a quiet title action must give notice to, and name as defendants, all persons who claim an interest in the property.

32. Prior to the time the Robinsons filed the Robinson Action, the originating lender United Pacific Mortgage had transferred ownership of the note. The Robinsons were aware of this fact at the time they filed the Robinson Action.

33. MERS remained the record beneficiary of the Deed of Trust at the time the Robinson Action was filed.  Despite their actual and constructive knowledge that MERS was the beneficiary of record of the Deed of Trust, the Robinsons failed to

name MERS as a defendant in the Robinson Action, failed to serve MERS with summons and complaint in the Robinson Action, and failed to give MERS any notice whatsoever that the Robinsons were seeking to affect the rights represented by the Deed of Trust and to expunge the Deed of Trust.

34.   This failure to give notice of the Robinson Action was intentional on the part of the Robinsons.  The Robinsons' counsel advertises that he files quiet title actions so that "your House and or Home becomes foreclosable proof and cannot be touched in order to satisfy any Debt, Loan and or Promissory Note previously secured against it.  You would then be free to either sell it, transfer it, re-encumber it or just possess it free and clear of any lien."  A copy of the relevant excerpt from the Robinsons' counsel's website is attached as Exhibit 2 to this complaint.  Another website that advertises the Robinsons' counsel's services contains a section entitled, "Quiet Title by default oh yeah you can," which recommends filing quiet title lawsuits naming only defunct lenders in order to obtain a quiet title judgment by default.  A copy of the relevant excerpt from the website is attached as Exhibit 3 to this complaint.

35.   Despite the failure to name or give notice of the Robinson Action to MERS, the Robinsons conducted a default prove-up hearing without informing the Court that they had failed to give notice to parties who claimed an interest Deed of Trust and/or in the Property.  The Robinsons obtained a state court judgment that purports to quiet title in the Property and to expunge the Deed of Trust, and which the Robinsons recorded as "Judgment for Quiet Title and Expungement of Deed of Trust" on April 25, 2013 in the Official Records of the Recorder's Office of Los Angeles County as instrument number 20130621913 (the "Robinson Action Judgment").  A copy of the recorded Robinson Action Judgment is attached as Exhibit 4 to this complaint.

36.   Had MERS received notice of the Robinson Action, it would have

defended the action and alerted the loan servicing agent or current note owner that action needed to be taken to protect the security interest.

37.     Upon learning of the Robinson Action Judgment after that Judgment was entered, MERS contacted the Robinsons' counsel and demanded that the Robinsons stipulate to set it aside.  But the Robinsons failed and refused to do so.

38.     The Robinson Action Judgment is void and of no effect because it was obtained despite the Robinsons' failure to serve summons and despite the Robinsons' failure to give any notice of the Robinson Action.  The Court in the Robinson Action never acquired jurisdiction over MERS nor did it have jurisdiction to quiet title to the Property and expunge the Deed of Trust because there was no notice to those parties who claimed a record interest in the Property and Deed of Trust.

39.     The Robinson Action Judgment is subject to MERS's Deed of Trust interests because it was obtained without the Court in the Robinson Action ever acquiring jurisdiction over MERS or having jurisdiction to quiet title to the Property and expunge the Deed of Trust because there was no notice to those parties who claimed a record interest in the Property and Deed of Trust.

40.     Originating lender United Pacific Mortgage never held the record interest in the Property and Deed of Trust as the recorded beneficiary.

41.      As a result of the Robinson Action and the Robinson Action Judgment—all without notice to MERS—the plaintiffs were damaged in that they lost the right to protect MERS's security interest in the Property and to protect the interests of the note-owner(s), with whom MERS had a contractual obligation to perform certain duties.

42.     In addition to the damage and loss of customer good will associated with this particular transaction, the result from the Robinson Action and Robinson Action Judgment threatens the plaintiffs' overall business model.  The essence of

plaintiffs' business is for MERS to serve as holder of the beneficiary or mortgagee (i.e., security) interest under a deed of trust or mortgage for the benefit of the current note owner(s). Plaintiffs protects the members' interests by receiving legal notices of foreclosures, tax sales or other proceedings impacting the note owner's equitable interests in the mortgaged property.

43. The Court has the power to set aside the Robinson Action Judgment, which was entered without service of process, legal notice, or any notice at all to parties whose interests the Robinson Action Judgment purports to affect. The Court must exercise that power in the plaintiffs' favor and set aside the void Robinson Action Judgment.

## SECOND CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT FOR VIOLATION OF DUE PROCESS UNDER THE 5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 7 OF THE CALIFORNIA CONSTITUTION)

44. Plaintiffs re-allege and incorporate by reference the allegations of all prior paragraphs of this complaint as though fully set forth herein.

45. The Fifth and Fourteenth Amendments to the United States Constitution protect against the deprivation of property without due process of law. The rights protected by these constitutional provisions include the guarantee of procedural due process: parties are entitled to notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of an action that will affect their rights and an opportunity to present their objections to the action.

46. Similarly, Article I, Section 10, of the California Constitution protects these rights.

47. The beneficiary of a deed of trust (or mortgagee of a mortgage) has a substantial property interest and is entitled to notice reasonably calculated to apprise

it of any actions that may impair the security interest.

48. At the time the Robinsons filed the Robinson Action, and at the time they obtained the Robinson Action Judgment, MERS claimed an interest in the Property as the beneficiary of the Deed of Trust. That property interest was recorded in the public land records and gave notice to the Robinsons—and the world—of MERS's claimed interest in the Property.

49. The prosecution of the Robinson Action and the issuance of the Robinson Action Judgment deprived MERS of its property interest without due process of law in that MERS was deprived of its claimed property interest without notice or an opportunity to be heard in violation of the United States and California Constitutions.

50. The Robinson Action and the Robinson Action Judgment constitute state acts.

51. The violation of MERS's due process rights harmed the plaintiffs as described above and the plaintiffs have no adequate remedy at law to redress this harm. The issuance of the Robinson Action Judgment violates the federal and state due process guarantees of the United States and California Constitutions. Therefore, under 28 U.S.C. §§ 2201 and 2202, the plaintiffs seek a declaration of the Court that the Robinson Action Judgment is void and of no effect.

## THIRD CLAIM FOR RELIEF

**(CANCELLATION OF INSTRUMENTS—against all Defendants)**

52. Plaintiffs re-allege and incorporate by reference the allegations of all prior paragraphs of this complaint as though fully set forth herein.

53. In conjunction with the filing of the Robinson Action, the Robinsons recorded a lis pendens on May 16, 2012 in the Official Records of the Recorder's Office of Los Angeles County as instrument number 20120731667. A copy of the recorded lis pendens is attached as Exhibit 5 to this complaint.

11951.0247/2880093.1                                11

COMPLAINT

54. As is set forth above, the Robinsons recorded the void Robinson Action Judgment on April 25, 2013 in the Official Records of the Recorder's Office of Los Angeles County as instrument number 20130621913.

55. The lis pendens was recorded improperly because the Robinsons did not give notice as required by law, and the Robinson Action Judgment is void as explained above. These instruments appear to be valid on their face, but are invalid and void. The plaintiffs have a reasonable apprehension that if the instruments are left outstanding, the plaintiffs will be harmed as the Property may be transferred, sold, or otherwise encumbered. The plaintiffs are entitled to have the instruments cancelled and to monetary damages from the Robinsons.

56. The recordation of the invalid and void instruments has made it necessary for the plaintiffs to retain attorneys and bring this action to cancel the instruments, and the plaintiffs are entitled to recover from the Robinsons the attorney fees and costs incurred by the plaintiffs in cancelling these instruments.

57. The Robinsons acted intentionally or with reckless disregard for the plaintiffs' rights in recording the instruments, and the plaintiffs are entitled to exemplary and punitive damages against the Robinsons.

### FOURTH CLAIM FOR RELIEF

### (SLANDER OF TITLE—against all Defendants)

58. Plaintiffs re-allege and incorporate by reference the allegations of all prior paragraphs of this complaint as though fully set forth herein.

59. On April 25, 2013 the Robinsons willfully, maliciously, and without privilege or justification published false statements concerning MERS's rights and title in the Deed of Trust and the Property by recording the void Robinson Action Judgment, which disparaged MERS's title. By recording the void Robinson Action Judgment, the Robinsons impaired the value of MERS's interest in the Deed of Trust and Property, which caused and continues to cause damages to the plaintiffs.

60. The recordation of the void Robinson Action Judgment and subsequent refusal to stipulate to set aside the void Robinson Action Judgment has made it necessary for the plaintiffs to retain attorneys and bring this action, and the plaintiffs are entitled to recover from the Robinsons the attorney fees and costs incurred by the plaintiffs in this action.

61. The recordation of the void Robinson Action Judgment and subsequent refusal to stipulate to set aside the void Robinson Action Judgment was done intentionally or with reckless disregard for the plaintiffs' rights, entitling the plaintiffs to exemplary and punitive damages.

**WHEREFORE**, the plaintiffs pray for judgment as follows:

1. That the Court set aside the Robinson Action Judgment and declare that it is void and of no force or effect;

2. That the Court cancel the recorded Robinson Action Judgment and lis pendens;

3. That the Court issue a declaration that the Robinson Action Judgment is void and of no effect, that the recorded Robinson Action Judgment and lis pendens are cancelled, and that the Deed of Trust remains valid;

4. For monetary damages according to proof;

5. For attorney fees and costs;

6. For punitive and exemplary damages; and

7. For such further and other relief as the Court deems proper.

DATED: September 26, 2013

SEVERSON & WERSON
A Professional Corporation

By: _____
J. Owen Campbell

Attorneys for Plaintiffs
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. and
MERSCORP HOLDINGS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Stephen V. Wilson_____ and the assigned Magistrate Judge is _____Alka Sagar_____.

The case number on all documents filed with the Court should read as follows:

**2:13CV7142 SVW ASx**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 26, 2013                By   J.Prado
Date                                   Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division          [ ] Southern Division            [ ] Eastern Division
312 N. Spring Street, G-8        411 West Fourth St., Ste 1053     3470 Twelfth Street, Room 134
Los Angeles, CA 90012            Santa Ana, CA 92701               Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

Name & Address:
J. Owen Campbell (SBN 229976)
SEVERSON & WERSON
19100 Von Karman Avenue, 7th Floor
Irvine, CA 92618
Tel: (949) 442-7110; Fax: (949) 442-7118

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and MERSCORP HOLDINGS, INC. PLAINTIFF(S) v. DANIEL W. ROBINSON and DARLA J. ROBINSON DEFENDANT(S). | CASE NUMBER CV13-7142 SVW (ASx) SUMMONS |
|---|---|

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __J. Owen Campbell_____, whose address is __19100 Von Karman Avenue, 7th Floor, Irvine, California 92612_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: SEP 26 2013

Clerk, U.S. District Court

By: _____
   Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings, Inc.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Daniel W. Robinson and Darla J. Robinson

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
J. Owen Campbell (State Bar No. 229976)
Severson & Werson
19100 Von Karman Ave., 7th Floor, Irvine, CA 92612
Tel: (949) 442-7110; Fax: (949) 442-7118; joc@severson.com

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
unknown at this time

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 2201 and 2202. Action to set aside a void judgment obtained without notice in violation of the 5th and 14th Amendments to the United States Constitution.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL PROPERTY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-7142**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings, Inc.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Daniel W. Robinson and Darla J. Robinson

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
J. Owen Campbell (State Bar No. 229976)
Severson & Werson
19100 Von Karman Ave., 7th Floor, Irvine, CA 92612
Tel: (949) 442-7110; Fax: (949) 442-7118; joc@severson.com

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
unknown at this time

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 2201 and 2202. Action to set aside a void judgment obtained without notice in violation of the 5th and 14th Amendments to the United States Constitution.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**  Case Number: _____

CV-71 (09/13)                                                        CIVIL COVER SHEET                                                        Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE**: Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes  ☒ No<br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies:<br><br>☐ 2 or more answers in Column C<br><br>☐ only 1 answer in Column C and no answers in Column D<br><br>Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➔ | C.2. Is either of the following true? If so, check the one that applies:<br><br>☐ 2 or more answers in Column D<br><br>☐ only 1 answer in Column D and no answers in Column C<br><br>Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⬇ |
|---|---|
| Your case will initially be assigned to the<br>WESTERN DIVISION.<br>Enter "Western" in response to Question D below. ||

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➔ | Western |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____  DATE: September 26, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |