1  Susan M. Murphy (SBN: 185335)
   susan@advocatelegal.org
2  ADVOCATE LEGAL
3  5455 Wilshire Boulevard  Suite 2119
   Los Angeles, CA 90036
4  Telephone:  (323) 692-7499
5  Facsimile:   (800) 878-7336

6  Attorney for Plaintiffs
7  DANIEL W. ROBINSON
8  DARLA J. ROBINSON

9              UNITED STATES DISTRICT COURT
     CENTRAL DISTRICT OF CALIFORNIA- WESTERN DISTRICT
10

11 MORTGAGE ELECTRONIC          )  CASE NO.: CV13-07142-PSG (ASx)
12 REGISTRATION SYSTEMS, INC.,   )
   and MERSCORP HOLDINGS, INC.,  )
13                              )  DEFENDANT DANIEL W. ROBINSON
14           Plaintiffs,        )  and DARLA J. ROBINSON'S NOTICE OF
                                )  MOTION AND MOTION TO DISMISS
15 v.                           )  THE COMPLAINT.
16                              )
   DANIEL W. ROBINSON and DARLA )
17 J. ROBINSON,                 )  Date Filed:      September 26, 2013
                                )  Judge:           Hon. Philip S. Gutierrez
18           Defendants.        )  Courtroom:       880
                                )
19                              )  Hearing Date:  January 27, 2014
                                )  Hearing Time:  1:30 p.m.
20                              )
21                              )
                                )  312 North Spring Street
22                              )  Los Angeles, Ca. 90012
                                )
23

24        PLEASE TAKE NOTICE that on January 27, 2013 at 1:30 p.m., in courtroom 880

25 of the above entitled court located at 225 East Temple Street. Los Angeles California

26 90012, the Honorable Philip S. Gutierrez presiding, Defendants Daniel W. Robinson and

27

28 Darla J. Robinson (hereafter "Defendants") will move to dismiss the first through fourth

claims in the Complaint by MORTGAGE ELECTRONIC SYSTEMS, INC. and

MERSCORP HOLDINGS, INC (hereafter "Plaintiffs" or "MERS," pursuant to FRCP

12(b)(6).

Grounds for the 12(b)(6) Motion to Dismiss are as follows:

1. **First Claim:**

Plaintiffs fail to state a claim for Setting Aside a Void Judgment because 1) the

underlying QUIET TITLE cause of action required only the beneficiary and other parties

at interest to be named as Defendants, 2) Plaintiffs are agents and therefore are not

parties at interest, 3) as non-interested parties Plaintiffs cannot assert diversity

jurisdiction, and 4) Plaintiffs are collaterally estopped from reversing a state court

judgment in federal court.

2. **Second Claim:**

Plaintiffs fail to state a claim for Violation of Due Process because 1) Plaintiffs

are not the party at interest, 2) Plaintiffs have limited authority as agents of the

beneficiary that does not allow them to initiate a cause of action, and 3) Plaintiffs have

lost nothing and have not been injured.

3. **Third Claim**

Plaintiffs fail to state a claim for Cancellation of Void Instrument because 1) the

Lis Pendens recorded by Defendants was properly served on all parties to Defendants'

state court action, 2) the judgment recorded by Defendants on April 25, 2013 was not a

void judgment, 3) Plaintiffs are not parties of interest with standing to bring this cause of action, and 4) Plaintiffs have not been harmed by Defendants' state court judgment.

### 4. **Fourth Claim**

Plaintiffs fail to state a claim for Slander of Title because 1) Plaintiffs are not owners of the property in question, 2) Defendants recorded a valid state court judgment, and 3) Plaintiffs have not suffered any loss.

This Motion to Dismiss is based upon this Notice, the Memorandum of Points and Authorities, the Complaint, and Defendants' arguments at the hearing.

Respectfully submitted,

Dated:   December 5, 2013             ADVOCATE LEGAL

By:  /s/  Susan M. Murphy                .
     Susan M. Murphy
Attorney for Plaintiffs
DANIEL W. ROBINSON and
DARLA J. ROBINSON

# TABLE OF CONTENTS

I.    Introduction    ……………………………………..………………… 1

II.   Procedural History ………………………………………………… 7

III.  Summary of the Complaint …………………………………… 9

      A. Jurisdiction ……………………………………………… 9

      B. Standing  ………………………………………………… 9

      C. General Allegations ……………………………… 10

      D. Damages ………………………………………………… 11

IV.   Arguments in Support of Motion to Dismiss ………………………… 12

      A. The Complaint should be dismissed because under FRCP 17(a)

         Plaintiffs are not the real party at interest …………………………..…… 13

      B. Plaintiffs are in the improper venue Fed. R. Civ. P. 12(b)(3)…………...………. 16

      C. Plaintiffs do not have Subject Matter Jurisdiction pursuant to

         Fed. R. Civ. P.12(b)(1) …………………………………………..…… 16

      D. Plaintiffs fail to state a claim upon which relief can be granted

         under Fed. R. Civ. P. 12(b)(6)…………………………………………... 17

VI.   Conclusion …………………………………………………. ….. 20

.

## TABLE OF AUTHORITIES

<u>Federal Cases</u>

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (U.S. 1992) …………………………………………………… 14

*Weingartner v. Chase Home Finance, LLC*,
    702 F.Supp.2d 1276 (D. Nev. 2010)…………………………………....….. 15

*Mortg. Elec. Registration Sys. v. Neb. Dep't of Banking & Fin.*,
    270 Neb. 529  (Neb. 2005). …………………………………………… 15

*Mortgage Elec. Registration Sys. v. Saunders*,
    2 A.3d 289, 294-97 (Me. 2010). ……………………………………… 15

*Cervantes v. Countrywide Home Loans, Inc.*,
    656 F.3d 1034, 2011 (9th Cir. Ariz. 2011)  ………………………….….. 15

*James v. ReconTrust Co.*,
    845 F. Supp. 2d 1145, 1155 (D. Or. 2012) ………………………………… 15

*Mortgage Elec. Registration Sys. v. Saunders*,
    2010 ME 79, 2A.3d 289, 295  (ME.2010) ………………………………. 15

*Weingartner v. Chase Home Finance, LLC*,
    702 F.Supp.2d 1276, 1280 (D. Nev. 2010) ………………………………… 15

*Mortg. Elec. Registration Sys. v. Neb. Dep't of Banking & Fin.*,
    270 Neb. 529, 533 (Neb. 2005) …………………………………………… 16

*Burlington N. R.R.16 v. Ford,*
    504 U.S. 648  (U.S. 1992)……………………………………..…………… 16

*Neirbo Co. v. Bethlehem Shipbuilding Corp.,*
    308 U.S. 165 (U.S. 1939)……………………………………………...…… 17

*Scheuer v. Rhodes*,
    416 U.S. 232  (1974) ………………………………………………..… 18

*Kokkonen v. Guardian Life Ins. Co. of Am.,*

    511U.S. 375 (U.S.1994). ……………………………………………..17

*Bell Atlantic Corp. v. Twombly,*

    550 U.S. 544 (2007) ……………………………………………..  18

*Aschroft v. Iqbal,*

    129 S.Ct. 1937 (2009) …………………………………………… 19

*Balistreri v. Pacifica Police Dept.,*

    901 F.2d 696 (1990) …………………………………………… 19

Davis v. Scheuer,

    468 U.S. 183 (1984) …………………………………………… 18

Scheuer v. Rhodes,

    416 U.S. 232 (1974) …………………………………………… 18

State Cases

*Gomes v. Countrywide Home Loans, Inc.,*

    192 Cal. App. 4th 1149 (Cal. App. 4th Dist. 2011) ……………..…… 13, 14, 16

*Fontenot v. Wells Fargo Bank, N.A.,*

    198 Cal. App. 4th 256 (Cal.App.1st Dist.2011)…………………….. 13, 16

*Ferguson v. Avelo Mortgage, LLC,*

    195 Cal.App.4th 1618 (Cal.App.2d Dist.2011) …………………………..14

Federal Law

    Federal Rules of Civil Procedure 17(a) ………………………..……….. 12, 13, 17

    Federal Rules of Civil Procedure 12(b)(3) …………………………...…. 12, 13

    Federal Rules of Civil Procedure 12(b)(1) ………………………….......13

    Federal Rules of Civil Procedure 12(b)(6) …………………………..…..  18

    26 U.S.C. §§860D(a)(3)-)4) (2006) …………………………………..4, fn.11

    26 U.S.C. §860G(a)(3) ……………………………………………..4, fn 11

    26 U.S.C. §860F(a) ……………………………………………..… 4, fn 11

<u>Other sources</u>

6A CHARLES ALLEN WRIGHT & ARTHUR R. MILLER,

FEDERAL PRACTICE AND PROCEDURES §1553 (2d ed. 1990) ………………...17

*Black's Law Dictionary* (9th ed. 2009) …………………………………………………..19

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs MORTGAGE ELECTRONIC SYSTEMS, INC. and parent company MERSCORP HOLDINGS, INC ("MERS") claim (collectively) to be a real party in interest to Defendants' state court action for Quiet Title and Expungement of their Deed of Trust and claim violation of their Due Process rights so as to render Defendants' state court judgment VOID. (Comp. ¶s 45-46, EX. 4.)  Although Plaintiffs lose nothing by non-payment, which is the determinant of beneficial interest, Plaintiffs claim a beneficial interest because "MERS" and "Mortgage Electronic Systems, Inc." are named as "Nominee" and "beneficiary" on Defendants' Deed of Trust. (Comp. ¶ 29, EX.4.) Plaintiffs' state of incorporation (Delaware) and main offices (Virginia) are their grounds for asserting diversity jurisdiction based on MERS's corporate citizenship. (Comp. ¶s 4-5.)

MERS is a computerized registry created by sellers and servicers of residential mortgage backed securities ("RMBS"), including Bank of America, N.A. the servicer of Defendant's loan from 2009 to 2013.[1]  Securitization of mortgage loans into RMBS is the process by which mortgage loans are pooled and sold to investors by the originators

---

[1] MERS website *Available at: http://www.mersinc.org/about-us/board-of-directors.*

that then retained the originated mortgage servicing rights ("OMSR")[2].  Those on the sell-side created MERS to make securitization easier and cheaper by avoiding recording fees for the multiple transactions necessary for securitization with a scheme by which MERS would remain the recorded beneficiary while these multiple transactions were recorded only in the MERS database.[3]  The MERS business model consists of charging members a per-transaction fee for use of the MERS computer registry. [4]

Currently approximately seventy percent (70%) of mortgages and deeds of trusts are securitized, but securitization is a relatively new phenomenon having first occurred in the 1970's.[5]  The Federal National Mortgage Association (Fannie Mae) was a product of the New Deal in 1938, but it did not engage in securitization until 1981 and securitization grew steadily after that.[6]  Before securitization mortgages were not routinely assigned between beneficiaries and foreclosure was fairly rare.

The system of county-by-county recording of mortgages and Deeds of Trust that MERS preempted was a working system that benefitted lien holders, sellers, and buyers

---

[2] Comptroller of the Currency Handbook, *Mortgage Banking,* Narrative March 1996, Procedures 1998, p.21 ("OMSR may be acquired through the bank's retail loan production activities.")

[3] Christopher Peterson, *Foreclosure, Subprime Mortgage Lending, and the Mortgage Electronic Registration System,* 78 U. Cin. L. Rev. 1361 (2010).

[4] *Id.*.

[5] Jonathan Tower, *Ginnie Mae Pool No. 1: A Revolution is Paid Off,* SEATTLE TIMES, Sept. 19, 1999 at F1 (noting that the sale of the first mortgage backed security (MBS) was in February 1970) *Available at:* http://community.seattletimes.nwsource.com/archive/?date=19990919&slug=2983955;

[6] Adam J. Levitin & Susan M. Wachter, *The Public Option in Housing Finance,* 46 U.C. DAVIS L.REV, 1162 (discussing the evolution of the secondary market) *Available at:* http://lawreview.law.ucdavis.edu/issues/46/4/Articles/46-4_Levitin-Wachter.pdf.

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

of real property through recorded notice.  Although the county-by-county system was intended to create a priority of liens, it also serves as a de facto title guarantee which protects bona-fide purchasers from priority claims and guarantees security in property sales.  The MERS system is not equal to the county-by-county recording system because it tracks servicing rights, not ownership or title.  Once a loan is assigned to MERS, the public land title records no longer reveal the beneficiary of a lien making it impossible to track if transfers were made, how they were made, or to whom they were made, and therefore chain of title.[7]

The core transaction required for securitization is actually a series of four (4) transactions from the originator to the single purpose vehicle ("SPV") which in the case of RMBS is a Real Estate Mortgage Investment Conduit ("REMIC").[8]  All of these transactions involve endorsement and physical transfer of the borrower's Promissory NOTE in order to be "true sales."[9]  Bankruptcy remoteness means that REMIC cannot be affected by any participant's bankruptcy, which adds to the profitability of the investment and is only created if all these transfers are real and verifiable "true sales."[10]

---

[7] Peterson *supra* at p. 1371.

[8] Adam J. Levitin, *The Paper Chase: Securitization, Foreclosure, and the Uncertainty of Mortgage Title,* Duke Law Journal Vol. 63 at 672 (2013).

[9] *Id.* at p.673 fn.144.

[10] *Id.* at p.673, fn. 144 ("Bankruptcy remoteness means 1) that the trust's assets are not affected by the bankruptcy of the depositor, seller, or originator because the transferred assets cannot be claimed as properties of their bankruptcy estates and 2) that the trust itself cannot file for bankruptcy.")

Pass-through tax status, meaning that none of these four (4) transactions are taxed, and requires that the entire sale take place within a limited time period usually ninety days.[11]  If these sales are not physically endorsed and transferred, and if assignments don't take place within the ninety (90) days required by the trust agreement and New York State trust law, they are not "true sales" and assignments into the REMICS are VOID.[12]  Because the originator of a borrower's Deed of Trust no longer has an interest, having sold the debt to the REMIC, if an assignment is VOID there is no secured beneficiary.  A VOID assignment into a REMIC makes the borrowers' loan like a hot potato that nobody can claim without getting burned by additional costs like taxation or litigation.

To avoid the cost of compliance with the county-by-county "paper-based" system Plaintiffs created MERS along with a scheme whereby MERS would appear as beneficiary and nominee on borrowers' Mortgages and Deeds of Trust.  The cost-benefit to those on the sell-side was achieved by replacing a working democratic system with an inferior proprietary one which passed the cost-burden of unclear title onto the buy-side

---

[11] See 26 U.S.C. §§860D(a)(3)-)4) (2006)(requiring substantially all assets of a REMIC to be qualified mortgages acquired within ninety days of the REMIC's creation or other permanent investments); *id.* §860G(a)(3) (defining "qualified mortgage"), or suffer tax penalties, *see id.* §860F(a) (imposing a 100 percent tax penalty on net income from prohibited transactions).

[12] N.Y. Estates, Powers & Trusts Law § 7-2.4 (McKinney 2002).

and the public.[13]  The cost-burden to those on the buy-side are the risks, among others, that 1) the securitized assets will be discharged as unsecured in a debtor's bankruptcy, 2) the investor will be subject to two levels of taxation when the mortgage is treated as property of the transferor rather than of the REMIC, and 3) standing will not be provable for purposes of enforcement.

MERS's profitable business model results from minimal overhead and a steady stream of income based on a per-transaction fee charged to servicer members (similar to a recording fee).[14]  MERS gets around the need for employees by allowing (employees of) members to become certified "vice-presidents" or "assistant secretaries" of MERS after which they execute recorded documents in MERS's name.[15]  Employees of the sell-side players attest to having executed multiple endorsements and physical transfers of documents required for securitization, but without a regulatory framework of oversight there is no incentive for accuracy or method for verification.[16] The private MERS system is murky and self-regulating at the same time as securitization requires multiple transactions that comply with federal and state regulations and it tracks servicing rights, but not ownership.

---

[13] AEQUITAS COMPLIANCE SOLUTIONS, FORECLOSURE IN CALIFORNIA: A CRISIS OF COMPLIANCE at 13 (2012), *available at:* http://aequitasaudit.com/images/aequitas_sf_report.pdf  (noting that MERS records matched with the deed of trust beneficiary only 42 percent of the time);

[14] Peterson *supra* at p.1361

[15] *Id.* at p.1390-1391

[16] *Id.* at p.1390.

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Plaintiffs' business model serves its stockholder-owners, the loan servicers, but not the consumer (or the investor) since the multiple transactions required for compliance with state and federal law regarding securitization are not recorded in the public registry and not verifiable.  REMIC investors receive monthly reports from trustees that detail delinquency rates and realized losses, but these statistics do not reveal the factors involved in these losses so that investors never know when their losses were caused by poor underwriting procedures, property value declines, or delayed or prevented foreclosure due to inability to prove standing.[17]  The trustees that provide these reports have no incentive to challenge MERS or its corporate owners since trustees hold contract positions with limited duty to the investors and may also work for one or more of the corporate owners of Plaintiff MERS.[18]

MERS's use of corporate signing officers that are actually employees of MERS members (potentially also employees of the MERS' corporate owners), challenges the concept of MERS's agency since it indicates that that these players are acting on behalf of themselves and that MERS is a sham agency structure where principals deal directly with other principals.  This sham agency structure creates questions of accountability and conflict of interest when misrepresentation and fraud occur and of authority when

---

[17] Levitin *supra* at 706.

[18] *Id.* at 708

homeowners seek to negotiate with their actual beneficiary as Defendants did for over a year before filing their Quiet Title Action in state court.  When borrowers seek to modify their loans and can only get access to their servicer acting as "agent," Plaintiffs are the watchdog that makes sure the servicer benefits disproportionately from the conflict of interest between the servicer and the beneficiary.[19]

## II.   **PROCEDURAL HISTORY**

Defendants' Deed of Trust was originated by United Pacific Mortgage ("UNITED PACIFIC") and recorded (Los Angeles County Recorder doc. # 050342544) on February 15, 2005. (Comp. EX.1.)  Defendants made their payments immediately to Countrywide Financial ("COUNTRYWIDE") and later to Bank of America, N.A. ("BOA") until Defendants' mortgage servicing rights ("MSR") were transferred to Nationstar Mortgage ("NATIONSTAR") in October, 2013.  Despite multiple problems with BOA, Defendants had not missed a mortgage payment pursuant to their Deed of Trust when they filed their Quiet Title action (Case no. PC052281) in Los Angeles Superior Court North Valley District on January 11, 2012. (Comp. EXs. 1 & 5.)  The property at issue in Defendants' underlying Quiet Title cause of action was their residence at 19127 Romar Street, Northridge, California 91324. (Comp. EX.1.)

In their Quiet Title action Defendants sued UNITED PACIFIC, the beneficiary on Defendants' Deed of Trust, and "all persons or entities unknown, claiming any legal or

---

[19] Diane E. Thompson, Foreclosing Modifications; How Servicer Incentives Discourage Loan Modifications, 86 WASH. L. REV. 776-782 (2011) *Available at:* http://digital.law.washington.edu/dspace-law/bitstream/handle/1773.1/1074/86WLR755.pdf.

equitable right, title, estate, lien, or interest in the property described in this Complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto" and Defendants claimed that no party could claim to be a valid current holder of their Deed of Trust. (Comp. EX. 5.)   No ASSIGNMENT of Defendants' Deed of Trust to any other beneficiary was recorded with the Los Angeles County Recorder on or before January 11, 2012.  Along with their Complaint Defendants recorded a Lis Pendens on May 16, 2012. (Id.)

Defendants received a judgment of Quiet Title against Defendant UNITED PACIFIC and "ALL PERSONS OR ENTITIES UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THIS COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD UPON PLAINTIFF'S TITLE THERETO." (Comp. EXs. 1 & 5.)  Pursuant to the judgment, the recorded Deed of Trust that was the subject of the Complaint (Los Angeles County Recorder doc. # 050342544) was ordered expunged. (Id.) Defendants also recorded the state court judgment and order (doc. # 20130621913) on April 25, 2013. (Comp. EX. 4.)

Plaintiffs filed the instant case on September 26, 2013.  Plaintiffs filed a Lis Pendens on October 2, 2013.  Plaintiffs served Defendants by mail on October 9, 2013 with a NOTICE OF ACKNOWLEDGMENT OF SUMMONS AND COMPLAINT which Defendants signed and returned by mail on October 20, 2013 by and through their

attorney.  Defendant Darla J. Robinson also received the Summons and Complaint by personal service on October 26, 2013.  Defendant Daniel W. Robinson did not receive the Summons and Complaint by personal service.

## III.   SUMMARY OF THE COMPLAINT

### A. JURISDICTION

Plaintiffs claim original jurisdiction under 28 U.S.C. §1331 based on Violation of Due Process due to the deprivation of Plaintiff MERS's property without opportunity to be heard as protected by the Fifth and Fourteenth Amendments to the U.S. Constitution. (Comp. ¶s 1 & 45.)  Plaintiffs claim supplemental jurisdiction to hear Plaintiffs' state law claims because they arise out of a common nucleus of operative fact. (Comp. ¶1.) Plaintiffs claim Diversity Jurisdiction based on complete diversity since Defendants reside in California and Plaintiffs' corporate home is Delaware and their principal place of business in the Commonwealth of Virginia and because the amount in controversy exceeds seventy-five thousand dollars ($75,000).  (Comp. ¶3.)

### B. STANDING

Plaintiffs MERS asserts standing under California Code of Civil Procedure §762.010 which requires Plaintiffs in a Quiet Title action to give notice and name as defendants all persons that claim an interest in the property. (Comp. ¶31.) MERS claims an interest in Defendants' property due to their being named as "Nominee" and "Beneficiary" on Defendants' Deed of Trust. (Comp. ¶ 9.)  MERS's claim also derives from their

functions as lien holder of record to 1) receive service of legal process for proceedings related to the secured property and 2) to notify the beneficiary or "take other appropriate action to protect the security interest or collateral." (Comp. ¶25.)

C. <u>GENERAL ALLEGATIONS</u>

Plaintiffs claim that under California Real Property Law, including, but not limited to, CCP§762.010, a Plaintiff in a Quiet Title action must give notice to, and name as defendants, all persons who "claim an interest in the property." (Comp. ¶31.)  Plaintiffs allege that they "claimed an interest" in Defendants' property at the time that Defendants' filed their state court action. (Comp. ¶48.)  Plaintiffs allege that their property interest was "recorded in the public land records" and "gave notice to the Robinsons – and the world- of MERS's claimed interest in the Property." (Comp. ¶48.)

Plaintiffs claim that Defendants were aware that MERS was the beneficiary of record. (Comp. ¶33.)  Plaintiffs claim that prior to the time the Robinsons filed their Complaint the originating lender, United Pacific Mortgage, had transferred ownership of the Promissory NOTE and that Defendants were aware of this even though there was no recorded assignment of Defendants' Deed of Trust to a subsequent beneficiary. (Comp. ¶32.)  Plaintiffs claim that if they had known about the state court action, they would have defended the action and alerted the loan servicing agent or current note holder that action needed to be taken to protect the security interest. (Comp. ¶36.)

Plaintiffs allege that because MERS was not served with the Summons and Complaint, therefore the state court never acquired jurisdiction over MERS. (Comp. ¶38.)  Plaintiffs allege that since MERS claimed "a record interest in the property and Deed of Trust," and because MERS was not served with the summons and complaint, therefore Defendants' state court judgment is VOID. (Comp. ¶38.)  Despite United Pacific Mortgage being the recorded beneficiary of Defendants' Deed of Trust, and no recorded assignment to a subsequent beneficiary, Plaintiffs allege that "originating lender United Pacific Mortgage never held the record interest in the Property or Deed of Trust as the recorded beneficiary." (Comp. ¶41.)

Plaintiffs seek Cancellation of Instrument for both the Judgment of Quiet Title and Expungement of the Deed of Trust (Los Angeles County Recorder doc. # 20130621913) and the Lis Pendens (doc. # 20120731667) recorded April 25, 2013. (Comp. ¶s 54-55.) Plaintiffs allege that both documents are invalid and VOID because they were not properly noticed "as required by law." (Comp. ¶55.)  Plaintiffs allege that Defendants acted "with reckless disregard for the plaintiffs' rights in recording instruments." (Comp. ¶57.)

D. <u>DAMAGES</u>

Plaintiff MERS claims that they have been damaged because they lost the right to protect their "security interest" in the property. (Comp. ¶ 41.)  Plaintiffs also claim that they are damaged because they lost the right to protect the interest of the note-owner(s)

with whom MERS had "a contractual obligation to perform certain duties." (Comp.

¶41.)  Plaintiffs allege that they have been further damaged because Defendants'

judgment in their state court action "threatens Plaintiffs' overall business model" which

is a service Plaintiffs describe as "holder of the beneficiary or mortgagee (i.e. security)

interest under a deed of trust or mortgage for the benefit of the current note owner(s)"

and receiver of "legal notices of foreclosures, tax sales or other proceedings impacting

the note owner's equitable interest in the mortgaged property."  (Comp. ¶42.)

Plaintiffs claim they will be harmed if the property is transferred, that they are

entitled to having the instruments cancelled, and to monetary damages from the

Robinsons. (Comp. ¶55.)  Plaintiffs allege that they are entitled to recover attorney fees

from the Robinsons for the legal cost incurred by cancelling these instruments. (Comp.

¶56.) Plaintiffs request punitive damages and exemplary damages because "the

Robinsons acted intentionally or with reckless disregard for plaintiffs rights." (Comp.

¶57.)

## IV.    ARGUMENTS IN SUPPORT OF MOTION TO DISMISS

Defendants submit this Memorandum of Law in support of their pending motion to

dismiss on the grounds that pursuant to Fed. R. Civ. P. 17(a), this complaint has not been

brought by the real party(s) in interest as the real party(s) in interest is the current

holder(s) of Plaintiffs' Promissory NOTE, not Defendants MERS, the agent.  Dismissal

of Plaintiffs complaint is also appropriate based on improper venue pursuant to Fed. R.

Civ. P. 12(b)(3) since Plaintiffs' Due Process claim rests on their allegation that they are a party in interest, and their invocation of Diversity Jurisdiction also rests on this allegation couched as fact.  Plaintiffs' complaint should finally be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) since a due process claim can only be brought by a party at interest.  In the alternative Defendants argue that dismissal of Plaintiffs' complaint is appropriate pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs have failed to state a cause of action based on the above.

## A. The Complaint should be dismissed because under FRCP 17(a) Plaintiffs are not the real party at interest.

In *Gomes* the court upheld the right of MERS under California's nonjudicial foreclosure scheme to initiate a foreclosure as the nominee, or agent, of the noteholder due to the power of sale clause in a Deed of Trust. *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156 (Cal. App. 4th Dist. 2011.)  In *Fontenot* the court found there was nothing inconsistent in MERS being both the beneficiary and the Nominee, i.e., agent of the lender, but the court found the legal implication of this to be that "MERS may exercise the rights and obligations of a beneficiary of the Deed of Trust, but it will exercise those rights and obligations only as an agent for the lender, not for its own interests." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 273 (Cal.App.1st Dist.2011). The *Gomes* court did not address MERS's claim of actual beneficiary status, but held that MERS's right to initiate foreclosure proceedings came

from their status as the lender's agent. *Gomes supra* 192 Cal.Ap.4th at 1157-1158; see also: *Ferguson v. Avelo Mortgage, LLC,* 195 Cal.App.4th 1618, 1625-1627 (Cal.App.2d Dist.2011).

To demonstrate that he is the real party in interest, a plaintiff  must meet the constitutional minimum of standing that consists of three elements which are: 1) an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent" not "conjectural" or "hypothetical;" second there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly … trace[able] to the challenged action of the defendant, and not … the result [of] the independent action of some third party not before the court;" and third it must be "likely" as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (U.S. 1992)

Plaintiffs' revenue comes from fees and MERS has no financial interest in the Defendants' Deed of Trust and has suffered no injury in fact. *Gomes* supra 192 Cal.Ap.4th at 1151.  Even if non-payment of Defendants' Deed of Trust were at issue, nonpayment would not have affected Plaintiffs because they are an agent and not a principle with no right to collect on Defendants loan.  There is no damage to Plaintiffs that can be redressed by this lawsuit.

The Ninth Circuit recognized that MERS may not have standing to bring foreclosure actions as a beneficiary in its own name because MERS does not have an independent interest in the loan. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 2011 (9th Cir. Ariz. 2011) ("[M]ERS cannot foreclose because it does not have an independent interest in the loan because it functions solely as a nominee." (quoting: *Mortgage Elec. Registration Sys. v. Saunders*, 2 A.3d 289, 294-97, (Me. 2010))).  In other circuits there is also a growing split in authority on whether MERS has standing to bring foreclosure actions in its own name against homeowners.  *See*:  *James v. ReconTrust Co.*, 845 F. Supp. 2d 1145, 1155 (D. Or. 2012) (holding that MERS was not a beneficiary within the meaning of the Oregon Trust Deed Act, Or. Rev. Stat. §86.705(2) but was solely the agent of the noteholder.); *Mortgage Elec. Registration Sys. V. Saunders*, 2010 ME 79, 2A.3d 289, 295  (ME.2010) (holding that MERS'S only right is the right to record the mortgage and that it's designation as "mortgagee of record" on a document does not change or expand that right and therefore MERS does not qualify as a mortgagee pursuant to Maine foreclosure statute 14 M.R.S. §§6321-6325.); *Weingartner v. Chase Home Finance, LLC*, 702 F.Supp.2d 1276, 1280 (D. Nev. 2010) (holding that MERS's identification as a beneficiary on a deed of trust does not confer beneficiary status.)   This assessment is consistent with prior pleadings where Plaintiff MERS has claimed legal title only as a nominee contractually prohibited

from exercising any rights without the authorization of the actual beneficiary. *Mortg. Elec. Registration Sys. v. Neb. Dep't of Banking & Fin*., 270 Neb. 529, 533 (Neb. 2005).

The three (3) purposes of California's comprehensive nonjudicial foreclosure scheme are: "(1) to provide the [beneficiary-creditor] with a quick, inexpensive and efficient remedy against a defaulting [trustor-debtor]; (2) to protect the [trustor-debtor] from wrongful loss of the property;   and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser." *Gomes,* supra 192 Cal.Ap.4th at p.1154. Having enjoyed the freedom from any burden of proof as to standing that California's "quick, inexpensive and efficient" nonjudicial foreclosure scheme provides to beneficiaries and their agents, Plaintiffs now seek to expand that freedom to a due process right to initiate an action as a party at interest and beneficiary in their own right. *Id.*  Plaintiffs assert standing based on being named as "beneficiary" as well as "nominee" on Defendants' Deed of Trust despite the case law which has determined this to provide them status as agent only. *Fontenot v. Wells Fargo Bank, N.A*., 198 Cal. App. 4th 256, 270.

**B. Plaintiffs are in the improper venue. Fed. R. Civ. P. 12(b)(3).**

Venue is premised on "administrative" considerations established by statue that are designed to "reflect equity or expediency in resolving disparate interests of parties to a lawsuit in the place of trial." *Burlington N. R.R.16 v. Ford,* 504 U.S. 648, 650-651, 112 S.Ct. 2184, 2186 (U.S. 1992).  Proper venue is based on statutory criteria such as a

party's residence.  *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 167-168, 60 S.Ct. 153, 154(U.S. 1939).   Plaintiffs' choice of venue rests on their assertion that they are a party in interest, not an agent with authority granted by a principle. *Id* at 174. As detailed herein Plaintiff's claim of beneficiary status is an allegation couched as fact. The failure to serve Plaintiffs in the state court action has no bearing on this defect and does not make this court the proper venue.

**C. Plaintiffs do not have Subject Matter Jurisdiction pursuant to Fed. R. Civ. P.12(b)(1).**

Federal courts are presumptively without jurisdiction over civil action and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511U.S. 375, 377, 114 S.Ct. 1673, 1677 (U.S.1994). Federal Courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: basically those involving diversity of citizenship, or a federal question, or to which the U.S. is a party.  *Id*.  If the court decides that Plaintiffs are not a party at interest, they cannot assert diversity jurisdiction or a violation of their due process rights pursuant to the Federal Constitution.

Under Fed. R. Civ.P.17 an action must be prosecuted in the name of the real party in interest.  "As a general rule a person who is an attorney-in-fact or an agent solely for the purpose of bring suit is viewed as a nominal rather than a real party in interest and will be required to litigate in the name of his principal rather than in his own name." 6A

CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURES §1553 (2d ed. 1990).  Due to their agency relationship, Plaintiffs can only properly bring this action against Defendants as an agent for the actual beneficiary.

**D**. **Plaintiffs fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).**

The question presented by a motion to dismiss is not whether a plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) overruled on other grounds by *Davis v. Scheuer*, 468 U.S. 183 (1984).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions….  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).  The Court must accept all factual allegations in the complaint as true, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (U.S. 2009). Here Plaintiffs present a legal conclusion couched as fact that because they are named as "beneficiary" on Defendants' Deed of Trust that they are therefore real beneficiary with all the accompanying rights as a party in interest, but this is an unwarranted legal conclusion, not a fact.

*Black's Law Dictionary* defines "mortgagee" as "[o]ne to whom property is mortgaged; the mortgage creditor, or lender." *Black's Law Dictionary* (9th ed. 2009). Plaintiffs state no facts to show that they are a creditor or a lender.  Plaintiffs did not fund Defendants' loan nor purchase it from a prior beneficiary.  Defendants never made their mortgage payments to Plaintiffs and Plaintiffs claim no right to collect payments or to reap the results of a foreclosure sale.  If Plaintiffs were to declare bankruptcy, no creditor could claim Defendants' property because it was an asset of Plaintiff MERS.  Plaintiffs' claim of ownership, and of the rights of a beneficiary with status as a party in interest, is strictly a fiction.

A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. Cal.1990).  Here the Plaintiffs' contention of status as a party at interest is a legal conclusion couched as a factual allegation and without legal justification.

//

//

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

# V. CONCLUSION

It is understandable that Plaintiffs seek the Court's precedent in this case to leapfrog over existing case law to declare MERS a party in interest.  Because the MERS system involves voluntary self-reporting with no formalities and no accountability for inaccuracy it is likely that Plaintiffs cannot claim with surety the principal of Defendants' loan.  It is also likely that Defendants' Promissory NOTE was one of the millions that COUNTRYWIDE did not transfer to a REMIC in 2005 when Defendants' loan was originated and that no party has actual possession of Defendants' original promissory Note.[20]  If Plaintiff is successful in claiming a new right to sue as a party at interest the troubling conflict-of-interest issues surrounding MERS's status and the unreliability of their computer registry to provide proof of ownership and clear title will disappear and the REMIC trust that is currently collecting on Defendants' loan will never have to show up to prove they have proper title or standing to sue Defendants.

The crack in the system that Defendants' Quiet Title action pushed its way through is Plaintiff MERS' own creation as is the country-wide crisis of clouded title.  The residential mortgage market depends on clarity of mortgage title and clouded mortgage title poses a risk to our entire economy.  If the seller of a mortgage is not the real party in interest, millions of new home buyers might as well be buying the Brooklyn Bridge.

---

[20] "BofA Mortgage Morass Deepens After Employee Says Notes Not Sent" by Prashant Gopal & Jody Shenn November 29, 2010. *Available at*: http://www.bloomberg.com/news/2010-11-30/bofa-mortgage-morass-deepens-after-employee-says-trustee-didn-t-get-notes.html.

Plaintiff MERS claims a violation of due process rights by their complaint so as to improperly shift the burden of proof of standing away from themselves, so as to enjoy the same lack of scrutiny they enjoy as foreclosing parties in California.  Plaintiff does this to mount a case against borrowers (Defendants) that have never missed a mortgage payment and were only seeking a loan modification.  By seeking to establish that Defendants' Deed of Trust gives Plaintiffs the rights of the actual beneficiary for purposes of initiating a federal court action against Defendants, Plaintiffs seek to exert a power over these borrowers that is extreme and unjustified.  It is Plaintiffs that are denying the Due Process rights of Defendants.

Defendants were repeatedly victimized by their servicer BOA when they sought to have their loan modified by having their payments diverted and their credit rating lowered. They filed their Quiet Title action in state court while they continued to pay their mortgage, not because they wanted a free house, but because they wanted some leverage over BOA to get their loan modified to a fixed interest rate.  During that action and to this day Plaintiffs have continued to make their loan payments, and have never defaulted.

Based on a contradictory naming convention in Defendants' Deed of Trust, and a status which rests purely on a Power of Sale clause applicable only to foreclosure and is itself questionable, Plaintiffs now seek to claim beneficiary status and sue Defendants for damages.   A repair system needs to put in place to fix the MERS "situation" going

forward, but even though it one of those "too big to fail problems," giving additional

power to Plaintiff is not the solution.  Plaintiff MERS is simply not a beneficiary with

standing to sue as a party in interest in this court.


                                        Respectfully submitted,


Dated:   December 5, 2013                 ADVOCATE LEGAL

                                          By:  /s/  Susan M. Murphy                    .
                                               Susan M. Murphy
                                          Attorney for Plaintiffs
                                          DANIEL and DARLA ROBINSON

---

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**