Susan M. Murphy (SBN: 185335)
susan@advocatelegal.org
ADVOCATE LEGAL
5455 Wilshire Boulevard, Suite 2119
Los Angeles, California 90036
Telephone:  (323) 692-7499
Facsimile:   (800) 878-7336

Attorney for Defendants
DANIEL W. ROBINSON
DARLA J. ROBINSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- WESTERN DISTRICT

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and MERSCORP HOLDINGS, INC.,<br><br>            Plaintiffs,<br><br>v.<br><br>DANIEL W. ROBINSON and DARLA J. ROBINSON,<br><br>            Defendants. | CASE NO.: CV13-07142-PSG (ASx)<br><br>DEFENDANTS DANIEL W. ROBINSON AND DARLA J. ROBINSON'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT.<br><br>Date Filed:        September 26, 2013<br>Judge:             Hon. Philip S. Gutierrez<br>Courtroom:       880<br><br>Hearing Date:   January 27, 2014<br>Hearing Time:  1:30 p.m.<br><br>Edward Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, California  90012<br><br>Previously stated (erroneously) as<br>312 North Spring Street<br>Los Angeles, California 90012 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendants' MOTION TO DISMISS presents a factual challenge to jurisdiction based on Plaintiffs MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and parent company MERSCORP HOLDINGS, INC. (collectively "MERS") lack of standing to sue as a Party In Interest with due process rights.  The allegation that Defendants did not notice Plaintiffs of their state court action, or Lis Pendens, is not at issue.  At issue is whether the facts pled on the face of Plaintiffs' complaint, along with the exhibits presented in opposition by Plaintiffs, are sufficient to establish standing as a Party in Interest with a right to initiate a federal court case as an injured party under Article III §2 of the U.S. Constitution.

## II.  ARGUMENT

### A. Plaintiffs are not a Real Party in Interest

Plaintiffs assert jurisdiction under Article III §2 of the U.S. Constitution which states that federal judicial power shall extend to "all cases, in law and equity" that arise under the U.S. Constitution or laws that are "between citizens of different states." (Comp. ¶2).  Federal rules also require that an action must be prosecuted in the name of the Real Party in Interest, that is one with standing. USCS Fed Rules Civ. Proc. R 17. Plaintiffs do not claim that they are an executor, an administrator, a guardian, a trustee of an express trust, a party with whom a contract has been made for another's benefit, or a

party authorized by statue, but rather that they are the "record beneficiary of the Deed of Trust" at the time Defendants' state court action was filed. USCS Fed Rules Civ. Proc. R 17(a)(1); (Comp. ¶33, Ex.4).

As Plaintiffs point out, Constitutional standing has three elements – the first of which is an "injury in fact," which is described as: "an invasion of a legally protected interest which is (a) concrete, and (b) particularized and is actual or imminent, not conjectural or hypothetical," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (U.S. 1992); "The injury to Plaintiff must be concrete in both a qualitative and a temporal sense, distinct and palpable," *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S. Ct. 1717, 109 L. Ed. 2d 135, 58 U.S.L.W. 3677, 58 U.S.L.W. 4495 (U.S. 1990); "Plaintiffs' ability to "protect" the note-holder with whom they have "a contractual obligation" is not a right protected by the U.S. Constitution," (Comp. ¶41); "Customer good will" and the viability of "plaintiffs' overall business model" are unquantifiable damages that are neither concrete nor palpable and are not legally protected interests, *Id.* (Comp. ¶42).

On the face of their complaint, Plaintiffs assert that MERS has no beneficial interest in the promissory NOTE. (Comp. ¶42).  Plaintiffs' factual allegations are that MERS is a business which serves as "holder of the beneficiary or mortgagee (i.e., security) interest under a deed of trust or mortgage for the benefit of the current note owners(s)." (Id). Plaintiffs' business model includes "receiving legal notices of

foreclosures, tax sales or other proceedings impacting the note owner's equitable interests in the mortgaged property. (Id)  By Plaintiffs' own factual allegations, the right to be provided NOTICE of Defendants' state court action springs from their business relationship with the beneficiary, which is that of an agent. (Id)

MERS' statutory power to foreclose comes from their status as an agent of the beneficiary and does not rest on their being "beneficiary of record." *Gomes v. Countrywide Home Loans, Inc*., 192 Cal. App. 4th 1149, 1156, 121 Cal. Rptr. 3d 819 (Cal. App. 4th Dist. 2011).  The Court has held that "MERS may exercise the rights and obligations of a beneficiary of the Deed of Trust, but it will exercise those rights and obligations only as an agent for the lender, not for its own interests." *Fontenot v. Wells Fargo Bank, N.A*., 198 Cal. App. 4th 256, 273, 129 Cal. Rptr. 3d 467 (Cal. App. 1st Dist. 2011).  California courts that have upheld MERS' right to foreclose in the name of a(n) unnamed beneficiary based on MERS' status as a nominee, without addressing the issue of whether MERS has a due process right. *Gomes,* supra at 1156; *Fontenot,* supra at 273. No California court has addressed Plaintiffs' right to sue as a Party In Interest, and Plaintiffs provide no case-law from any state or federal (civil or bankruptcy) court where MERS has been granted standing as a Party In Interest with Constitutional rights of Due Process.

The Due Process rights that Plaintiffs claim are the rights of the principal and do not exist distinct from that principle.  To illustrate, consider whether Plaintiffs would

have had an independent right of any kind to protect if Defendants had served the actual beneficiary with notice of the state court action.  The real Party in Interest having been served, the agent, MERS, would have constructive notice and no independent right.

**B. Defendants bring a factual challenge to Plaintiffs' Claim of Jurisdiction.**

Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing jurisdiction rests upon the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391, 62 U.S.L.W. 4313, 29 Fed. R. Serv. 3d (Callaghan) 1, 94 Cal. Daily Op. Service 3453, 94 Daily Journal DAR 6508, 8 Fla. L. Weekly Fed. S 93 (U.S. 1994).  Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants challenge the allegations on the face of the complaint which do not provide a factual basis for the court's subject matter jurisdiction because Defendants are not a Real Party In Interest. *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.,* 813 F.2d 1553, 1558-59, 1987 U.S. App. LEXIS 4608, 7 Fed. R. Serv. 3d (Callaghan) 1176, 1988 AMC 45 (9th Cir. Cal. 1987); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1363, at 456-57 (1990).  This challenge to Plaintiffs' factual allegation of jurisdiction makes all facts underlying the controverted jurisdictional allegation in dispute and subject to fact-finding by the district court. *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325, 1990 U.S. App. LEXIS 21979, 91-1 U.S. Tax Cas. (CCH) P50,009, 67 A.F.T.R.2d (RIA) 388 (6th Cir. Ohio 1990).

.

The factual allegations in Plaintiffs' complaint that purport to warrant jurisdiction by this court are that MERS was "the record beneficiary" of the Deed of Trust at the time Defendants' state court action was filed. (Comp. ¶33). Plaintiffs claim that Defendants' state court action is subject to "MERS's Deed of Trust interests." (Comp. ¶39). Plaintiffs claim a property interest in the real property at issue that they were deprived of by Defendants' state court action. (Comp. ¶s 48-49).

When standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable. *Flast v. Cohen*, 392 U.S. 83, 88, 88 S. Ct. 1942, 20 L. Ed. 2d 947, 1968 U.S. LEXIS 1347 (U.S. 1968). As an aspect of justiciability, the standing question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf. *Baker v. Carr*, 369 U.S. 186, 204, 82 S. Ct. 691, 7 L. Ed. 2d 663, 1962 U.S. LEXIS 1567 (U.S. 1962). An 'injury in fact' must be more than just an injury to a cognizable interest, it must be an injury to the party seeking review. *Lujan* supra at 563. It is a legal leap to assert that the same agency interests that entitled MERS to notice of the quiet title action also establish it's standing to bring this claim for actual injury. (Comp.¶42).

Article III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others

collaterally. *Warth v. Seldin*, 422 U.S. 490, 498-499, 95 S. Ct. 2197, 45 L. Ed. 2d 343, 1975 U.S. LEXIS 76 (U.S. 1975).  The party seeking review must himself have suffered an injury." *Sierra Club* v. *Morton*, 405 U.S. 727, 738, 92 S. Ct. 1361, 31 L. Ed. 2d 636, 1972 U.S. LEXIS 118, 3 ERC (BNA) 2039, 2 ELR 20192 (U.S. 1972).  A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered "some threatened or actual injury resulting from the putatively illegal action…." *Linda R. S. v. Richard D.*, 410 U.S. 614, 617, 93 S. Ct. 1146, 35 L. Ed. 2d 536, 1973 U.S. LEXIS 99 (U.S. 1973).

Even when the plaintiff has alleged harm sufficient to meet "the case or controversy" requirement, the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties. *Warth v. Seldin,* supra *at 501*.  Plaintiffs do not claim that they have lost anything, that they are owed anything, or that they are damaged, except for their "customer good will" and the viability of their "business model," which is that of agent to the beneficiary to receive notice and notify the actual beneficiary, and these are unquantifiable damages that are neither concrete nor palpable and are not legally protected interests. *Whitmore,* supra at 155; (Comp. ¶s 41-42).  The allegation on the face of Plaintiffs' complaint that the legal status of "beneficiary of record" that MERS operates under to avoid recording transfers and to conduct foreclosures also confers subject matter jurisdiction, is factually

inaccurate and not controlling. *KVOS, Inc. v. Associated Press,* 299 U.S. 269, 277, 57 S. Ct. 197, 81 L. Ed. 183, 1936 U.S. LEXIS 995 (U.S. 1936).

When MERS forecloses as "beneficiary," it is acting as the agent for a principal, and California does not require the agent of a beneficial owner to demonstrate authority before proceeding with foreclosure.  CCC§ 2924-2924k; *Gomes* supra at 1154-1156.  By signing a Deed of Trust where MERS is so named "beneficiary," under California law Defendants agreed that MERS could proceed with foreclosure and non-judicial sale in the event of default. *Fontenot,* supra at 258.  In the instant case, Plaintiffs go beyond these statutory rights.

As herein detailed, Defendants challenge the factual basis for the court's jurisdiction because Plaintiffs have not made out a "case or controversy" between themselves and Defendant within the meaning of Art. III. As herein detailed, neither Plaintiff is a Party In Interest with standing that has suffered any tangible injury.  When it cannot fairly be said that jurisdiction appears on the face of the complaint, the suit should be dismissed by the court sua sponte or upon the defendant's motion. *KVOS,* supra at 277.  Plaintiffs' claim of jurisdiction is thereby challenged and the allegations of the complaint are not controlling. *Trentacosta*, supra at 1559.

**C. Plaintiffs' evidence does not meet the burden of proving jurisdiction.**

Faced with a factual attack on subject matter jurisdiction, "the trial court may proceed as it never could under Rule 12(b)(6) or Fed.R.Civ.P.56. *Thornhill Pub.Co. v.*

*General Tel. & Electronics Corp.,* 594 F.2d 730, 733, 1979 U.S. App. LEXIS 17101, 1979-1 Trade Cas. (CCH) P62,528 (9th Cir. Wash. 1979).  No presumptive truthfulness attaches to Plaintiffs' allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.* Moreover, Plaintiffs will have the burden of proof that jurisdiction does in fact exist. "*Id* citing *Mortenson v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891-892, 1977 U.S. App. LEXIS 10429, 1977-1 Trade Cas. (CCH) P61,259, 22 Fed. R. Serv. 2d (Callaghan) 1089 (3d Cir. N . J. 1977).

 The additional exhibits submitted by Plaintiffs to present evidence outside the pleading that support their opposition to Defendants' motion do nothing to establish MERS's status as a party in interest to sue in their own right because of an "injury in fact." *Warth*, supra at 499.  Exhibit 1 is a ruling on a Summary Judgment Motion where MERS was suing as "Nominee for JP MORGAN CHASE BANK, as Trustee, and as Nominee for LASALLE BANK NATIONAL ASSOCIATION, as Trustee" and not as a Party In Interest. (Opp. Ex.1).  Exhibit 2 is a state court reversal of a Summary Judgment Motion pursuant to Iowa Tax Code §447.9, which held that MERS was entitled to notice as a "mortgagee" and "a person having an interest of record," but which is not controlling or relevant since it was a state court decision interpreting a right granted by Iowa statute. (Opp. Ex.2, P.9).  Exhibit 3 is a federal court case where a Defendant filed a motion to dismiss because MERS was not joined as a party, despite being named as a

beneficiary on the deed of trust, where the Plaintiff replied with a request to add MERS as a party; the request was granted and the Motion to Dismiss denied. (Opp. Ex. 3). Exhibit 3 is also irrelevant because it addressed MERS' right to be joined as a party where it appeared as "beneficiary" on a Deed of Trust and not MERS' constitutional right as a Party in Interest. (Id)  Plaintiffs provide no case-law where MERS has been granted standing as a Party In Interest with Constitutional rights of due process because there are none.

## III.    <u>CONCLUSION</u>

Plaintiffs' attempt to portray Defendants as schemers misrepresents the multiple hardships Defendants experienced at the hands of United Pacific Mortgage ("United Pacific"), Countrywide Home Loans ("Countrywide") and Bank of America, N.A. ("Bank of America") while dutifully making every mortgage payment on their loan for the last nine (9) years.  United Pacific tricked Defendants into putting down an equity deposit of three-hundred-eighty-five thousand dollars ($385,000) for a negative amortization loan. Countrywide insisted that Defendants miss two (2) payments at the start of their loan modification and then reported them as late to the credit bureaus, throwing their entire work lives into havoc.  Bank of America mistakenly added taxes and insurance to Defendants' balance, reported Defendants to the credit bureaus, and wouldn't fix the problem until they received letters from a state senator – and they did this three (3) times so that these credit issues took two (2) years to resolve!

Defendants' desperation does not equate to Defendants perpetrating "a scheme" whereby they are seeking a "free house" after "paying on their mortgage for a few years." (Opp. P.1, L.5-6).  Defendants have been calling 800 numbers and spending hours, days and weeks of their life on hold for the last four-and-a-half years.  As citizens, they deserve to face the actual Party In Interest in court.

The res judicata effect of a 12(b)(1) motion is limited to the jurisdictional issue and does not prohibit the actual Party In Interest from suing on the same facts and allegations. *Ohio Nat'l Life Ins. Co.,* supra at 325.  Plaintiffs may refile their suit as the nominee of the actual beneficiary, or the beneficiary themselves may sue.  This is a sufficient protection of MERS' business model and their relationship with their clients.

Dated:          January 13, 2014          Respectfully submitted,

ADVOCATE LEGAL


By: /s/  Susan M. Murphy                       .
     Susan M. Murphy
     Attorney for Defendants
     DANIEL and DARLA ROBINSON