UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-7142 PSG (ASx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | *Mortgage Electronic Registration Systems v. Robinson, et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| | Wendy Hernandez | Not Reported |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| | Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING the Motion to Dismiss

Pending before the Court is Defendants Daniel Robinson and Darla Robinson's (collectively, "Defendants") motion to dismiss Plaintiffs Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings, Inc.'s (collectively, "Plaintiffs") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* **Dkt. # 11.** After considering the supporting and opposing papers, along with the arguments presented at hearing on January 27, 2014, the Court GRANTS the motion.

I.   Background

This case involves a piece of real property located at 19127 Romar Street, Northridge, CA 91324 ("Property") that Defendants acquired by means of a grant deed from the prior owners of the Property. *See Compl.* ¶¶ 8, 27. In order to fund their purchase of the Property, Defendants obtained a loan in the amount of $999,950. *Id.* ¶ 28. The loan was secured against the Property by a deed of trust ("Deed of Trust") recorded in the Official Records of the Recorder's Office of Los Angeles County as instrument number 05-0342544. *Id.*

The Deed of Trust provides that United Pacific Mortgage owns the beneficial interest in the loan as the "Lender" and is therefore entitled to repayment of the loan. *See Compl.*, Ex 1-17, 18. The Deed also provides that Mortgage Electronic Registration Systems ("MERS") is "a separate corporation that is acting solely as a nominee for Lender [United Pacific Mortgage] and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | *Mortgage Electronic Registration Systems v. Robinson, et al.* | | |

Lender's successors and assigns."[1]  *Id.*  Although the Deed of Trust states that MERS is "solely" the nominee for United Pacific Mortgage and that Union Pacific Mortgage is the "Lender," the Deed of Trust also mentions that "MERS is the beneficiary under this Security Instrument."  *Id.*

On January 11, 2012, Defendants filed a civil action in the Los Angeles County Superior Court to quiet title to the Property and expunge the Deed of Trust.  *See Compl.* ¶ 30.  Defendants named United Pacific Mortgage – the original Lender under the Deed of Trust, as a defendant in the quiet title action; however, Defendants did not name MERS – the nominee of United Pacific Mortgage, as a party or provide any notice of the lawsuit to MERS.  *Id.* ¶ 33.  Because United Pacific Mortgage did not appear in the action, Defendants secured a default judgment, thereby expunging the Deed of Trust on the Property.  *Id.* ¶ 35, Ex. 4.  On April 25, 2013, Defendants recorded the judgment expunging the Deed of Trust on the Property in the Official Records of the Recorder's Office of Los Angeles County as instrument number 20130621913.  *Id.*

In response to Defendants' quiet title action, MERS and MERSCORP Holdings, Inc. (collectively, "Plaintiffs") filed the instant action, raising four claims for relief.  *See* Dkt. # 1.  Plaintiffs first claim that the judgment in the quiet title action should be set aside as void because Defendants failed to notify Plaintiffs of that action and thereby violated the notice requirements of Section 762.010 of the California Civil Code.  *See Compl.* ¶ 31.  Second, Plaintiffs seek declaratory relief, namely for a judgment that the quiet title action violated the Due Process Clause of the United States Constitution.  *See id.* ¶¶ 44-51.  Third, Plaintiffs bring a claim for cancellation of instruments regarding Defendants' notice of lis pendens recorded on May 16, 2012, and the quiet title judgment expunging the Deed of Trust recorded on April 25, 2013.  *See id.* ¶¶ 52-57.  Finally, Plaintiffs claim that Defendants slandered the Property's title.  *See id.* ¶¶ 58-61.

Defendants now move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Dkt. # 11.

II.     Legal Standard

    A.     Motion to Dismiss for Failure to State a Claim

---

[1] In the context of a nominee on a deed of trust, this implies that the nominee is granted authority as an agent to act on behalf of the Lender as to administration of the deed of trust.  *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270 (2011) ("A 'nominee' is a person or entity designated to act for another in a limited role—in effect, an agent.") (citing *Born v. Koop*, 200 Cal. App. 2d 519, 528 (1962)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | *Mortgage Electronic Registration Systems v. Robinson, et al.* | | |

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim for relief. *See id.*

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 679. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, (1993). Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. Despite the liberal pleading standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.* at 678-79.

III.  Discussion

Plaintiffs' Complaint raises four separate claims for relief. However, Plaintiffs' first claim for relief – to set aside Defendants' judgment in the prior quiet title action – is the *sin qua non* for all of Plaintiffs' claims. Indeed, Plaintiffs' remaining three claims largely rely on this claim. The Court therefore begins its analysis with Plaintiffs' first claim to set aside Defendants' purportedly void judgment in the quiet title action. *See* Compl. ¶¶ 26-43. The Court then considers Plaintiffs remaining state law claims, *to wit*, Plaintiffs' slander of title claim and cancellation of void instruments claim. *See id.* ¶¶ 52-61. The Court concludes with Plaintiffs' claim for declaratory relief. *See id.* ¶¶ 44-51.

    A.    <u>Plaintiffs Fail to State a Claim under Cal. Code Civ. Proc. § 762.010</u>

The gravamen of the parties' dispute raises a single, all-important question: Were Plaintiffs entitled to notice of Defendants' quiet title action before Defendants brought that action in California state court? Defendants unsurprisingly answer this question in the negative,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | *Mortgage Electronic Registration Systems v. Robinson, et al.* | | |

reasoning that Plaintiffs were not entitled to notice of the quiet title action because Plaintiffs are merely the nominee or agent of the Lender under the Deed of Trust and therefore have no independent interest in the Property. *See Mot.* 14:19-26; *see also Mot.* 18:19-12 ("Plaintiffs' claim of ownership, and of the rights of a beneficiary with status as a party in interest, is strictly a fiction."). Plaintiffs, on the other hand, answer in the affirmative, declaring that as the identified "beneficiary of record" under the Deed of Trust, they have an interest in the Property sufficient to entitle them to notice of Defendants' quiet title action. *See Opp.* 2:14-16 ("As the plainly identified beneficiary of record under a deed of trust, MERS claimed an interest that entitled it to so notice."). For the reasons explained *infra*, the Court must side with Defendants. Plaintiffs were not entitled to notice of the quiet title action.

The California Code of Civil Procedure governing quiet title actions mandates that a "plaintiff shall name as defendants in the action the persons having adverse claims to the title of the [property] against which a determination is sought." *See* Cal. Code Civ. Proc. § 762.010 (2014); *accord Walters v. Fid. Mortg. of Cal., Inc.*, 730 F. Supp. 2d 1185, 1197 (E.D. Cal. 2010). Plaintiffs contend that Defendants violated section 762.010 by failing to name Plaintiffs as defendants in the prior quiet title action. *See Compl.* ¶¶ 31, 44, 55, 58; *see also Opp.* 8:14-16 ("California law required notice of the quiet title action to MERS."). In making this argument, Plaintiffs make much ado over the plain language of section 762.010. *See Opp.* 9:8-24. In particular, Plaintiffs argue at the very outset of their Opposition that "Defendants fail to address the clear language of the California Code or explain why it did not require notice to MERS." *See Opp.* 9:8-15.

Upon review of Plaintiffs' Complaint and its Opposition, however, it appears that Plaintiffs, rather than Defendants, misapprehend the plain language of Section 762.010 of the California Code. As mentioned, section 762.010 requires that a plaintiff in a quiet title action "name as defendants in the action the persons having adverse claims to the *title* of the [property] against which a determination is sought." *See* Cal. Code Civ. Proc. § 762.010 (2014) (emphasis added). Yet, notwithstanding section 762.010's express use of the term "title," rather than the term "interest," Plaintiffs argue that Defendants were required to give them notice under section 762.010 because they have an *interest* in the Property. *See Opp.* 9:12:15 ("MERS had a 'claim' to an *interest* in the secured property and was entitled to notice of the proceeding for that reason alone.") (emphasis added); *see also Compl.* ¶ 41 ("The [P]laintiffs were damaged in that they lost the right to protect MERS's security *interest* in the Property[.]") (emphasis added).

While Plaintiffs seem to have no problem conflating the term "interest" with the term "title," the Court refuses to follow suit. These are two very different words with very different meanings. The Supreme Court of California explained as much over 70 years ago, proclaiming:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | *Mortgage Electronic Registration Systems v. Robinson, et al.* | | |

"[T]he word 'interest' is broader and more comprehensive than the word 'title,' and its definition in a narrowed sense by lexicographers as any right in the nature of property *less than title* indicates that the terms are not considered synonymous." *See Estate of Baldwin*, 21 Cal. 2d 586, 591 (1943) (citing Anderson's Law Dictionary at 562; Ballentine's Law Dictionary at 671) (emphasis in original); s*ee also Hocking v. Title Ins. & Trust Co.*, 37 Cal. 2d 644, 648 (1951) ("A common meaning [of the word 'title'] is complete ownership, in the sense of all the rights, privileges, powers and immunities an owner may have with respect to land.").

The difference between these two words is made even clearer by way of example. Whereas a person may hold an "interest" in a piece of property vis-à-vis an easement, or any other type of non-freehold estate, such an interest in land does not necessarily mean that the person has a claim to the full "title" of the Property. *See City of Manhattan Beach v. Superior Court*, 13 Cal. 4th 232, 244 (1996) ("By definition an easement is necessarily an interest in the land of another."); *see also Pacific Southwest Realty Co. v. County of Los Angeles*, 1 Cal. 4th 155, 163 (1991) ("Notwithstanding the fact that a lease is a present possessory interest in land, there is no question that as a nonfreehold estate it is a different species of interest from a freehold estate in fee simple."). To be even more extreme, consider a person who holds a permit to graze livestock on certain parcels of land. While the permit holder surely has an "interest" in those parcels of land vis-à-vis the grazing permit, that person does not have a claim to the title of those parcels of land. *See Hubbard v. Brown*, 50 Cal. 3d 189, 192 (1990).

The same applies here. Although Plaintiffs generally assert that they have a claim to an "interest" in the Property, this does not mean that Plaintiffs have an adverse claim to the title of the Property. In other words, Plaintiffs' overbroad averments of their "interest" in the Property do not cohere with section 762.010's express requirement that notice be given to all persons having adverse claims to the *title* of the Property. *See Opp.* 9:11-14 ("As the plainly disclosed record beneficiary at the time of the quiet title action, MERS had a 'claim' to an interest in the secured property and was entitled to notice of the proceedings for that reason alone."); *see also Compl.* ¶ 41 ("As a result of the [quiet title action] plaintiffs were damaged in that they lost the right to protect MERS's security interest in the Property."). In fact, if a general "interest" in the Property were good enough to satisfy the notice requirement of section 762.010, the statute would have, and ultimately should have, made that clear. *Cf. Imperial Merchant Services, Inc. v. Hunt*, 47 Cal. 4th 381, 389 (2009) (applying doctrine of *expressio unius est exclusio alterius*). As such, because neither Plaintiffs' pleadings, nor even its Opposition, cogently state that Plaintiffs had an adverse claim to the title of the Property at the time of the quiet title action, Plaintiffs fail to adequately plead that they were entitled to notice of that action under Section 762.010 of the California Civil Code. For this reason, and this reason alone, Plaintiffs first claim for relief must be dismissed for failure to state a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | *Mortgage Electronic Registration Systems v. Robinson, et al.* | | |

    But that's not all. The flaw in Plaintiffs' pleadings runs deeper still. Even if Plaintiffs generally stated that they had adverse claims to the title of the Property, as a plaintiff must do under section 762.010, this would not save the Complaint from dismissal. Nothing in the Complaint indicates that *Plaintiffs* actually hold any such rights. *See generally Compl.* Rather, as the Deed of Trust elucidates, MERS is anything but the party in interest: "MERS is a *separate* corporation that is acting *solely as a nominee* for the Lender and Lender's successors and assigns." *See Compl.*, Ex. 1-17. As the nominee for the Lender, Plaintiffs are charged with the responsibility of administering the Deed of Trust on the Lender's behalf. *See Weingartner v. Chase Home Finance*, 702 F. Supp. 2d 1276, 1279 (D. Nev. 2010) ("In the context of a nominee on a deed of trust, this implies that the nominee is granted authority as an agent to act on behalf of the nominator (holder of the promissory note) as to administration of the deed of trust."). This certainly does not mean that Plaintiffs can automatically assert claims to the title of the Property on their own behalf. *Cf. Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) ("The legality of MERS's role as a beneficiary may be at issue where MERS initiates foreclosure in its own name."); *Mortgage Elec. Registration Sys. v. Saunders*, 2 A.3d 289, 294-97 (Me. 2010) (concluding that MERS cannot foreclose because it does not have an independent interest in the loan as it functions solely as nominee); *Landmark Nat'l Bank v. Kesler*, 216 P.3d 158, 165-69 (Kan. 2009).

    As a result, both Plaintiffs Complaint and Opposition fail to sufficiently state that they, rather than the Lender, hold a claim to the title of the Property under Section 762.010 of the California Civil Code. The fact that Defendants may initiate foreclosure proceedings or assign their interests to other entities does not change the Court's conclusion, *see Opp.* 10:1-12:17, as those interests in the Property are hardly tantamount to an adverse claim to title. *Cf. Herrera v. Federal Nat. Mortgage Assn.*, 205 Cal. App. 4th 1495, 1506 (2012); *Fontenot*, 198 Cal. App. 4th at 272; *Hollins v. ReconTrust, N.A.*, No. CV 11-945 PSG (PLAx), 2011 WL 1743291, at *3 (C.D. Cal. May 6, 2011) (findings that MERS has the right to assign its interest).

    Finally, while Plaintiffs place much weight on their purported role as the "record beneficiary" of the Deed of Trust in order to assert an interest in the title of the Property, this is nothing but obfuscation.[2] Although the Deed of Trust formalistically and rather unusually

---

[2] A beneficiary to a deed of trust refers to a person or entity owning a security interest in real property. *See Estate of Dodge*, 6 Cal. 3d 311, 319 (1971) ("[A]ttorneys as well as laymen commonly describe the beneficiary of a trust deed as 'owning' a lien upon, or security interest in, real property.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | *Mortgage Electronic Registration Systems v. Robinson, et al.* | | |

suggests that Plaintiffs are not only the "nominee" of the Lender but the "beneficiary" of the Deed of Trust as well, the substance of the Deed of Trust shows that Plaintiffs are not in fact the actual beneficiary.

    First and foremost, the Deed of Trust expressly states that it "secures to the Lender . . . repayment of the Loan." *See Compl.*, Ex. 1-18 ("This Security Interest secures to *Lender: (i) the repayment of the Loan*, and all renewals, extensions, and modifications of the Note.") (emphasis added).  Given this language, the benefit of the Deed of Trust, *i.e.*, the security for performance of the obligation of the note, clearly flows to the Lender, not Plaintiffs.  *See James v. Recontrust Co.*, 845 F. Supp. 2d 1145, 1159 (D. Or. 2012).

    Second, the Deed of Trust provides that Plaintiffs are a "*separate* corporation that is acting *solely as nominee* for Lender and Lender's successors and assigns." *See Compl.*, Ex. 1-17 (emphasis added).  This provision further proves that Plaintiffs is only an agent of the true beneficiary and thus does not, in and of itself, reap the direct benefit of the Deed of Trust through a right to collect on the loan. *See James*, 845 F. Supp. 2d at 1159.  Instead, the benefit of collection belongs to the Lender, as the true beneficiary. *See, e.g.*, *Fontenot*, 198 Cal. App. 4th at 273 ("MERS may exercise the rights and obligations of a beneficiary . . . but it will exercise those rights and obligations only as an agent for the lender, not for its own interests.").

    Third, the Deed of Trust specifically names Union Pacific Mortgage as the Lender. *See Compl.*, Ex. 1-17.  Because the Lender is the initial note-holder under a deed of trust, Union Pacific Mortgage was therefore the initial *and* actual beneficiary under the Deed of Trust.  *See James*, 845 F. Supp. 2d at 1159; *see also Fontenot*, 198 Cal. App. 4th at 273.  Furthermore, while Plaintiffs nebulously allege that Union Pacific Mortgage has since transferred the note, Plaintiffs notably do not allege that the note was transferred to them.[3]  In fact, neither Plaintiffs' Complaint, nor their Opposition, even attempts to identify the current holder of the note.  *See generally Compl.*

    Fourth, the Court's conclusion as to Defendants' status as a nominee rather than a beneficiary is hardly an anomaly.  When confronted with essentially the exact same Deed of Trust as here, many courts similarly find that Plaintiffs' "sole" role as the nominee under the Deed of Trust vitiates their claim as actual beneficiary.  *E.g.*, *James*, 845 F. Supp. 2d at 1155-

---

[3] Plaintiffs admit as much in their Complaint, stating that "[a]s a result of the Robinson Action . . . the plaintiffs were damaged in that they lost the right to protect MERS's security interest in the Property and to protect the interests of the *note-owner(s)*, with whom MERS has a contractual obligation to perform certain duties." *See Compl.* ¶ 41 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | *Mortgage Electronic Registration Systems v. Robinson, et al.* | | |

169 ("Plaintiffs' trust deed designates [the lender], rather than MERS, as the true or actual beneficiary."); *Weingartner*, 702 F. Supp. 2d at 1280 ("It is correct that MERS is not a beneficiary [it] is the nominee of the beneficiary."); *Landmark Nat'l Bank*, 216 P.3d at 167 ("MERS is not an economic 'beneficiary' under the Deed of Trust. It is owed and will collect no money from Debtors under the Note, nor will it realize the value of the Property through foreclosure of the Deed of Trust in the event the Note is not paid.") (internal citations omitted); *Mortgage Electronic Registration Systems, Inc.*, 2 A.3d at 294-97. The words of the United States District Court for the District of Nevada ring particularly true in the ears of this Court:

> Another source of confusion is the fact that entities such as MERS are often not only named as a nominee, but as a "beneficiary" on deeds of trust. This unorthodox usage of the word "beneficiary" causes all manner of havoc . . . Often, the true beneficiary (the lender/nominator) will obfuscate this distinction on the deed of trust by referring to MERS as the "beneficiary of record." This is a fiction. MERS is not a beneficiary in any ordinary sense of the word. Calling MERS a beneficiary is what causes much of the confusion. To a large extent, defendants in these actions have brought this mass of litigation upon themselves by this confusing, unorthodox, and usually unnecessary word "beneficiary" to describe MERS' role . . . Calling MERS a beneficiary is both incorrect and unnecessary.

*Weingartner*, 702 F. Supp. 2d at 1280.

Although Plaintiffs cite to this Court's decision in *Hollins* to support their claim as record beneficiary, *Hollins* is readily distinguishable from the instant case. *See Hollins v. ReconTrust, N.A.*, No. CV 11–945 PSG (PLAx), 2011 WL 1743291, at *2-4 (C.D. Cal. 2011); *see also Opp.* 12:1-6. In *Hollins*, plaintiff-homeowners did not challenge MERS's purported interest in the title of the property, like here. The plaintiffs challenged only MERS ability to assign its right to foreclose on behalf of the lender – the actual beneficiary under the Deed of Trust. *See id.* at *2-3. So while the Court ultimately recognized MERS's beneficial interest in its right to foreclose plaintiff's property on behalf of the lender, the Court cabined that interest to MERS's right to foreclose on the lender's behalf and nothing more. *See id.* at *3. The Court never reached the issue as to whether MERS's held a security interest in the *title* of the property as the true beneficiary under the deed of trust. *See id.* at *2-4. *Hollins* does not, therefore, cast doubt on the Court's current conclusion that Plaintiffs have no claim to title as record beneficiary.[4]

---

[4] Plaintiffs also cite to *Cervantes* to support their claim as record beneficiary. *See Opp.* 11:11-20; *see also Cervantes*, 656 F.3d at 1042. *Cervantes*, however, is just as inapposite as *Hollins*, for it, too, discusses MERS status as the "beneficiary" in the context of its right to assert

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | *Mortgage Electronic Registration Systems v. Robinson, et al.* | | |

Fifth and finally, the Court is troubled by the fact that Plaintiffs themselves seem to understand that they are nothing more than the nominee of the actual beneficiary. In Paragraph 47 of the Complaint, Plaintiffs acknowledge that the true beneficiary of a deed of trust is equivalent to the mortgagee – the entity that lends money to a borrower for the purpose of purchasing a piece of property. *See Compl.* ¶ 47 ("The beneficiary of a deed of trust (or mortgagee of a mortgage) has a substantial property interest . . . ."). Yet nowhere does Plaintiffs' Complaint allege that *they* funded Defendants' loan, or even that *they* purchased that loan from a prior beneficiary. *See generally Compl.* Indeed, Plaintiffs entirely fail to allege that Defendants ever made a single mortgage payment to them, rather than to the Lender. *See Weingartner*, 702 F. Supp. 2d at 1279-81.

In light of these five reasons, the Court cannot accept Plaintiffs' repeated, but ultimately formalistic assertion that they are the "record beneficiary of interest" under the Deed of Trust.[5] *See generally Opp.* Plaintiffs may call themselves the "record beneficiary of interest" as many times as they like, but this will not magically make them so. The substance, if not the form, of the Deed of Trust could not be clearer: Plaintiffs are the *nominee of the beneficiary*, and that's the end of the story. *See Compl.*, Ex-17 ("MERS is a separate corporation that is acting *solely as a nominee* for the Lender and Lender's successors and assigns.") (emphasis added); *see also Landmark Nat'l Bank*, 216 P.3d at 166 ("The relationship that MERS has to [the lender] is more akin to that of a straw man than to a party possessing all the rights given a buyer."). Accordingly, Plaintiffs have no claim to the title of the Property, and thus were not entitled to notice under Section 762.010 of the California Civil Code. *See* Cal. Code Civ. Proc. § 762.010 (2014) ("The plaintiff shall name as defendants in the action the persons having *adverse claims to the title* of the plaintiff against which a determination is sought.") (emphasis added). The Court therefore DISMISSES Plaintiffs' section 762.010 claim to set aside the judgment in the quiet title action WITH LEAVE TO AMEND.

    B.    <u>Plaintiffs Fail to State a Claim for Slander of Title</u>

---

foreclosure on behalf of the lender, rather than MERS's alleged independent right to the property's title as true beneficiary under a deed of trust. *See id.*

[5] To the extent Plaintiffs rely on *Bellistri* – an unpublished case from the Federal District Court for the Eastern District of Missouri, the Court finds the case unpersuasive. *See, e.g.*, *Opp.* 15:6-19 (citing *Mortgage Elec. Registration Sys., Inc. v. Bellistri*, No. 4:09-CV-731 CAS, 2010 WL 2720802, at *14 (E.D. Mo. July 1, 2010)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | *Mortgage Electronic Registration Systems v. Robinson, et al.* | | |

In addition to Plaintiffs' claim under Section 762.010 of the California Civil Code, Plaintiffs also assert a state law claim for slander of title. *See Compl.* ¶¶ 58-61. Slander of title has been described as publishing "without a privilege to do so . . . matter which is untrue and disparaging to another's property in land . . . under such circumstances as would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof might be determined thereby is liable for pecuniary loss resulting to the other from the impairment of vendibility thus caused." *Glass v. Gulf Oil Corp.*, 12 Cal. App. 3d 412, 418 (1970) (quoting Restatement (Second) of Torts § 642). The elements of slander of title are: (1) publication, (2) falsity, (3) absence of privilege, and (4) disparagement of another's land which is relied upon by a third party and which results in a pecuniary loss. *Storm v. America's Servicing Co.*, No. 09-cv-1206-IEG (JMA), 2009 U.S. Dist. LEXIS 103647, at *8 (S.D. Cal. Nov. 6, 2009) (citing *Appel v. Burman*, 159 Cal.App.3d 1209 (1984)).

Here, Plaintiffs rely on the purportedly void judgment in Defendants' prior quiet title action to demonstrate the elements of falsity and absence of privilege. *See Compl.* ¶¶ 59-60. However, because Plaintiffs have failed to plead the invalidity of the quiet title action, they necessarily fail to plead these elements of their slander of title claim as well. *See Zacharias v. JP Morgan Chase Bank, N.A.*, No. 12-06525 SC, 2013 U.S. Dist. LEXIS 20258, at *8-9 (N.D. Cal. Feb. 13, 2013). No more than this need be said. The Court thus DISMISSES Plaintiffs' slander of title claim WITH LEAVE TO AMEND.

C. Plaintiffs Fail to State a Claim for Cancellation of Instruments

Plaintiffs' remaining state law claim for cancellation of instruments requests that the Court cancel the purportedly void judgment in the quiet title action, along with the accompanying lis pendens. *See Compl.* ¶¶ 52-57. A request for the cancellation of an instrument is an equitable remedy that is dependent upon a substantive basis for liability. *See Reade v. CitiMortgage, Inc.*, No. 13-cv-404 L (WVG), 2013 U.S. Dist. LEXIS 160681, at *25-26 (S.D. Cal. Nov. 7, 2013). Such a request has no separate viability outside of the additional causes of action pleaded in the Complaint. *See, e.g., Bridgeman v. United States*, No. 2:10-cv-01457, 2011 U.S. Dist. LEXIS 6059, at *61-63 (E.D. Cal. Jan. 21, 2011); *Yazdanpanah v. Sacramento Valley Mortgage Group,* No. C09-02024, 2009 U.S. Dist. LEXIS 111557, at *17-19 (N.D. Cal. Dec. 1, 2009) (quoting *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000)). Because Plaintiffs here present no other viable state law claims for relief, they necessarily fail to assert a claim for cancellation of instruments as well. *See Reade*, 2013 U.S. Dist. LEXIS 160681, at *26. Accordingly, the Court DISMISSES the claim WITH LEAVE TO AMEND.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | *Mortgage Electronic Registration Systems v. Robinson, et al.* | | |

D.  Plaintiffs Fail to State a Claim for Declaratory Relief

Along with Plaintiffs' state law claims, Plaintiffs also requests declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2002. *See Compl.* ¶¶ 44-51. The Declaratory Judgment Act authorizes courts to "declare the rights and other legal relations of any interested party seeking such declaration" so long as the declaration is sought "in a case of actual controversy within the [c]ourt's jurisdiction." *See* 28 U.S.C. § 2201(a). When no real dispute exists between parties, the court must not grant a request for declaratory relief. *See Theme Promotions, Inc. v. News America Marketing FSI*, 546 F.3d 991, 1010 (9th Cir. 2008) ("A court may only grant a declaratory judgment when there is an actual controversy within its jurisdiction.").

Although Plaintiffs' Complaint and Opposition are rather cryptic as to this issue, Plaintiffs' request for declaratory relief relies at least in part on Plaintiffs' ostensible right to notice under Section 762.010 of the California Code. *See Opp.* 14:12-15:3 ("The mandatory provisions of the California Code give MERS a property right in receiving the notices described therein, and an arbitrary deprivation of that rights violates due process."). In light of the Court's dismissal of Plaintiffs' claim under section 762.010, however, there is no longer any actual controversy as to this issue. Thus, to the extent that Plaintiffs' claim for declaratory relief relies on section 762.010, there is no controversy, so there is no claim under the Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a); *see also Theme Promotions, Inc.*, 546 F.3d at 1010.

To the extent that Plaintiffs maintain additional grounds under the Due Process Clause to create an actual controversy as to their rights to the Property, the Court finds these arguments unavailing as well. The Due Process Clause provides any interested party with the fundamental right to notice of the pendency of an action regarding a protected property or liberty interest. *See Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 314 (1950). In the absence of a protected property or liberty interest, there can be no due process violation. *See id.*

Plaintiffs' Opposition principally contends that they were entitled to notice of the quiet title action under the Due Process Clause because they are the actual beneficiary under the Deed of Trust. *See Opp.* 13:24-14:10 (citing *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983) and *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 807 (1985)); *see also Compl.* ¶ 47 ("The beneficiary of a deed of trust (or mortgagee of a mortgage) has a substantial property interest and is entitled to notice . . . of any actions that may impair the security interest."). But, to be sure, Plaintiffs are not the true beneficiary under the Deed of Trust. As explained *supra*, they are merely the nominee of the actual beneficiary. *See Compl.*, Ex. 1-17 ("MERS is a separate corporation that is acting *solely as a nominee* for Lender and Lender's successors and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-7142 PSG (ASx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | *Mortgage Electronic Registration Systems v. Robinson, et al.* | | |

assigns."); *see also James*, 845 F. Supp. 2d at 1155-169 ("Plaintiffs' trust deed designates [the lender], rather than MERS, as the true or actual beneficiary."); *Weingartner*, 702 F. Supp. 2d at 1279-281 ("It is correct that MERS is not a beneficiary [it] is the nominee of the beneficiary."); *Landmark Nat'l Bank*, 216 P.3d at 167 ("MERS is not an economic 'beneficiary' under the Deed of Trust.").

Moreover, the Due Process Clause does not protect a claim to entitlement in property where the identity of the entitlement is vague or ambiguous, such as indirect monetary benefits. *See Castle Rock v. Gonzales*, 545 U.S. 748, 763 (2005); *see also Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Rather, to receive protection under the Due Process Clause, a property right must have a clear, ascertainable monetary value. *See Castle Rock*, 545 U.S. at 767 (denying plaintiff's due process claim because the claim did not have "some ascertainable monetary value" as "*Roth*-type property-as-entitlement cases . . . implicitly require[]"). Plaintiffs' pleadings fail this standard. Plaintiffs make no allegation that they lent money and received payments from Defendants pursuant to the Deed of Trust. *See generally Compl.* Plaintiffs proclaim only that they have lost the right to *protect* their dubious, if not nonexistent, security interest in the Property, and a loss of customer good will to boot. *See Compl.* ¶¶ 41-42. These are not the clear, ascertainable property rights that the Due Process Clause speaks of. *See Castle Rock*, 545 U.S. at 767 ("An indirect and incidental result of the Government's enforcement action . . . does not amount to a deprivation of any interest in life, liberty, or property.") (internal citations and quotations omitted). Plaintiffs have not, then, suffered any direct, ascertainable monetary loss that qualifies for protection under the Due Process Clause. *See, e.g.*, *Landmark Nat'l Bank*, 216 P.3d at 545. The Court thus DISMISSES Plaintiffs' claim for declaratory relief WITH LEAVE TO AMEND.

IV.     Conclusion

Thus, for the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss. If Plaintiffs wish to file an amended complaint, they must do so by **March 3, 2014**. Failure to file an amended complaint by this date will result in the dismissal with prejudice of the action.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | January 28, 2014 |
|---|---|---|---|
| Title | *Mortgage Electronic Registration Systems v. Robinson, et al.* | | |