UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22 (05/19 HRG OFF)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | May 9, 2014 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc. v. Robinson, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order DENYING Motion to Dismiss

     Pending before the Court is Defendants Daniel Robinson and Darla Robinson's (collectively, "Defendants") motion to dismiss Plaintiffs Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings, Inc.'s (collectively, "Plaintiffs") First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. # 22. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the supporting and opposing papers, the Court DENIES Defendants' motion to dismiss the FAC.

     The Local Rules and the Court's Standing Order require counsel to meet and confer at least seven days prior to filing a motion like the instant one. *See* L.R. 7-3; *Standing Order* ¶ 5(b). Local Rule 7-3 provides that:

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
>
> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

L.R. 7-3. Similarly, this Court's Standing Order states:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22 (05/19 HRG OFF)

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-7142 PSG (ASx) | Date | May 9, 2014 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc. v. Robinson, *et al.* | | |

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor or other nonsubstantive matters during the conference.

*Standing Order* ¶ 5(b).

Local Rule 7-3 is not a mere technicality. In many cases, it may be obvious to counsel that the parties will not be able to reach an agreement that would eliminate the need for a motion or a hearing. Yet the Court still requires counsel in that situation to meet and confer with opposing counsel pursuant to Rule 7-3. The Court imposes and enforces that requirement because it expects that by engaging in a meaningful discussion, the parties will be able to clarify the precise scope of their dispute, and bring only those disputed issues before the Court. Toward that end, the Court strongly encourages the parties to meet and confer in person, and at minimum through some form of real-time communication that allows for a meaningful discussion. *See* L-R 7-3; *see also Bohn v. Pharmavite, LLC*, No. CV 11-10430 GHK (AGRx), 2013 WL 4517173, at *1 (C.D. Cal. Feb. 5, 2013). The Court expects that the moving party will then use the required seven day period between the parties' conference and the filing of its motion to tailor its motion to the specific issues in dispute.

The Rule 7-3 process conserves limited judicial resources and allows the Court to focus its attention on material disputed issues. It increases the likelihood that the parties will thoroughly address each other's arguments and present the Court with the relevant facts and law. It also reduces (and hopefully eliminates) the risk that the Court will wade through briefs and an often voluminous record only to find that the parties have paid scant attention to a crucial issue.

Although some counsel seem to view Rule 7-3 as a trivial procedural hurdle—a speed bump delaying their motions, which they can disregard without any real consequence—it in fact benefits the parties. Rule 7-3 gives litigants an opportunity to identify and concentrate their arguments on the material issues in dispute, which in turn center the Court's attention. The parties thus limit the chance that they will spend significant time and energy briefing peripheral or undisputed issues. In addition, when the parties narrow or at least clarify the terms of their disagreement the Court is more able to promptly resolve the disputes before it.

Finally, in its own small way, Rule 7-3 serves the public interest too. It promotes the efficient and timely resolution of legal disputes, and reduces wasteful, unnecessary litigation. On a broader scale, it may also assist in the proper development of the law by encouraging

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22 (05/19 HRG OFF)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | May 9, 2014 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc. v. Robinson, *et al.* | | |

litigants to fully and thoroughly address important issues, as opposed to unimportant issues, and by giving the Court the benefit of that advocacy.

All of this is to say that Local Rule 7-3 serves a valuable purpose. As a result, the Court will not excuse non-compliance unless the moving party shows that it made a good faith effort to engage in a substantive and timely conference with opposing counsel, or otherwise shows good cause why the Court should not strictly enforce Rule 7-3.

Defendants here simply ignore Local Rule 7-3 and the Court's Standing Order. They do not state in their moving papers that they met and conferred with opposing counsel. *See* Dkt. # 22. Nor do they state that they made any good faith effort to do so. *Id.* And these omissions show, as the preponderance of Defendants' motion reviews irrelevant issues, or rehashes issues that should have been fleshed out before the filing of the motion. In light of Defendants' failure to comply with Local Rule 7-3 and the Court's Standing Order, the Court therefore declines to address the merits of the motion.

Accordingly, Defendants' motion to dismiss the FAC is DENIED.

**IT IS SO ORDERED.**