Susan M. Murphy (SBN: 185335)
susan@advocatelegal.org
ADVOCATE LEGAL
5455 Wilshire Boulevard Suite 2119
Los Angeles, CA 90036
Telephone:  (323) 692-7499
Facsimile:   (800) 878-7336

Attorney for Defendants
DANIEL W. ROBINSON
DARLA J. ROBINSON

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA- WESTERN DISTRICT

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and MERSCORP HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DANIEL W. ROBINSON and DARLA J. ROBINSON, <br><br> Defendants. | CASE NO.: CV13-07142-PSG (ASx) <br><br> ANSWER OF DEFENDANTS DANIEL W. ROBINSON and DARLA J. ROBINSON TO THE PLAINTIFFS' FIRST AMENDED COMPLAINT. <br><br> Demand For Jury Trial <br><br> Date Filed:     September 26, 2013 <br> Judge:            Hon. Philip S. Gutierrez <br> Courtroom:    880 <br><br> 255 East Temple Street <br> Los Angeles, California 90012 |

      Defendants Daniel W. Robinson and Darla J. Robinson answer the First Amended Complaint of Plaintiffs Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings Inc. as follows:

1. Defendants admit in part and deny in part the allegations in paragraph 1; Defendants admit the first allegation that this is an action to set aside a state court judgment in a Quiet Title action, but Plaintiffs deny that the court judgment in the quiet title action was entered in violation of the mandatory requirements of §760.010-764.045 of the California Code of civil Procedure ("CCP") governing quiet title actions and in violation of Plaintiffs' due process rights under the 5th and 14th amendments to the United States Constitution and Article I, Section 7 of the California Constitution.

2. Defendants deny the allegations contained in Paragraph 2 of the FAC.

3. Defendants deny the allegations contained in Paragraph 3 of the FAC.

4. Defendants have no information or belief that the allegations in Paragraph 4 of the FAC are true, so Defendants deny them.

5. Defendants deny the allegations contained in Paragraph 5 of the FAC.

6. Defendants deny the allegations contained in Paragraph 6 of the FAC.

7. Defendants admit the allegations contained in Paragraph 7 of the FAC.

8. Defendants have no information or belief that the allegations in Paragraph 8 of the FAC are true, so Defendants deny them.

9. Defendants have no information or belief that the allegations in Paragraph 9 of the FAC are true, so Defendants deny them.

10. Defendants admit the allegations contained in Paragraph 10 of the FAC.

11. Defendants admit the allegations contained in Paragraph 11 of the FAC.

12. Defendants admit the allegations contained in Paragraph 12 of the FAC.

13. Defendants admit the allegations contained in Paragraph 13 of the FAC.

14. Defendants deny the allegations contained in Paragraph 14 of the FAC.

15. Defendants admit the allegations contained in Paragraph 15 of the FAC.

16. Defendants admit the allegations contained in Paragraph 16 of the FAC.

17. Defendants admit the allegations contained in Paragraph 17 of the FAC

18. Defendants admit the allegations contained in Paragraph 18 of the FAC.

19. Defendants admit the allegations contained in Paragraph 19 of the FAC.

20. Defendants have no information or belief that the allegations in Paragraph 20 of the FAC are true, so Defendants deny them.

21. Defendants admit the allegations contained in Paragraph 21 of the FAC.

22. Defendants have no information or belief that the allegations in Paragraph 22 of the FAC are true, so Defendants deny them.

23. Defendants have no information or belief that the allegations in Paragraph 23 of the FAC are true, so Defendants deny them.

24. Defendants have no information or belief that the allegations in Paragraph 24 of the FAC are true, so Defendants deny them.

25. Defendants have no information or belief that the allegations in Paragraph 25 of the FAC are true, so Defendants deny them.

26. Defendants have no information or belief that the allegations in Paragraph 26 of the FAC are true, so Defendants deny them.

27. Defendants deny the allegations contained in Paragraph 27 of the FAC.

28. Defendants deny the allegations contained in Paragraph 28 of the FAC.

29. Defendants have no information or belief that the allegations in Paragraph 29 of the FAC are true, so Defendants deny them.

30. Defendants admit in part and deny in part the allegations in Paragraph 30 of the FAC; Defendants deny the first the third allegation and admit the second allegation that "there is no requirement under California's recording statutes for recordation in the public land records to reflect the purchase and sale of the promissory note or the loan servicing rights" and the fourth allegation that "recording is permissive, not mandatory in California."

31. Defendants have no information or belief that the allegations in Paragraph 31 of the FAC are true, so Defendants deny them.

32. Defendants have no information or belief that the allegations in Paragraph 32 of the FAC are true, so Defendants deny them.

33. Defendants have no information or belief that the allegations in Paragraph 33 of the FAC are true, so Defendants deny them.

34. Defendants have no information or belief that the allegations in Paragraph 34 of the FAC are true, so Defendants deny them.

35. Defendants have no information or belief that the allegations in Paragraph 35 of the FAC are true, so Defendants deny them.

36. Defendants have no information or belief that the allegations in Paragraph 36 of the FAC are true, so Defendants deny them.

37. Defendants have no information or belief that the allegations in Paragraph 37 of the FAC are true, so Defendants deny them.

38. Defendants admit the allegations in Paragraph 38 of the FAC.

39. Defendants admit in part and deny in part the allegations in Paragraph 39 of the FAC. Defendants admit the first allegation that "a 'claim' is defined in CCP§760.010 as "including a legal or equitable right, title, estate, lien, or interest in property or cloud upon title" but Defendants have no information or belief that the "Committee Comments state that the word "claim" is to intended in the broadcast [sic] possible sense" is true or false, so Defendants deny this allegation.

40. Defendants admit the allegations in Paragraph 40 of the FAC.

41. Defendants admit in part and deny in part the allegations in Paragraph 41 of the FAC; Defendants admit the first, second, and fourth allegation, but deny the third allegation that "Entities such as MERS, must be named as defendants if they merely assert a claim – an interest – that is adverse to the plaintiff's asserted title."

42. Defendants admit the allegations in Paragraph 42 of the FAC.

43. Defendants admit the allegations in Paragraph 43 of the FAC as follows: Defendants admit that the court must require prove-up before entering judgment.

44. Defendants admit the allegations in Paragraph 44 of the FAC.

45. Defendants admit the allegations in Paragraph 45 of the FAC.

46. Defendants admit the allegations in Paragraph 46 of the FAC.

47. Defendants admit the allegations in Paragraph 47 of the FAC.

48. Defendants admit the allegations in Paragraph 48 of the FAC.

49. Defendants admit the allegations in Paragraph 49 of the FAC.

50. Defendants admit the allegations in Paragraph 50 of the FAC.

51. Defendants admit the allegations in Paragraph 51 of the FAC.

52. Defendants have no information or belief that the allegations in Paragraph 52 of the FAC are true, so Defendants deny them.

53. Defendants deny the allegations in Paragraph 53 of the FAC.

54. Defendants have no information or belief that the allegations in Paragraph 54 of the FAC are true, so Defendants deny them.

55. Defendants have no information or belief that the allegations in Paragraph 55 of the FAC are true, so Defendants deny them.

56. Defendants admit the allegations in Paragraph 56 of the FAC.

57. Defendants admit the allegations in Paragraph 57 of the FAC.

58. Defendants admit the allegations in Paragraph 58 of the FAC.

59. Defendants admit in part and deny in part the allegations in Paragraph 59 of the FAC. Defendants have no information or belief that the first allegation is true and so Defendants deny it. Defendants deny the second allegation which misquotes Plaintiffs' complaint by leaving out the word "purported." Defendants admit the third allegation.

60. Defendants deny the allegations in Paragraph 60 of the FAC.

61. Defendants admit in part and deny in part the allegations in Paragraph 61 of the FAC. Defendants admit the first and second allegations, but deny the third allegation which states: "That allegation was and is false and the Robinsons knew that it was false at the time that they filed the complaint."

62. Defendants admit in part and deny in part the allegations in Paragraph 62 of the FAC. Defendants admit the first allegation (sentence), but deny the second allegation (sentence) that "That allegation was and is false and the Robinsons knew that it was false at the time that they filed the complaint."

63. Defendants admit in part and deny in part the allegations in Paragraph 63 of the FAC. Defendants admit the first allegation, but deny the second allegation which states: "That allegation was and is false and the Robinsons knew that it was false at the time that they filed the complaint."

64. Defendants admit in part and deny in part the allegations in Paragraph 64 of the FAC. Defendants deny the second allegation that MERS was not named as a defendant "despite the Robinsons' actual knowledge that MERS claimed an interest in

the property adverse to the Robinson's claim of title and that United Pacific no longer owned the Note." Defendants admit the first allegation and the third allegation that "The Robinsons never supplied any notice to MERS of the pendency of the quiet title action."

65.    Defendants admit in part and deny in part the allegations in Paragraph 65 of the FAC. Defendants admit the first and fourth allegations, but Defendants deny the second allegations that "the Robinsons did not properly notify United Pacific of the hearing on their request for default judgment" and Defendants deny the third allegation that: "in any event, as the Robinsons knew, United Pacific was not the record beneficiary on the Deed of Trust and no longer had any interest in the Note."

66.    Defendants admit in part and deny in part the allegations in Paragraph 66 of the FAC. Defendants admit the first allegation. Defendants deny the second allegation that the "Closed Loan Forensic Report" by Legal Forensic Auditors "clearly states that the Deed of Trust was entered in favor of MERS" and that it "identifies U.S. Bank as the owner of the Note as trustee for the securitized trust."

67.    Defendants admit in part and deny in part the allegations in Paragraph 67 of the FAC. Defendants admit the first allegation and Defendants deny the second allegation which states that: "the allegation is and was false and the Robinsons knew it was false at the time they filed their quiet title action."

68.    Defendants admit the allegations in Paragraph 68 of the FAC.

69.     Defendants admit in part and deny in part the allegations in Paragraph 69 of the FAC.  Defendants admit the first allegation.  Defendants have no information or belief that the second allegation is true, that MERS did not have notice of the Quiet Title action, so Defendants deny it.  Defendants deny the third allegation that they made "false and fraudulent misrepresentations."

70.     Defendants admit the allegations in Paragraph 70 of the FAC.

71.     Defendants admit the allegations in Paragraph 71 of the FAC.

72.     Defendants deny the allegations in Paragraph 72 of the FAC.

73.     Defendants deny the allegations in Paragraph 73 of the FAC.

74.     Defendants have no information or belief that the allegations in Paragraph 74 of the FAC are true, so Defendants deny them.

75.     Defendants have no information or belief that the allegations in Paragraph 75 of the FAC are true, so Defendants deny them.

76.     Defendants have no information or belief that the allegations in Paragraph 76 of the FAC are true, so Defendants deny them.

77.     Defendants admit in part and deny in part the allegations in Paragraph 77 of the FAC.  Defendants admit the first allegation and the third allegation, but deny the second allegation that Defendants "asked the state court to adjudicate the validity of MERS' interest as record beneficiary."

78. Defendants have no information or belief that the allegations in Paragraph 78 of the FAC are true, so Defendants deny them.

79. Defendants have no information or belief that the allegations in Paragraph 79 of the FAC are true, so Defendants deny them.

80. Defendants deny the allegations in Paragraph 80 of the FAC.

81. Defendants have no information or belief that the allegations in Paragraph 81 of the FAC are true, so Defendants deny them.

82. Defendants deny the allegations in Paragraph 82 of the FAC.

83. Defendants deny the allegations in Paragraph 83 of the FAC.

84. Defendants have no information or belief that the allegations in Paragraph 84 of the FAC are true, so Defendants deny them.

85. Defendants re-allege and incorporate herein Paragraphs 1-84 of their Answer to Plaintiffs' FAC.

86. Defendants deny the allegations in Paragraph 86 of the FAC.

87. Defendants deny the allegations in Paragraph 87 of the FAC.

88. Defendants deny the allegations in Paragraph 88 of the FAC.

89. Defendants admit in part and deny in part the allegations in Paragraph 89 of the FAC. Defendants admit the first allegation, but deny the second, third, and fourth allegations.

90. Defendants deny the allegations in Paragraph 90 of the FAC.

91. Defendants deny the allegations in Paragraph 91 of the FAC.

92. Defendants deny the allegations in Paragraph 92 of the FAC.

93. Defendants deny the allegations in Paragraph 93 of the FAC.

94. Defendants re-allege and incorporate herein Paragraphs 1-93 of their Answer to Plaintiffs FAC.

95. Defendants admit the allegations in Paragraph 95 of the FAC.

96. Defendants deny the allegations in Paragraph 96 of the FAC.

97. Defendants have no information or belief that the allegations in Paragraph 97 of the FAC are true, so Defendants deny them.

98. Defendants deny the allegations in Paragraph 98 of the FAC.

99. Defendants deny the allegations in Paragraph 99 of the FAC.

100. Defendants admit in part and deny in part the allegations in Paragraph 100 of the FAC.  Defendants admit the first allegation, but Defendants deny the second allegation that their Quiet Title was obtained "in violation of MERS' property rights."

101. Defendants deny the allegations in Paragraph 101 of the FAC.

102. Defendants re-allege and incorporate herein Paragraphs 1-101 of their Answer to Plaintiffs' FAC.

103. Defendants admit the allegations in Paragraph 103 of the FAC.

104. Defendants deny the allegations in Paragraph 104 of the FAC.

105. Defendants deny the allegations in Paragraph 105 of the FAC.

106. Defendants re-allege and incorporate herein Paragraphs 1-105 of their Answer to Plaintiffs FAC.

107. Defendants deny the allegations in Paragraph 107 of the FAC.

FURTHER, AS SEPARATE DEFENSES and AFFIRMATIVE DEFENSES to each and every claim for relief of the complaint, the Answering Defendants are informed and believe and on such information and belief allege as follows:

## FIRST DEFENSE

108. As a FIRST and Separate Defense to Plaintiffs' FAC, and each claim for relief contained therein, these answering Defendants state that this court lacks Subject Matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and its progeny. *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303 (1983).

## SECOND DEFENSE

109. As a SECOND and Separate Defense to Plaintiffs' FAC, and each claim for relief contained therein, these answering Defendants state that the Plaintiffs' FAC and each claim for relief therein fails to state facts sufficient to state a claim against this answering Defendant.

//

## THIRD DEFENSE

110. As a THIRD and Separate Defense to the FAC, and each claim for relief contained therein, these answering Defendants state that Plaintiffs are not the real party in interest and are not otherwise authorized to initiate suit on the real party's behalf and therefore have no standing to bring this action.

## FOURTH DEFENSE

111. Without waiving their defense of lack of subject matter jurisdiction in this action, and alternatively thereto, as a FOURTH and Separate Affirmative Defense to the FAC, and each claim for relief contained therein, these answering Defendants state that Plaintiffs' claims are not ripe since a state court remedy is available pursuant to California Civil Code of Procedure §473(d) which allows for a state court motion to set aside a void state court judgment including an allegedly void default judgment.

## FIFTH DEFENSE

112. As a FIFTH and Separate Defense to the FAC, and each claim for relief contained therein, these answering Defendants state that this court does not have Subject Matter Jurisdiction because Plaintiffs are not a real party in interest.

//

//

## FIRST AFFIRMATIVE DEFENSE

113. As a FIRST and Separate Affirmative Defense to the FAC, and each claim for relief contained therein, these answering Defendants state that Plaintiffs are not the holder of Defendants' Promissory NOTE and Mortgage upon which this action is based and therefore relief requested is barred.

## SECOND AFFIRMATIVE DEFNSE

114. As an THIRD and Separate Affirmative Defense to the FAC, and each claim for relief contained therein, these answering Defendants state that Plaintiffs are not the owner of Defendants' Promissory NOTE and Mortgage upon which this action is based and therefore relief requested is barred.

## THIRD AFFIRMATIVE DEFENSE

115. As a THIRD and Separate Affirmative Defense to the FAC and each claim for relief contained therein, these answering Defendants state that Plaintiffs are not in possession of the Promissory NOTE and mortgage upon which this action is based and therefore relief requested is barred.

## FOURTH AFFIRMATIVE DEFENSE

116. As a FOURTH and Separate Affirmative Defense to the FAC, and each claim for relief contained therein, these answering Defendants state that Plaintiffs are not the lawful ASSIGNEE of the Promissory NOTE and Mortgage upon which Plaintiffs' claims are based.

## FIFTH AFFIRMATIVE DEFENSE

117. As a FIFTH and Separate Affirmative Defense to the FAC, and each claim for relief contained therein, these answering Defendants state that Plaintiffs have unclean hands due to the deceptive language on Defendants' Deed of Trust which does not inform borrowers that the Deed of Trust creates a cloud upon title.

## SIXTH AFFIRMATIVE DEFENSE

118. As an SIXTH and Separate Affirmative Defense to the FAC, and each claim for relief contained therein, these answering Defendants state that upon information and belief, the Promissory NOTE has been paid in full prior to or contemporaneously with the loan transaction, that Plaintiffs have no financial interest in the Promissory NOTE or the Deed of Trust, and that the original Promissory NOTE and mortgage are lost or destroyed.

## SEVENTH AFFIRMATIVE DEFENSE

119. As a SEVENTH and Separate Affirmative Defense to the FAC, and each claim for relief contained therein, these answering Defendants state that Plaintiffs' claims are barred by the statute of frauds, laches, and/ or the statute of limitations.

///

///

WHEREFORE, in view of the foregoing, Defendants respectfully pray for:

1.) Costs

2.) Attorney fees

3.) Such other and further relief as this court may deem just and proper.

Defendants hereby demand a trial by jury.

                                  Respectfully submitted,

Dated:   May 22, 2014           ADVOCATE LEGAL

                                By:  /s/  Susan M. Murphy                 .
                                     Susan M. Murphy
                                Attorney for Defendants
                                DANIEL W. ROBINSON and
                                DARLA J. ROBINSON