Susan M. Murphy (SBN: 185335)
susan@advocatelegal.org
ADVOCATE LEGAL
5455 Wilshire Boulevard, Suite 2119
Los Angeles, California 90036
Telephone:  (323) 692-7499
Facsimile:   (800) 878-7336

Attorney for Defendants
DANIEL W. ROBINSON
DARLA J. ROBINSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DISTRICT

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and MERSCORP HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DANIEL W. ROBINSON and DARLA J. ROBINSON, <br><br> Defendants. | CASE NO.: CV13-07142-PSG (ASx) <br><br> DEFENDANTS DANIEL W. ROBINSON and DARLA J. ROBINSON'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS. FRCP12(c). <br><br> Date Filed:     September 26, 2013 <br> Judge:          Hon. Philip S. Gutierrez <br> Courtroom:    880 <br><br> Hearing Date:  July 21, 2014 <br> Hearing Time: 1:30 p.m. <br><br> Edward R. Roybal Federal Building <br> 255 East Temple Street <br> Los Angeles, California 90012 |

PLEASE TAKE NOTICE that on July 21, 2014 at1:30 p.m. in Courtroom 880 of

the above-entitled Court, located at 225 East Temple Street, Los Angeles, California

90012, the Honorable Philip S. Gutierrez presiding, Defendants Daniel W. Robinson and Darla J. Robinson (hereafter "Defendants") will move this Court for an Order granting judgment on the pleadings.

This Motion for Judgment on the Pleadings will be made pursuant to *Federal Rule of Civil Procedure* 12(c) on the grounds that the Complaint filed by Plaintiffs MORTGAGE ELECTRONIC SYSTEMS, INC. and MERSCORP HOLDINGS, INC. (hereafter "Plaintiffs") fails to state sufficient facts to state any claim for relief against Defendants, hence there are no triable issues of material fact and Defendants are entitled to judgment as a matter of law.

This Motion for Judgment on the Pleadings is based upon this Notice, the attached Memorandum of Points and Authorities, the complete files and records of this action and any oral and documentary evidence as may be presented at the hearing on this Motion.

This Motion for Judgment on the Pleadings is made following the conference of counsel pursuant to Local Rule 7-3 which took place on Wednesday, June 4, 2014, at 1:00 pm.

Dated:   June 16, 2014             ADVOCATE LEGAL


                                   By:  /s/  Susan M. Murphy                  .
                                        Susan M. Murphy
                                        Attorney for Defendants
                                        DANIEL W. ROBINSON and
                                        DARLA J. ROBINSON

# TABLE OF CONTENTS

## MEMORANDUM OF POINTS AND AUTHORITIES

Page

I.  PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  STANDARD OF REVIEW  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   A. FED R.CIV.P.12(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   B. U.S. CONSTITUTION ART. III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

   C. FED R.CIV.P.12(B)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

   D. FED R.CIV.P.12(B)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.  LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

   A. SUBJECT MATTER JURISDICTION – FRCP 12(B)(1) . . . . . . . . . . . . 8

      i.      PLAINTIFFS ARE APPEALING A STATE COURT
              JUDGMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      ii.     PLAINTIFFS' CONSTITUTIONAL CLAIMS ARE NOT RIPE . 10

      iii.    THE ROOKER-FELDMAN DOCTRINE PROHIBITS APPEAL
              OF A STATE COURT JUDGMENT IN FEDERAL COURT . . . 11

   B. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
      GRANTED – FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      i.      PLAINTIFFS' BENEFICIARY STATUS IS A FICTION . . . . . . 13

      ii.     PLAINTIFFS HAVE SUFFERED NO INJURY . . . . . . . . . . . . . 15

      iii.    PLAINTIFFS ARE AN AGENT, NOT A REAL PARTY
              AT INTEREST . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

V.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# **TABLE OF AUTHORITES**

**Citation**                                                            **Page**

*ACLU of Nev. v. Masto*, 670 F.3d 1046, 1061–62 (9th Cir. 2012) . . . . . . . . . . . . . 6

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (U.S. 2009.) . . . . . . . . . . . . . . . . . . . . . 7, 8, 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bolden v. City of Topeka*, 2004 U.S. Dist. LEXIS 2163, 2004 WL 303521 (D. Kan. Feb. 13, 2004.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Castle Rock v. Gonzales*, 545 U.S. 748, 763 (2005). . . . . . . . . . . . . . . . . . . . . . . . 16

*Cochran v. Linn*, 159 Cal. App. 3d 245, 249, 205 Cal. Rptr. 550 (1984) . . . . . . . . 10

*Cohen v. United States,* 129 F.2d 733, 736 (8th Cir. 1942). . . . . . . . . . . . . . . . . . 15

*Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999). . . . . . . . 6

*Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal. App. 4th 433, 440, 138 Cal. Rptr. 3d 830 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983); . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

*Dworkin v. Hustler Magazine, Inc*., 867 F.2d 1188, 1192 (9th Cir. 1989) . . . . . . . 5

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 283, 125 S.Ct. 1517 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

*Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . 5

*Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal. App.4th 256, 273 (1st Dist. 2011).) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 15, 17

*Foster v. Carso*n, 347 F.3d 742, 745 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . 6

**Citation**                                                                    **Page**

*Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) . . . . . . . . . . 5

*Gomes v. Countrywide Home Loans, Inc.,* 192 Cal.App.4th1149, 1157 n.9. (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14, 15, 17

*Hertz Corp. v. Friend*, 559 U.S. 77 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 129 L. Ed. 2d 775, 114 S. Ct. 2647 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Jung v. Ass'n of Am. Med. Colls.*, 184 F. App'x 9, 10 (D.C. Cir. 2006). . . . . . . . . . . 5

*Kokkonen v. Guardian Life Ins. Co. of Am.,* 511U.S. 375, 377, 114 S.Ct. 1673, 1677 (U.S.1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . 14

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). . . . . . . . . . . . . . . . . . 16

*Mag Instrument, Inc. v. JS Prods*., 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Noel v. Hall*, 341 F.3d 1148, 1154, 1155 (9th Cir. 2003). . . . . . . . . . . . . . . . . 11

*Ray v. Antioch Unified Sch. Dist*., 107 F. Supp. 2d 1165 (N.D. Cal. 2000). . . . . . . 5

*Rooker v. Fidelity Trust Co*., 263 U.S. 413, 416, 68 L. Ed. 362, 44 S. Ct. 149 (1923); . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). . . . . . . . . . . . . . . . . . . . . . . . 7, 17

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) overruled on other grounds by *Davis v. Scheuer*, 468 U.S. 183 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

1

**Citation**                                                                                              **Page**

2   *Smith v. McCullough*, 270 U.S. 456, 459 (1926). . . . . . . . . . . . . . . . . . . . . . . . . . .  6

3   *Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) . . . . . . . . . . . . . . . . 7, 14

4

5   *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003,
    140 L. Ed. 2d 210 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6

7   *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d  495, 499 (9th Cir. 2001) . . . . . 6

8   *Verizon Md. Inc.* v. *Public Serv. Comm'n of Md.,* 535 U.S. 635, 644, n. 3,

9   152 L. Ed. 2d 871, 122 S. Ct. 1753 (2002)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

10  *California Code of Civil Procedure* §s2924-2924k; . . . . . . . . . . . . . . . . . . . . . . . 18

11  *California Code of Civil Procedure* §473(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

12

13  *California Code of Civil Procedure* §473(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

14  *California Code of Civil Procedure* §s 760.040 . . . . . . . . . . . . . . . . . . . . . . . . . .  8

15  *California Code of Civil Procedure* §s 760.050 . . . . . . . . . . . . . . . . . . . . . . . . 8, 19

16

17  *California Code of Civil Procedure* §762.010  . . . . . . . . . . . . . . . . . . . . . 1, 10, 14, 18

18  *California Code of Civil Procedure* §762.010, §762.060, §762, 070,

19  §763.010, §763.020, §763.030, §763.040 & §764.010. . . . . . . . . . . .  . . . . . . . . 18

20  *California Code of Civil Procedure* § 904.1, Subdivisions (a)(2) and (b) . . . . . . .  10

21  U.S. Constitution, Article III, §2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

22

23  U.S. Constitution, Amendments 5 & 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

24

25  Charles Allen Wright & Arthur R. Miller, Federal Practice and

26  Procedure §1553 (2d ed. 1990).  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

27

28

-iii-

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PROCEDURAL HISTORY

This case originated in this Court on September 26, 2013, when Plaintiffs MORTGAGE ELECTRONIC SYSTEMS, INC. and parent company MERSCORP HOLDINGS, INC. (hereafter "Plaintiffs") filed a Complaint with causes of action: 1) to SET ASIDE A VOID JUDGMENT, 2) for DECLARATORY JUDGMENT FOR VIOLATION OF DUE PROCESS, 3) for CANCELLATION OF INSTRUMENTS, and 4) for SLANDER OF TITLE.  Plaintiffs' Complaint was in response to a Default Quiet Title Judgment and Order for Expungement of a Deed of Trust received by Defendants in Los Angeles County Superior Court (Case # PC052281) on April 17, 2013. Defendants received their Quiet Title Judgment against United Pacific Mortgage and "all persons or entities unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in this Complaint adverse to Plaintiffs' title, or any cloud upon Plaintiffs' title thereto."  (Comp. Ex. 4.)

In their Complaint, Plaintiffs alleged that they were "record beneficiary" on Defendants' Deed of Trust and therefore entitled to NOTICE of Defendants' state court Quiet Title action by California Code of Civil Procedure §762.010. (Comp.¶33, Ex.1.) Pursuant to Federal Rule of Civil Procedure 12(b), Defendants filed a Motion to Dismiss on December 5, 2013, alleging that this Court lacked subject matter jurisdiction and that Plaintiffs had failed to state a case upon which relief could be granted because Plaintiffs

were not the real party in interest.  Fed. Rules. Civ. P. 12(b)(1) & 12(b)(6).  Plaintiffs

filed an Opposition to Defendants' Motion to Dismiss on January 6, 2014, and

Defendants replied in support of their Motion to Dismiss on January 13, 2014.

This Court heard oral arguments on January 27, 2014 and ruled by Minute Order

on January 28, 2014 dismissing all allegations of Plaintiffs' Complaint with leave to

amend.

Plaintiffs filed their First Amended Complaint ("FAC") on March 3, 2014,

alleging the same causes of action as the Complaint and again naming themselves as

party in interest and Defendants filed a second Motion to Dismiss on March 24, 2014,

which repeated the same objections as the first Motion.  The Court declined to address

the merits of Defendants' second Motion to Dismiss and denied Defendants' second

Motion for failure to comply with Local Court Rule 7-3 requiring parties to meet and

confer.  On May 22, 2014, Defendants answered Plaintiffs' FAC with defenses and

affirmative defenses to each and every claim asserted by Plaintiffs.

This Motion for Judgment on the Pleadings is made following the conference of

counsel pursuant to Local Rule 7-3 which took place on Wednesday June 4, 2014, at

1:00 p.m.

///

///

## II.   STATEMENT OF FACTS

Defendants acquired the real property located at 19127 Romar Street, Northridge, California 91324 ("the Romar Street Property") by grant deed from the prior owners. (Comp. ¶s 8 & 27.)  The legal description of the Romar Street Property is:

> "LOT 21 OF TRACT NO. 43424 AS PER MAP RECORDED IN BOOK 1051, PAGES 29 AND 30 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY." (Comp. Ex. 1)

Defendants funded their purchase of the Romar Street Property with a negatively amortizing "pick-a-pay" loan originated by United Pacific Mortgage ("United Pacific") which appeared as "Lender" on Defendants' Deed of Trust recorded in the official records of the Los Angeles County Recorder as Instrument Number 05-0342544 on February 15, 2005. (Comp. Ex. 1; FAC ¶s 45 & 58.)  The Deed of Trust securing the Romar Street Property provided that United Pacific was "Lender," Defendants were the Borrowers and Plaintiff MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. was both a "separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns" and "the beneficiary under this security instrument." (Comp. Ex.1; FAC ¶s 47-48.)   The loan amount on the Deed of Trust was $999,950 which grew to $1,042,433 in one year due to negative amortization. (FAC¶s 45 & 58.)

Defendants filed their Quiet Title action in Los Angeles Superior Court on January 11, 2012, and received a Default Judgment for Quiet Title and Expungement of the Deed of Trust on April 17, 2013. (FAC ¶s56 & 70; Comp. Exs. 2 & 4.)  Defendants

did not name Plaintiff MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as a Defendant in their Quiet Title lawsuit. (FAC ¶64, L.3., Comp. Ex.4.)  On April 25, 2013, Defendants recorded the Judgment granting Quiet Title and Expungement of the Deed of Trust in the Official Records of the Recorder's Office of Los Angeles County as Instrument Number 20130621913. (FAC ¶71; Comp. Ex.4.)

On September 26, 2013, Plaintiffs filed their Complaint alleging that they had no knowledge of the state court action and that if they had received NOTICE they would have defended the action *and* alerted the loan servicing agent or current note holder. (Comp. ¶36; FAC ¶s 69 & 78.)  No ASSIGNMENT from "lender" United Pacific to a subsequent beneficiary was recorded with the Los Angeles County Recorder and no evidence of a grant of authority by "successive owners of the NOTE" to Plaintiffs to file the Complaint or the FAC on their behalf was submitted by Plaintiffs. (FAC ¶ 53.)   No evidence of any ASSIGNMENT by the original "lender" United Pacific was submitted by Plaintiffs who maintain this lawsuit as a party in interest due to being holder of "legal title to the beneficial interests in the Deed of Trust as beneficiary on behalf of and as nominee of the successive owners of the NOTE." (Id.)

III.   **STANDARD OF REVIEW**

    A. **FED R. CIV. P. 12(c)**

After the pleadings are closed, but within such time as not to delay trial, any

party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c); *Mag. Instruments, Inc. v. JS Prods.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008).  In deciding a Rule 12(c) motion, the court applies the same standards applicable to a Rule 12(b) as they are "functionally identical."  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  The principle difference between a 12(b)(6) motion and a 12(c) motion is the time of filing. *Id.*

When considering a Rule 12(c) motion, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  Thus, a defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact which, if proved, would support recovery.  *Ray v. Antioch Unified Sch. Dist.*, 107 F. Supp. 2d 1165 (N.D. Cal. 2000).  Likewise, a plaintiff is not entitled to a judgment on the pleadings if the defendant's answer raises issues of fact or an affirmative defense which, if proved, would defeat plaintiff's recovery. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).  If plaintiffs prove no set of facts in support of their claim which would entitle them to relief, a dismissal pursuant to Rule 12(c) is with prejudice. *Jung v. Ass'n of Am. Med. Colls.*, 184 F. App'x 9, 10 (D.C. Cir. 2006). 11-56 Moore's Federal Practice - Civil § 56.30 (Rule 12(c) motions for judgment on the pleadings result in final adjudication of a case or claim.)

## B. <u>U.S. CONST. ART. III</u>

Federal courts are presumptively without jurisdiction over civil action and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511U.S. 375, 377, 114 S.Ct. 1673, 1677 (U.S.1994). Federal Courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate, basically those involving diversity of citizenship, or a federal question, or to which the U.S. is a party.  U.S. Const. Art. III §2; *Kokkonen* supra at 377.  Article III jurisdiction requires both standing and the existence of a "case or controversy." See *ACLU of Nev. v. Masto*, 670 F.3d 1046, 1061–62 (9th Cir. 2012); *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999).

## C. <u>FED R. CIV. P. 12(b)(1)</u>

Litigants may seek dismissal of an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d  495, 499 (9th Cir. 2001), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  If there is "no actual or live controversy" between the parties, the plaintiff lacks standing to bring suit. *Foster v. Carso*n, 347 F.3d 742, 745 (9th Cir. 2003) (internal quotations omitted).  The plaintiff has the burden of showing the existence of federal jurisdiction over the suit; if no such showing is made, the court must dismiss the case for lack of subject matter jurisdiction unless the defect can be corrected by amendment. *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

On a motion to dismiss, the court reviews the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In cases where there is a jurisdictional defect, dismissal without leave to amend is proper where "the complaint could not be saved by any amendment." *Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007). (Internal quotation omitted). When jurisdiction ceases to exist, the Court cannot proceed at all and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998).

## D. **FED R. CIV.P. 12(b)(6)**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (U.S. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id*. (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions.... *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). The Court must accept all factual allegations

in the complaint as true, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678

## IV.   LEGAL ARGUMENT

### A. SUBJECT MATTER JURISDICTION – FRCP 12(b)(1)

#### i.   PLAINTIFFS ARE APPEALING A STATE COURT JUDGMENT.

Defendants received a state court judgment of Quiet Title from January 11, 2012, when Defendants filed their state court action. (Comp. Ex. 4.)  The judgment was entered on April 17, 2013, from which time Plaintiffs had six (6) months to seek to set aside the judgment as VOID pursuant to California Code of Civil Procedure §473(b).[1] Plaintiffs filed their Complaint in this Court on September 26, 2013, which evidences that they were aware of the Quiet Title judgment five (5) months after it was entered and intentionally let this statutory period pass.[2]

The state court acted within its jurisdiction by granting Defendants' Quiet Title judgment since a Quiet Title action is properly brought in the superior court of the county where the property is located.  California Code of Civil Procedure §s 760.040,

---

[1]  California Code of Civil Procedure Section 473(b) provides in pertinent part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."

[2] Id.

760.050.  Plaintiffs' first cause of action to SET ASIDE A VOID JUDGMENT, as well as their third cause of action for CANCELLATION OF INSTRUMENTS and their fourth cause of action for SLANDER OF TITLE, were all properly brought in the same state court as a state court motion by a claimed beneficiary to set aside the judgment pursuant to California Code of Civil Procedure §473(d).[3] (FAC ¶s 85-93.)  Plaintiffs' request for DECLARATORY JUDGMENT FOR VIOLATION OF DUE PROCESS assumes no opportunity to be heard by the state court, but such opportunity did exist under California Code of Civil Procedure §s 473(b) & 473(d).

By the instant action, Plaintiffs therefore attempt to use the federal court to appeal a state court default judgment for Quiet Title and Expungement of the Deed of Trust granted to Defendants on April 17, 2013. (FAC ¶56; Comp. Exs. 2 & 4.)  Plaintiffs' factual allegation that they did not hear of the state court action before they filed the instant action on September 26, 2013, does not excuse their decision to forgo state court review or eliminate the need for them to do so. (Comp. ¶36.)  This court is empowered to exercise original, not appellate, jurisdiction.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283, 125 S.Ct. 1517 (2005).

//

---

[3] California Code of Civil Procedure §473(d) allows: "the court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FRCP 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

### ii.   PLAINTIFFS' CONSTITUTIONAL CLAIMS ARE NOT RIPE

Plaintiffs' second cause of action for violation of their Constitutional right to Due Process is based on a property right which they claim derives from their being named as "beneficiary" on Defendants' Deed of Trust. (U.S. Const. Amendments 5 & 14.) Plaintiffs seek a judicial declaration that they were entitled to NOTICE of Defendants' Quiet Title action pursuant to *California Code of Civil Procedure §762.010* because the action divested Plaintiffs of this property right. (FAC ¶98; U.S. Const. Amendments 5 & 14.)  In the alternative, Plaintiffs seek judicial declaration that if they do not have a right to NOTICE under Cal. Code Civ. Proc. *§762.010*, then the statute itself is unconstitutional. (FAC ¶2.)

Plaintiffs' claims are not ripe since Plaintiffs failed to avail themselves of the statutory protections of California Code of Civil Procedure §473 that protects the property rights of unnamed defendants who may seek to have a judgment set aside if they were a proper party to a default judgment.  Even if the Superior Court had denied a motion by Plaintiffs to set aside the judgment, an order denying a motion under Code of Civil Procedure §473 is regarded as a special order made after final judgment and is also appealable under Code of Civil Procedure Section 904.1, Subdivision (b) [see now §904.1, subd. (a)(2)]." *Cochran v. Linn*, 159 Cal. App. 3d 245, 249, 205 Cal. Rptr. 550 (1984).  Plaintiffs cannot claim that California Code of Civil Procedure §762.010 is unconstitutional, or that they have been deprived of property without due process, when

Plaintiffs have *intentionally* forfeited their rights to appeal under California law so as to appeal to a federal court. (FAC ¶s 94-101.)

### iii.  THE ROOKER-FELDMAN DOCTRINE PROHIBITS APPEAL OF A STATE COURT JUDGMENT IN FEDERAL COURT.

The *Rooker- Feldman* doctrine applies to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 125 S.Ct. 1517 (2005).  *(Rooker v. Fid. Trust Co*., 263 U.S. 413, 44 S.Ct. 149 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303 (1983).) Under *Rooker-Feldman,* a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.  *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).  A party disappointed by a decision of a state court may only seek reversal of that decision by appealing to a higher state court.  *Id. at 1155.*

As in *Rooker*, Plaintiffs argue here that the state court judgment was rendered in contravention of the Constitution and ask the federal court to declare it null and void. *Rooker v. Fid. Trust Co*., 263 U.S. 413, 414-415, 44 S.Ct. 149 (1923).  To justify this attempt to bypass the state appellate system Plaintiffs claim that the state court acted "in concert with" Defendants, and that the Quiet Title and Judgment that Defendants received were "state acts," but the court is not a "state agency." (FAC ¶100.)

See *Verizon Md. Inc.* v. *Public Serv. Comm'n of Md.,* 535 U.S. 635, 644, n. 3, 152 L. Ed. 2d 871, 122 S. Ct. 1753 (2002)(*Rooker-Feldman* does not apply to a suit seeking review of state agency action).  The *Rooker-Feldman* doctrine prevents a losing party in state court from seeking just such an appellate review of a state court judgment in a United States district court, based on just such a claim of federal rights. See *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 68 L. Ed. 362, 44 S. Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983); see also *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 129 L. Ed. 2d 775, 114 S. Ct. 2647 (1994).

Plaintiffs claim that being named as "beneficiary" on Defendants' Deed of Trust entitled Plaintiff MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. to be named as a defendant to Defendants Quiet Title action. (Comp. Ex. 4; FAC ¶s 64-65.) Plaintiffs assert that the failure of the state Court to expand Plaintiffs' standing beyond that of a nominee is a violation of their federal rights and that the state court had neither jurisdiction nor authority to "adjudicate the validity of MERS' interest as record beneficiary and eliminate that interest."   (Comp. Ex.1; FAC ¶s 1, 77, 82-83, &147-148.) However, the state court acted with jurisdiction and precedent in treating Plaintiff MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as a nominee dependent on a grant of authority from the actual beneficiary and not a beneficiary. (Opp. MTD p. 17, L. 13-17 citing: *Gomes v. Countrywide Home Loans, Inc.,* 192

Cal.App.4th1149, 1157 n.9. (2011); Opp. MTD p. 22, l. 6-9 citing: *Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal. App.4th 256, 273 (1st Dist. 2011).)

Plaintiffs' claims to SET ASIDE A VOID JUDGMENT, for CANCELLATION OF INSTRUMENTS and for SLANDER OF TITLE are based on Defendants failure to join the state court action. (FAC ¶s 85-93 &102-107.)  Plaintiffs' constitutional claim of VIOLATION OF DUE PROCESS is based on Defendants', and the Court's, failure to recognize Plaintiff MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC as a beneficiary and provide Plaintiffs with Notice and are inseverable from Plaintiffs' failure to join. (FAC ¶s94-101.)  All four causes of action rest on Plaintiffs' failure to exercise their state court remedies and all four claims fall into the two categories of claims prohibited by the *Rooker-Feldman* doctrine which are: (1) those actually decided by a state court, see *Rooker*, 263 U.S. at 415, or (2) those "inextricably intertwined" with a state court judgment, see *Feldman*, 460 U.S. at 482 n. 16. *Bolden v. City of Topeka*, 2004 U.S. Dist. LEXIS 2163, 2004 WL 303521 (D. Kan. Feb. 13, 2004.)


**B. <u>FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED – FRCP 12(b)(6)</u>**

**i.   <u>PLAINTIFFS' BENEFICIARY STATUS IS A FICTION</u>**

When reviewing a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the

nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The court

considers allegations in the complaint, any exhibits attached to the complaint, and

judicially noticeable materials. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

The court need not accept legal conclusions as true because "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

 Plaintiffs' claim of an "adverse interest" deserving of NOTICE pursuant to

California Code of Civil Procedure §762.010 rests on wording inserted into Defendants'

Deed of Trust that Plaintiff MORTGAGE ELECTRONIC REGISTRATION

SYSTEMS, INC. is a "beneficiary under this security instrument." (Comp. Ex.1, p.1;

FAC ¶48 & ¶64.) Plaintiffs cite *Fontenot* for the proposition that they can be both

"beneficiary" and "nominee" misstating the important distinction in *Fontenot* that

Plaintiff MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. is

"beneficiary, acting as nominee for the lender." (Opp. MTD p. 22, l. 6-9 citing: *Fontenot*

*v. Wells Fargo Bank, N.A.,* 198 Cal. App.4th 256, 273 (1st Dist. 2011).) The *Gomes*

court also held that Plaintiffs' authority under a Deed of Trust, and by statute, comes

from their status as "nominee (i.e. agent) of the noteholder." (Opp. MTD p. 17, l. 13-17

citing: *Gomes v. Countrywide Home Loans, Inc.,* 192 Cal.App.4th1149,1157 n.9.

(2011).)

"While the court must accept as true all well-pleaded facts, the motion does not admit facts which the court will take judicial notice are not true, nor does the rule apply to legally impossible facts, nor to facts inadmissible in evidence, nor to facts which appear by a record or document included in the pleadings to be unfounded. *Cohen v. United States,* 129 F.2d 733, 736 (8th Cir. 1942). By their own allegations, Plaintiffs' dual claims that they are a both "beneficiary under the security instrument" and "a separate corporation that is acting solely as the nominee for lender and lender's successors and assigns" are contradictory and, as such, legally impossible. (Comp. Ex.1, p.1; FAC ¶s48-50 & ¶64.) Plaintiffs seek to expand their rights to that of the beneficiary despite the fact that Plaintiffs' contradictory claims have been interpreted by the court to grant them nominal beneficial status only. *Gomes* supra at 1157; *Fontenot* supra at 273.

## ii.    PLAINTIFFS HAVE  SUFFERED NO INJURY

The business model that Plaintiffs seek to protect uses the claim of "beneficiary" status to avoid recording fees by claiming to be "mortgagee of record" so that no actual transfers of the security interest are thereafter recorded.  (FAC ¶s31, 33 & 47-50.) Plaintiffs' business model grants them no independent right to receive the benefit of mortgage payments and they suffer no loss through non-payment and in their Complaint and FAC Plaintiffs make no allegations that they lent money or received payments pursuant to Defendants' Deed of Trust. *Gomes* supra at 1157; *Fontenot* supra at 273

(FAC¶s 26-30.)   Plaintiffs' allegations of injury are projected business losses to their private system if the state court judgment is upheld and allowed to stand. (FAC ¶82-83.)

Plaintiffs allege that they were damaged by Defendants' Default Quiet Title Judgment by the loss of "the right to protect MERS's bargained-for security interest in the property" and future damages they would suffer from loss of "significant transaction fees and revenues." (FAC ¶s 80 & 82.)  A loss of property sufficient to create a due process right requires first that the plaintiff have suffered an injury that is "concrete and particularized" as well as "actual and imminent." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).   A Due Process claim will not stand when the identity of the entitlement is vague or ambiguous, such as indirect monetary benefits or projected business losses. *Castle Rock v. Gonzales*, 545 U.S. 748, 763 (2005).  Because there is no actual injury to Plaintiffs the court can find no causal connection between Defendants' actions and these projected business losses and there is no likelihood that a favorable decision by this court will address these projected injuries. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

### iii.   <u>PLAINTIFFS ARE AN AGENT, NOT A REAL PARTY AT INTEREST</u>

Under Fed. R. Civ.P.17 an action must be prosecuted in the name of the

real party in interest. "As a general rule, a person who is an attorney-in-fact or an agent solely for the purpose of bringing suit is viewed as a nominal rather than a real party in interest and will be required to litigate in the name of his principal rather than in his own name." 6A Charles Allen Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> §1553 (2d ed. 1990). Due to their agency relationship, Plaintiffs can only properly bring this action against Defendants as an agent or nominee for the actual beneficiary.

## V.   <u>CONCLUSION</u>

The question presented by a motion to dismiss is not whether a plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) overruled on other grounds by *Davis v. Scheuer*, 468 U.S. 183 (1984). Plaintiffs' claim entitlement to offer evidence because they are named as "beneficiary" on Defendants' Deed of Trust even though the Court has held this to grant them nominee status only. *Gomes* supra at 1157; *Fontenot* supra at 273. Plaintiffs claim this expanded "beneficiary" status based on the magnitude of the infiltration of their business model which received no federal or state legislative approval but for which they now require the Courts' legitimization. (FAC ¶62.)

In California foreclosure is quick and efficient for those doing the foreclosing. *Moeller v. Lien,* 25 Cal.App.4th 822, 830 & 832 [30 Cal. Rptr. 2d 777] (1994). For example California foreclosure law does not require a nominee to prove standing by

possession of the promissory NOTE in order to foreclose. *Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal. App. 4th 433, 440, 138 Cal. Rptr. 3d 830 (2012).  Plaintiffs' cost-saving business model, by which they avoid recording ASSIGNMENTs between beneficiaries, has benefitted by such laws. California Civil Code §s2924-2924k.

Pursuant to Plaintiffs' cost-saving business model Defendants had no ASSIGNED beneficiaries to name as parties in their state court Quiet Title action. (Comp. Ex. 4.) Here Plaintiffs do not benefit by California statutes which allow NOTICE by publication to unrecorded "adverse interests" such as was affected here.  California Code of Civil Procedure §762.010, §762.020, §762.060, §762, 070, §763.010, §763.020, §763.030, §763.040 & §764.010.   California statutes which allow NOTICE by publication to unrecorded "adverse interests" are not unconstitutional simply because they do not serve Plaintiffs' business model as well as the foreclosure statutes.

Respectfully submitted,


Dated:   June 16, 2014                    ADVOCATE LEGAL


By:  /s/  Susan M. Murphy                          .
        Susan M. Murphy
Attorney for Defendants
DANIEL and DARLA ROBINSON