1   J. Owen Murrin, (75329)
2   Murrin Law Firm
    7045 E. Los Santos Drive
3   Long Beach, CA 90815
4   Telephone: (562) 342-3011
    Facsimile: (562) 724-7007
5   Email: jmurrin@murrinlawfirm.com
6   Attorney for Defendants Daniel W. Robinson
    and Darla J. Robinson
7

8                 UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11
12   MORTGAGE ELECTRONIC          )   Case #   2:13-cv-07142-PSG-AS
     REGISTRATION SYSTEM, INC.    )   Honorable Phillip S. Gutierrez
13   MERSCORP HOLDINGS, INC.,     )
                                  )
14                               )   **DEFENDANTS' POINTS AND**
              Plaintiffs,         )   **AUTHORITIES IN SUPPORT OF**
15                               )   **MOTION FOR SUMMARY**
                                  )   **JUDGMENT; OR IN THE**
     v.                           )   **ALTERNATIVE FOR PARTIAL**
16                               )   **SUMMARY JUDGMENT;**
17   DANIEL W. ROBINSON, DARLA J. )   **SEPARATE STATEMENT IN**
     ROBINSON,                    )   **SUPPORT THEREOF;**
18                               )   **DECLARATION OF J. OWEN**
19            Defendants.         )   **MURRIN WITH EXHIBITS;**
                                  )   **DECLARATION OF DAN**
20                               )   **ROBINSON WITH EXHIBITS;**
21                               )   **DECLARATION OF DARYL**
                                  )   **WIZELMAN;  EXPERT ROBERT**
22                               )   **JANES IN SUPPORT THEREOF**
23                               )
24                               )   Date:    March 2, 2015
25                               )   Time:    1:30 p.m.
                                  )   Dept.    880
26                               )   Complaint Filed: 9/26/11
                                  )
27                               )
                                  )
28

---

**DEFENDANTS' POINT AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT**

## TABLE OF CONTENTS                                                    PAGE

I.    MEMORANDUM OF POINTS AND AUTHORITIES.................2

      INTRODUCTION...........................................................................2

II    FACTS........................................................................................2

III.  DISCUSSION AND ANALYSIS.............................................8

      A.    Standards on Summary Judgment........................................8

      B.    Plaintiff MERSCORP Lacks Standing or Any Interest Related to This
            Matter, and Must be Dismissed…………………….................9

      C.    Plaintiff MERS Lacks Capacity to Contract
            Due to Not Having Been Empowered to Do Business
            in the State of California……………………………………11

      D.    Plaintiff MERS Lacks any Standing or fails to be able
            to show that it has an enforceable interest that might
            qualify it for Notice under the California Quiet Statute…………13

      E.    For All The Above Reasons, Plaintiff MERS Lacks
            Standing And Is Not Capable Of Owning Anything,
            Plaintiff MERSCORP, The Parent Company Owns
            Everything...........................................................................17

      F.    The Deed of Trust Should Also Be Set
            Aside as to Plaintiff MERS (Delaware)
            For Reasons of Unconscionability and
            Against Public Policy……………………............……………17

      G.    There Is A Lack Of Material Facts To Support a
            Federal Subject Matter Jurisdiction Under
            Title 28 U.S.C.§ 1331, and this Cause of Action
            Must Therefore Be Dismissed With Prejudice
            as to Plaintiff MERS…………………………………….......19

      H.    To The Extent Plaintiff MERS' Claim is Equitable
            It Does Not Qualify and Must Be Dismissed…………………21

i

<u>TABLE OF CONTENTS</u> (CONT.)          <u>PAGE</u>

I.    The 3rd Cause of Action for Cancellation of a Written Instrument Fails Because Plaintiff MERS Does Not Have An Interest in the Subject Property Due to it not having an interest in the Robinsons' Property or Security...........................................................22

J.    The 4th Cause of Action for Slander of Title Fails Because California's Recognizes Absolute Litigation Privilege That Bars Recovery for Actions Arising Out of Recordation of Lis Pendens and Enforcement of Judgments..................................24

K.    The Robinsons Maintain Their Right to a Jury Trial Which They Have Demanded Properly And Have Not Waived.............................................25

IV.   CONCLUSION.....................................................25

<u>TABLE OF AUTHORITIES</u>          <u>PAGES</u>

## STATUTORY LAW

Cal.Civ.Code § 47 (b)...............................................24
Cal.Civ. Code § 1550...............................................1
Cal.Civ.Code § 1667...............................................19
Cal.Civ. Code § 2322...............................................17
Civ.Code § 3412...............................................23
Cal.Code Civ.Proc. § 764.045...............................................20
Cal.Corp. Code § 2105...............................................11
Cal. Rev. & Tax.Code § 23304.1...............................................12,13
Cal. Rev. & Tax.Code § 23304.5...............................................12,13
Fed R. Civ. P. 56.............................................*passim*
Fed.R.Civ.P. 38...............................................16
Fed.R.Civ.P. 39...............................................14

## CASE LAW

*Accurate Const. Co. v. Washington,*
378 A.2d 681 (D.C. 1977)...............................................9
*Adickes v. S.H. Kress & Co.,*
398 U.S. 144 (1970)...............................................7
*Aguayo v. Amaro,*
213 Cal.App.4th 1102 (2013)...............................................21

*Algarin v. CTX Mortg. Co., LLC,*
2011 WL 4356513 (D.Nev.,2011)...................................................................14

*Alpha & Omega Development, LP v. Whillock Contracting, Inc.,*
200 Cal.App.4th 656 (Cal. 2011)...................................................................24

*Anderson v. Liberty Lobby,*
477 U.S. 242 (1986)...........................................................................................9

*Armendariz v. Foundation Health Psychcare Services, Inc.,*
24 Cal.4th 83 (Cal. 2000)...............................................................................18

*Bain v. Metropolitan Mortgage Group,*
175 Wash.2d 83 (Wn. 2012)...........................................................................16

*Bank of America v. Nash,*
No. 59-2011-CA-004389 (October 16, 2014, 18th Dist. Florida)...................12

*Brown v. Wells Fargo & Co.,*
284 F.R.D. 432 (D.Minn.,
2012)................................................................................................................10

*Bustamante v. Intuit, Inc.,*
141 Cal.App.4th 199 (Cal. 2006).....................................................................2

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986)...........................................................................................8

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.,*
230 F.3d 934 (7th
Cir.2000)..........................................................................................................10

*Cisco v. Van Lew,*
60 Cal.App.2d 575 (Cal. 1943).......................................................................15

*Citizens for Open Access etc. Tide, Inc. v. Seadrift Assn.,*
60 Cal.App.4th 1053 (Cal. 1998).......................................................................1

*Dearborn v. Grand Lodge, A.O.U.W.,*
138 Cal. 658 (Cal.
1903)................................................................................................................11

*Edison v. Reliable Life Ins. Co.,*
664 F.2d 1130 (9th Cir. 1981).........................................................................21

*Gomez v. Countrywide Bank, FSB,*
2009 WL 3617650 (D.Nev.2009)...............................................................14,15

*Granfinanciera, S.A. v. Nordberg,*
492 U.S. 33 (1989)...........................................................................................25

*Hathaway v. Siskiyou Union High School Dist.,*
66 Cal.App.2d 103 (Cal. 1944).......................................................................15

*In re Agard,*
444 B.R. 231 (Bankr. E.D.N.Y. 2011).............................................................16

iii

<u>TABLE OF AUTHORITIES</u> (CONT.)                    <u>PAGES</u>

<u>CASE LAW</u> (CONT.)

*Jackson v. Metropolitan Edison Company,*
419 U.S. 345 (1974)..................................................................................21

*Kashani v. Tsann Kuen China Enterprise Co., Ltd.,*
118 Cal.App.4th 531 (Cal. 2004)...............................................................19

*La Jolla Group II v. Bruce,*
211 Cal.App.4th 461 (Cal. 2012)...............................................................24

*Lahoti v. VeriCheck, Inc.,*
586 F.3d 1190 (9th Cir. 2009)......................................................................9

*Landmark Nat'l Bank v. Kesler,*
216 P.3d 158 (Kan. 2009)...........................................................................16

*Mena v. City of Simi Valley,*
226 F.3d 1031 (9th Cir. 2000)......................................................................8

*Mesler v. Bragg Management Co.,*
39 Cal.3d 290 (Cal. 1985).............................................................................9

*Miracle Properties v. Kenly,*
412 F. Supp 1072 (1976).............................................................................20

*Mut. Holding Co. v. Limbach,*
71 Ohio St.3d 59 (Ohio
1994)............................................................................................................10

*Myrick v. O'Neill,*
33 Cal.App.2d 644 (Cal. 1939)...................................................................12

*National Mut. Building & Loan Ass'n v. Brahan,*
193 U.S. 635 (1904)....................................................................................12

*Osborne v. Abels,*
30 Cal.App.2d 729 (Cal. 1939)...................................................................23

*Pacific Valley Bank v. Schwenke,*
189 Cal.App.3d 134 (Cal. 1987)...................................................................9

*Palmer v. Valdez,*
560 F.3d 965 (9th Cir. 2009).......................................................................25

*Performance Plastering v. Richmond American Homes of California, Inc.,*
153 Cal.App.4th 659 (Cal. 2007)................................................................12

*Pilgeram v. Greenpoint,*
373 Mont. 1 (Mont., 2013)..........................................................................15

*Precision Co. v. Automotive Co.,*
324 U.S. 806 (1945)....................................................................................21

TABLE OF AUTHORITIES (CONT.)                    PAGES

CASE LAW (CONT.)

*Raines v. Byrd,*
521 U.S. 811 (1997)..................................................................10
*Reina v. Erassarret,*
90 Cal.App.2d 418 (Cal. 1949).................................................23
*Renee v. Duncan,*
623 F.3d 787 (9th Cir. 2010)....................................................20
*Schenley Distillers Corp. v. United States,*
326 U.S. 432 (1946)..................................................................9
*Thoms v. America's Servicing Co.,*
2010 WL 3910083, *4 (D.Nev., 2010).....................................14
*Tom Jones Enterprises, Ltd. v. County of Los Angeles,*
212 Cal.App.4th 1283 (Cal. 2013)............................................24
*United States v. Hays,*
515 U.S. 737 (1995)..................................................................10
*Valero S. Tex. Processing Co. v. Starr County Appraisal Dist.,*
954 S.W.2d 863 (Tex.App. 1997)...............................................10
*Van't Rood v. County of Santa Clara,*
113 Cal. App. 4th 549 (Cal. 2003)...........................................16
*Villegas v. Gilroy Garlic Festival Ass'n,*
541 F.3d 950 (9th Cir.2008).....................................................21
*Wong v. Tenneco, Inc.,*
39 Cal.3d 126 (Cal. 1985)........................................................19


OTHER AUTHORITIES

12 Miller & Starr, California Real Estate, § 34:112, at p. 34-382 (3d ed. 2008)....23

**Declaration of J. Owen Murrin with Exhibits**

    Exhibit 10            Deed of Trust

    Exhibit 47            Note dated February 7, 2005

    Exhibit 48            MERS Trademark Documents (thinned down)

Exhibit 51                     Designation of Foreign Corp-MERSCORP

Exhibit 52                     MERS® System Rules of Membership dated March 18, 2013

Exhibit 60                     Electronic Tracking Agreement for Whole Loan Sale Agreement

Exhibit 61                     Electronic Tracking Agreement for Warehouse Lender

Exhibit 62                     Electronic Tracking Agreement for Gestation

Exhibit 63                     Answers to RFA MERSCORP Admit having no legal interest, no beneficial interest or any aging interest in the loan instrument, note or underlying security

Exhibit 64                     Statement and Designation by Foreign Corporation, Mortgage Electronic Reg. Systems, Inc.

Exhibit 65                     MERS System Rules of Membership from Responses to RFP


**Declaration of Dan Robinson with Exhibits**

Exhibit 53                     Various Documents from Secretary of State- Mortg. Electronic Reg. Systems

Exhibit 57                     Articles of Incorporation Mortgage Electronic Reg. Systems, Inc.

Exhibit 58                     Secretary of State RE: MERSCORP Holdings, Inc.

Exhibit 64                     Statement and Designation by Foreign Corporation, Mortgage Electronic Reg. Systems, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The following matters presented in this Motion for Summary (or for Partial) Judgment should eliminate all or some of Plaintiffs' claims.  The claims either have no standing, and even if they do, Plaintiffs cannot demonstrate that Plaintiffs have sufficient ownership or any rights in this stage in the proceedings to avoid summary judgment. Furthermore, there are procedural matters including a lack of a Federal question which justify Summary Judgment against MERS and MERSCORP at this time.   Plaintiff, Mortgage Electronic Registration Systems, Inc. is referred to herein as MERS, "MERS Delaware," and/or "Plaintiff MERS" to distinguish it from MERS California, a non- party California Corporation, doing business in California as Mortgage Electronic Registration Systems, Inc in 2005 when the Robinsons' transaction occurred.   Plaintiff, MERSCORP Holdings, Inc. is referred to herein as ("MERSCORP")

## II. FACTS

In February, 2005, the Robinsons bought property located at 19127 Romar Street, Northridge, California, 91324, for approximately $1,350,000 ("Subject Property").  See, Defendants' Uncontroverted Fact "DUF" 1.

As part of that purchase, they signed a promissory note ("Note") and a deed of trust ("DOT") with a  lender named United Pacific Mortgage, G.P. ("UPM"). ("DUF" 2 & 4).  The Robinsons were required to sign off on all sorts of documents that they hardly understood.  The Robinsons received absolutely no explanation about the documents that they were signing. No one verbally explained anything to them about Mortgage Electronic Registration Systems, Inc.  (DUF 3) One of the documents called Deed of Trust (DOT") mentioned Mortgage Electronic Registration Systems, Inc. Id.

The Robinsons were never told that there were two companies by the same name:  Mortgage Electronic Registration System, Inc., a California company,

1

"MERS California;" and a different but similarly named Delaware company, "MERS Delaware" or "Plaintiff MERS. The Delaware company was not registered to do business in California at the time, yet it is the Plaintiff company that is suing the Robinsons.  The Robinsons were clueless about all this back in 2005 when it all went down and when they signed the Deed of Trust.  (DUF 6-13)

The Robinsons were never told that Plaintiff MERS was a lender, a beneficiary, an agent of the lender, an agent of the beneficiary, or a nominee of the lender or anything whatsoever. (DUF 5)  The Robinsons were never told MERS Delaware was a company not registered to do business in California, or that MERS Delaware was not the same company (by the same name).  (DUF 6 & 7). Not until November of 2014, after this action was commenced did the Robinsons come to fully appreciate that they did not enter into an agreement with the California-registered company of the same name.  (DUF 7)

As noted, Plaintiff MERS Delaware is the one suing the Robinsons.  This company cannot demonstrate that at the time the Robinsons executed the DOT that Plaintiff MERS Delaware had the capacity to do business in California.  As seen herein, as an unregistered company Plaintiff MERS could not have contracted with the Robinsons. [1] As a result, it is believed that MERS could not have acquired something while so incapacitated.    And even if it could, contrary to what it said, it did not acquire any legal interest or one worthy of notice under the California Quiet Title Statutes.  (See DUF 9) The lender at the time declares and agrees with the Robinsons that no interest was given to Plaintiff MERS. See Wizelman at ¶ 2. What this all means is that MERS Delaware lacks standing to sue, but even if it

---

[1] It is well-established that mutual consent is an essential contract element. See Cal.Civ. Code § 1550. "Contract formation requires mutual consent, which cannot exist unless the parties 'agree upon the same thing in the same sense.' " *Bustamante v. Intuit*, Inc.,141 Cal.App.4th 199, 208 (Cal. 2006). Further, privity of contract requires an identity of interests, or a relationship which is sufficiently close to justify application of the doctrine. See *Citizens for Open Access etc. Tide, Inc. v. Seadrift Assn.*, 60 Cal.App.4th 1053, 1070 (Cal. 1998). The Robinsons had mutual consent with UPM, but not with Plaintiff MERS as they had no idea who they were or that this MERS was involved. This appears to be by design. MERS is never identified nor ever explained. (DUF 3, 5). Plaintiff MERS had no actual privity of contract.

could, it possesses no interest to show that it is entitled to anything under the California Quiet Title Statutes.

Another way of looking at it, is that Plaintiff MERS did not have the ability to do business in California and the Failure of the lender to grant MERS an interest in the Robinsons' property or their security caused Plaintiff MERS Delaware not to have privity with any party in this case. MERS Delaware has produced no documents that it has privity with any of the players at the time, or even that it is the Mortgage Electronic Registration Systems, Inc. that was involved in the Robinson's DOT.   MERS Delaware is not mentioned in the Note (Exhibit 47). Plaintiff MERS Delaware claims to be the MERS in the Robinsons' DOT (DUF 10), but where is the proof?  For reasons discussed hereinafter, relying on the Robinsons as the grantors of the interest in the DOT is putting the cart before the horse. There has to be some agreement between it and the lender to obtain a valid interest, no such agreement exists.

According to Plaintiffs, this is entirely an action for equitable relief.  If so, and to invoke equitable powers, Plaintiffs must show they have clean hands and they cannot do this.

Plaintiffs engaged in (and continue to engage in) perpetrating myths about their organization and who they are.  They use MERS in a confusing and misleading way in violation of the Lanhan Act §15 USC 1125 further reason why they cannot show they have clean hands discussed below.   They operate at the edge of deceit and creating purposeful confusion, not just in this case but in cases around the State of California as well as the United States at large.  They should not be able to invoke the judicial power of the United States District Courts for such mischievous and deceptive ends.

Plaintiffs do not speak the truth about what or who it is they are and how they work.  They hide in the shadows and continue to attempt to whitewash themselves as something they are not. This is further reason for them not having

3

clean hands.  Sometimes MERS' declares itself to be a beneficiary (without meeting the legal requirements of being such); sometimes MERS declares itself to be a nominee/agent without a basis for it; and it has no basis in this case. Sometimes when the tax man cometh, it claims no interests at all as in *Mortgage Electronic Registration System, Inc. v Nebraska Department of Banking Finance*, 270 Neb. 529 (2005).   So what is a party or the courts to believe?  As a court of equity, confronted with such things, this federal court should not try to figure such confusing things out other than to determine Plaintiffs do not have clean hands and the case should be dismissed.  This is part of the clean hands doctrine discussed below.

If there is such a thing as *collateral estoppel,* the Plaintiffs have made a mockery of it because they are one thing today and another thing tomorrow depending on what they want to happen at the time. They are thumbing their nose at precedent and *stare decisis*, but are not candid to their adversaries and the court about who they are and what interest they really acquire.

According to Daryl Wizelman, speaking for the actual lender, (DUF 9), Plaintiff MERS Delaware was nothing more than a registry of borrowers' information. UPM only listed MERS in the DOT as a reporting requirement. (DUF 10)  As will be seen, Plaintiff MERS is not an operative company other than a shell for its parent company. As such it does not have the capacity to own an interest. It is a shell corporation with no employees, operated by or actually acting as the alter ego of its parent company Plaintiff MERSCORP. For further proof of this, see Expert Declaration of Robert Janes laying this out in impeccable detail.  (DUF 8.) Said another way, Plaintiff MERS cannot show that it possesses the kind of interest that entitles it to notice under the California Quiet Title Statutes, because the way it was set up, it was structurally incapable of being able to own anything or contract with anyone. (*Id.*)

Plaintiff MERS Delaware uses the initials MERS, to represent "Mortgage Electronic Registration System, Inc." See reference in DOT, (Exh. 10) This is not the same thing as the trademark known as MERS®, and the MERS registry, or the MERS System. Those things are all assets, trademarks, and interests- all owed solely by the parent company MERSCORP. See Exhibit 48.

The parent company of MERS Delaware is MERSCORP and it solicits lenders and maintains the electronic membership database known as the "MERS® System." (See MERS Rules of Membership, Exh. 52,  page (2), and /or Exh. 65 MERS0000036 another version).    Also, as noted above, Plaintiff MERS has no employees and is therefore incapable of acting on its own.  (Janes Declaration, ¶ 7(a)) (DUF 8) Plaintiff MERS Delaware depends on Plaintiff MERSCORP to act for it.   As will be seen these are two separate entities and they cannot be blurred. (DUF 16) MERSCORP deceptively convinces its member lenders to place its "child company" (MERS) in deeds of trust and mortgages.  (DUF 16 & 20) But at all times it owns and controls everything. Id. For example, in this case while Plaintiff MERSCORP was registered in California since 1999, it is not a party with the Robinsons or their real estate and loan transactions. (DUF 20) MERSCORP rides the coat tails of its subsidiary MERS to claim its rights, but it has none of its own rights and it has produced no assignment of MERS rights. (DUF 20)  It admits it's non- involvement.  (DUF 16) Unlike MERS whose name at least appears in the DOT, MERSCORP's name was not in the DOT or Note or anything that the Robinsons executed.  (DUF 16)   Plaintiffs  have also failed to produce an actual agreement with UPM in this case that  might give it standing or capacity to act as claimed in their Amended Complaint, and required by the law of agency.

If there is an arrangement with the lender UPM, under Plaintiffs' business model, it would be with Plaintiff MERSCORP, not Plaintiff MERS. (DUF 21) Although it is denied there is any such arrangement at all.  Therefore, even if there is an interest worthy of notice under the California Quiet Title statutes, it is an

5

interest that would be possessed by Plaintiff MERSCORP, not its wholly-owned subsidiary, MERS.  These two entities, are separate and distinct under the law, and must stand on their own and be viewed separately.  Neither have interest in the Robinsons' property or Deed of Trust.  (DUF 21)

Plaintiff MERS attempts to rely upon the DOT language to maintain its standing and/or capacity to act, but, as noted above, and mentioned in more detail with case citations, the borrower has no power or authority to grant a right or interest in property ownership, let alone enter into a contract to give an unregistered entity an agency or beneficiary relationship with another party.  That authority must come from a lender, and as noted above, UPM disavowed having given out such an interest.  (DUF 7, 8 & 9) The Robinsons, themselves disavow such a grant.  (DUF 7) Plaintiffs have failed to come forward to produce any such documents or material to show some grant or rights.

Before this motion, counsel for the parties had a meet and confer, and the undersigned asked if Plaintiffs wanted more time or needed more discovery. The Plaintiffs answer was no. (See Murrin Declaration, ¶ 1)

Plaintiff MERS, is the entity listed in the DOT, was not registered to do business in the State of California in 2005 when the Note and DOT were executed and recorded. (DUF 11) It therefore lacks statutory capacity from the beginning according to California Law.

Since the beginning of the loan on the Subject Property, the Robinsons realized that their contact was with a servicer, not the lender, and that the servicer had no accountability to them or anyone. Subsequently, the servicers started to change and turnover. (DUF 12).

One of the servicers admitted making a mistake on how to account for the taxes and insurance after improperly impounding monies and reporting them delinquent. Another added on interest without cause. This resulted in the Robinsons

6

DEFENDANTS' POINT AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT

1  being reported adversely to the credit agencies and ruined their credit at the time.
2  (DUF 13).

3      Presently, there has been no adjustment to the principle balance on the loan.
4  The Robinsons have attempted numerous communications with the alleged
5  servicers, but no satisfactory adjustments to their Note have ever occurred. This is
6  what caused them to seek legal counsel. (DUF 14)

7      The Robinsons are not seeking to get out of paying a debt and they never
8  responded to such advertisements to do so. They are current on their payments.
9  Attorney Al West was recommended to the Robinsons by a personal source. (DUF
10 15). Al West does not maintain his own website, nor has he given permission to
11 anyone to act in his stead to set up and maintain a website, nor does he advertise or
12 suggest that a free house can be had through his services.   See Declaration of Al
13 West. (DUF 15).

14     The only "Mortgage Electronic Registration Systems, Inc." (MERS) that
15 could have been in business in California when the Robinsons' bought the property
16 and took out the loan, is no longer in business, and was not in business in 2013
17 when Robinsons engaged the California Quiet Title procedure.  There is no need to
18 give a defunct corporation notice under the Quiet Title.

19     Plaintiff MERS never perfected any other filing in public records or in land
20 or title records relating to the Robinsons case to distinguish itself from the
21 company of the same or similar name owned by Al Seastrand or to give them
22 notice they had such an interest. A search of the California Secretary of State
23 complete records does not show any company other than Seastrand's "Mortgage
24 Electronic Registration System, Inc." who was legally authorized to do business in
25 the state of California in 2005. (DUF 16).

26     This also justifies and or explains why Plaintiff MERS was rightfully served
27 as an unknown party pursuant to Code Civ.Proc. § 760.060(a), by publication.  As
28 the declaration of Dan Robinson explains, when he did the Quiet Title action, he

7

Case 2:13-cv-07142-PSG-AS   Document 86   Filed 01/12/15   Page 15 of 33   Page ID #:1927

looked and found the company that was in business under the name of Mortgage
Electronic Registration Systems, Inc. to be no longer in business and never
appreciated that there was another company by the same name until these
proceeding were commenced. DUF 7.  That in part was one of the reasons notice
was not given to Mortgage Electronic Registration Systems, Inc as part of the
Quiet Title action.   (DUF 7)

Moreover, and maybe as important as anything, Plaintiffs cannot show that if
federal relief is granted that they would be able to prevail if the matter goes back to
another Quiet Title proceeding in the State of California.  Unless, it can be shown
that Plaintiff MERS can prevail, this action is futile and the case should be
dismissed with prejudice. Further, if the California court provides a remedy, there
is no need for a federal court's attention to this.

The following causes of action have been put forth by Plaintiffs. The
Robinsons are requesting summary judgment as to each and every one or partial
summary judgment (or summary adjudication) as to any one or more of them.
They are:

1.       Declaratory Judgment to set aside the California Quiet Title Judgment
2.       Declaratory Judgment to challenge the constitutionality of the
         California Quiet Title Statutes
3.       Cancellation of Written Instruments
4.       Slander of Title

## III. DISCUSSION AND ANALYSIS

### A. Standards on Summary Judgment

Summary judgment is proper "if the pleadings' depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show
that there is no genuine issue as to any material fact and the moving party is
entitled to a judgment as a matter of law."  Fed R. Civ. P. 56, *Celotex Corp. v.
Catrett*, 477 U.S. 317, 323 (1986); accord, *Mena v. City of Simi Valley*, 226 F.3d
1031, 1036 (9th Cir. 2000).  Summary judgment is appropriate only if "the movant

8

shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(a). In making that determination, a court must view the evidence "in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 157 (1970); *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

Summary judgment also lies on "all or part of a claim." Fed. R. Civ. Proc. 56(a). "The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case ... and likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact." *Lahoti v. VeriCheck, Inc*., 586 F.3d 1190, 1202, fn. 6 (9th Cir. 2009), citing to Fed.R.Civ.P. 56(d) & advisory committee's note.

## B. Plaintiff MERSCORP Lacks Standing or Any Interest Related to This Matter, and Must be Dismissed

Plaintiff MERSCORP is the parent company of subsidiary Plaintiff MERS, and was incorporated in Delaware.  Plaintiff MERSCORP registered as a foreign corporation in California in 1999. (DUF 16)  Plaintiff MERSCORP is not listed on the DOT, or promissory note, or other paperwork related to this matter.   MERS is the only company listed on any Deed of Trust or Note. (DUF 1 & 2). The parent corporation (Plaintiff MERSCORP) admits that Plaintiff MERS is its wholly owned subsidiary, and that they have no legal, beneficial or agency interest in the loan interest (DUF 16).

Parent corporations are separate entities from their subsidiaries.  They are unable to assert the interests of their subsidiaries and lack standing to sue. See *Schenley Distillers Corp. v. United States*, 326 U.S. 432, 435-36 (1946). "Corporate entities are presumed to have separate existences." See *Laird v. Capital Cities/ABC, Inc*., 68 Cal.App.4th 727, 737 (Cal. 1998), overruled on other grounds, *Reid v. Google, Inc*., 50 Cal.4th 512, 524 (Cal. 2010), accord, *Mesler v. Bragg Management Co*., 39 Cal.3d 290, 300 (Cal. 1985).

9

A plaintiff has the burden to demonstrate standing for each claim that it asserts. See *Daimler Chrysler Corp. v. Cuno*, 547 US 332, 352 (2006). "Standing is not subject to waiver," *United States v. Hays*, 515 US 737, 742 (1995). To establish Article III standing, "a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 US 811, 819 (1997).

Other state and federal jurisdictions concur. See *Mut. Holding Co. v. Limbach*, 71 Ohio St.3d 59, 60, 641 N.E.2d 1080 (Ohio 1994). "Generally, a parent and subsidiary are separate and distinct legal entities"; *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir.2000), Parent corporations and their subsidiaries are "separate entities and the acts of one cannot be attributed to the other"; "There is that a parent corporation is separate entity from its subsidiary." *Brown v. Wells Fargo & Co.*, 284 F.R.D. 432, 441 (D.Minn., 2012); See also *Valero S. Tex. Processing Co. v. Starr County Appraisal Dist.*, 954 S.W.2d 863, 866 (Tex.App. 1997), [For the purposes of legal proceedings, subsidiary corporations and parent corporations are separate and distinct "persons" as a matter of law, and the separate entity of corporations will generally be observed by the courts even where one company may dominate or control the other company, or treats the other company as a mere department, instrumentality, or agency.]

Thus, since Plaintiff MERSCORP chose to <u>not</u> have its name on the DOT or on any other mortgage paperwork, never mentioned themselves to the Robinsons. MERSCORP lacks standing to sue as they are not a real party at interest to any actions of the DOT at the time it was executed.

There is no genuine issue of fact as to Plaintiff MERSCORP's interest or lacking standing to sue, so the Robinsons are entitled to summary judgment as a matter of law.

10

### C. Plaintiff MERS Lacks Capacity to Contract Due to Not Having Been Empowered to Do Business in the State of California

With the Judgment for Quiet Title and the voiding and expungement of the DOT, MERS, without capacity at the time of the execution of the DOT and Note, lacks the capacity to bring an action against the Robinsons. It is believed that with the court being privileged to the new revelation that the Plaintiff MERS in effect is not the entity that had the power to use the name in 2005, or do business in California, that it must find all documents created voidable for Plaintiff MERS lack of capacity to contract in 2005. As a result, Plaintiff MERS acquired nothing and it has no standing or right to pursue legal claims under the California Quiet Title action. (DUF 5,10). A moot matter is not judiciable.

When debtors and a creditor enter into a note and deed of trust, those documents constitute one loan contract. See *Pacific Valley Bank v. Schwenke,* 189 Cal.App.3d 134, 141 (Cal. 1987). Included in the category of "persons capable of contracting" are private corporations. See *Dearborn v. Grand Lodge, A.O.U.W.*, 138 Cal. 658, 663 (Cal. 1903). Plaintiff MERS is a foreign corporation that was incorporated in Delaware, and by their name being put on this California DOT, was conducting business in California. A foreign corporation must obtain a certificate of qualification from California's Secretary of State in order to transact intrastate business. See Cal.Corp. Code § 2105 (a). Thus, even if Plaintiff MERS was the company meant in the DOT, it was illegal to do so without being registered as a foreign corporation with the California Secretary of State when the DOT was signed. (DUF 9) As noted before, Plaintiff MERS was not so registered.

In fact, Plaintiff MERS was illegally conducting business in California as a foreign corporation without paying corporate taxes owed. It is established that a contract entered into by a corporation not authorized to do business is voidable by the other party. See Cal. Rev. & Tax.Code § 23304.1 (a), *Myrick v. O'Neill,* 33 Cal.App.2d 644, 647–648 (Cal. 1939). That other party can have the contract

11

declared voidable in a lawsuit brought by either party with respect to the contract in a court of competent jurisdiction. See Cal. Rev. & Tax.Code § 23304.5, *Performance Plastering v. Richmond American Homes of California, Inc.*, 153 Cal.App.4th 659, 669 (Cal. 2007).  Even before California enacted these Revenue and Taxation codes, the U.S. Supreme Court recognized a common law right of States to sanction foreign corporations who violated its laws of incorporation and paying corporate taxes, having the right "[t]o impose conditions upon foreign corporations doing business in the state to the extent of holding the contracts of the corporation void which were entered into in violation of the conditions." *National Mut. Building & Loan Ass'n v. Brahan*, 193 U.S. 635, 650 (1904).

Specifically as to a deed of trust, in *Chattanooga Nat'l Bldg & Loan Ass'n v. Denson*, 189 U.S. 408, 413-15(1903), the United States Supreme Court voided an Alabama deed of trust where the foreign corporation was not licensed to do business in Alabama at the time that the deed of trust was signed. See also *Accurate Const. Co. v. Washington*, 378 A.2d 681, 683 (D.C. 1977), [Construction corporation, whose articles of incorporation had been revoked for failure to file annual reports at time that deed of trust was executed and determined to lack capacity to contract, and thus the deed of trust was void.]  More recently in *Bank of America v. Nash*, No. 59-2011-CA-004389, * 2-3 (October 16, 2014, 18th Dist. Florida), a Florida state court held that parent company Bank of America did not have standing, nor did a subsidiary "America's Wholesale Lender", who did not have authority to do business in the State of Florida. A copy of this case is attached to the form requesting judicial notice of this case.  This case is attached and judicial notice of it requested.

Here, Plaintiff MERS was a foreign corporation illegally conducting business in California in 2005 when the DOT was signed. Because of that and its failure to pay its taxes while conducting illegal business, this contract is voidable pursuant to Cal.Rev. & Tax.Code §§ 23304.1 (a) and 23304.5, and the common law. This court

should consider the DOT void as to Plaintiff MERS, or under the clean hands doctrine, dismiss the case as something a federal court sitting in equity cannot condone.

**D.    Plaintiff MERS Lacks any Standing or fails to be able to show that it has an enforceable interest that might qualify it for Notice under the California Quiet Statutes**

Among the many claims by Plaintiff MERS is that they have an interest at the level required to qualify for standing or under the California Quiet Title action. It rests its entire case on it being a beneficiary or agent under the DOT. However, Plaintiffs' uncontroverted declaration from UPM Corporate Officer Daryl Wizelman provides the evidence that Plaintiff MERS was never a beneficiary, agent or anything else worthy of notice under the California Quiet Title Statutes by reason of this DOT. (DUF 9, 10)

Plaintiff MERS' own membership rule would not allow it to be such under property deeds of trusts. (DUF 17)

> "MERS shall have no rights whatsoever to retain any payments made on account of a MERS Loan, to any servicing rights related to MERS Loans, or to retain any mortgaged properties securing MERS Loans. MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to MERS Loans or mortgaged properties." MERS 2013 Systems Rules of Membership, p. ii

Also in another document entitled Warehouse Lender Agreement (Exh. 61 at. p 8, last para.), the following agreement seems to be an admission that MERS has no interest:

> MERS agrees that in no event shall MERS' status as mortgagee of record with respect to any MERS Designated Mortgage Loan confer upon MERS any rights or obligations as an owner or any MERS Designated Mortgage Loan or the servicing rights related thereto, and MERS will not exercise such right unless directed to do.

Unless, MERS comes forward to show that this or some right like that was exercised, it cannot meet its burden to overcome Robinsons' request for Summary Judgment.  None has been disclosed during discovery.

13

Many courts fully reviewing the whole story to Plaintiff MERS' claims to being a beneficiary, have held that this is an intentional misstatement of the truth. See *Algarin v. CTX Mortg. Co., LLC*, 2011 WL 4356513, *1, fn.1 (D.Nev., 2011), "But it is obvious from the MERS' 'Terms and Conditions' that MERS is not a beneficiary as it has no rights whatsoever to any payments, to any servicing rights, or to any of the properties secured by the loans. To reverse an old adage, if it doesn't walk like a duck, talk like a duck, and quack like a duck, then it's not a duck. " *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2, fn. 1 (D.Nev.2009); "Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. . . It cannot be stressed enough that calling MERS a beneficiary in a deed of trust does not make it so"; *Thoms v. America's Servicing Co*., 2010 WL 3910083, *4 (D.Nev., 2010), "

Likewise MERS is not an agent either. UPM was the lender and beneficiary in the DOT. Plaintiff MERS uses the term in the DOT "nominee" (or agent) by unilateral fiat. Somehow, MERS believes they can create through the Robinson's signature only, in a deed of trust not signed by any principal, an agency between MERS and the lender and without UPM being involved or a signatory. MERS claims the Trustee, now U.S. Bank, has somehow given that power retroactively, but this can't be done retroactively, as one is either acting as an agent at the time or not. On top of that, UPM was the lender at the time. To be an agent, one must have a principal in place. But even if U.S. Bank could create a retroactive agency, there is nothing provided by Plaintiff MERS which shows that U.S. Bank, created such an agency relationship with it.

Plaintiff MERS is, in reality nothing more than an electronic registry of information that helps speed up the securitization of mortgages and forfeitures, and illegally avoids state and county registration laws (and fees). They use "Electronic Tracking Agreements," at Exhibit 60,"Gestation Agreements" at Exhibit 62, "Warehousing Lender Agreement," at Exhibit 61. (DUF 18) Plaintiff MERS also

14

has no power to act in any capacity that they claim. However, what they do not have are actual principal/agent agreements.

Plaintiff MERS cannot ask this court essentially to overturn 164 years of agency law and general ownership law in California to satisfy their "business model," which is based upon a unilateral grant from the borrower not the principal (the lender) to establish.   Its business model wants to obliterate this law and pretend that mutuality of contract with the principal is no longer necessary.   They also believe they can act for the principal without control or authority to act from a principal. The Robinsons would like to see these agreements in the flesh. The information from Mr. Wizelman, the owner of UPM and Mr. Janes an expert in this area, contradicts what they say in this point.

**Under California law,  MERS, as a nominee would not give MERS the kind of interest it needs to prevail.  "The word 'nominee' connotes the delegation of authority to the nominee in a representative capacity only, and does not connote the transfer or assignment to the nominee of any property in or ownership of the rights of the person nominating him**." See *Cisco v. Van Lew*, 60 Cal.App.2d 575, 583-84 (Cal. 1943). Further, just because a party signs a deed of trust, does not mean the agency and principal have worked out an agency agreement. See *Pilgeram v. Greenpoint*, 373 Mont. 1, 9 (Mont., 2013), "the DOT only states that 'Borrower understands and agrees' that MERS' was a nominee of the lenders, not that the lenders themselves granted MERS authority."

UPM Corporate Officer Daryl Wizelman stated under penalty of perjury that Plaintiff MERS was never an agent for them, and is unauthorized in claiming to be to be an agent. (DUF 9, 10). The law indulges in no presumption that an agency exists, but presumes that a person is acting for himself. See *Hathaway v. Siskiyou Union High School Dist.*, 66 Cal.App.2d 103, 111 (Cal. 1944). Merely declaring yourself to be an agent in a contract does not make you an agent. See *Gomez*, 2009 WL 3617650 at *2, fn. 1.  Actual agency is "when the agent is really employed by the principal." Cal.Civ.Code § 2299. The "formation of an agency relationship is a bilateral matter.

Words or conduct by both principal and agent are necessary to create the relationship...." *Van't Rood v. County of Santa Clara*,113 Cal. App. 4th 549, 571 (Cal. 2003),   The Robinsons could not have ratified the claimed "agency" relationship of Plaintiff MERS when they had no knowledge of who Plaintiff MERS was in 2005 when the DOT was signed (DUF 4), especially in light of the fact that this MERS entity was operating as an unregistered entity in the State of California.

Many courts have already held that Plaintiff MERS' claims of being an agent by calling themselves a "nominee" in the deeds of trust does not make them an agent, and is a deceitful claim. In *Bain v. Metropolitan Mortgage Group*,175 Wash.2d 83, 107 (Wn. 2012), the court held that the lender's nomination of MERS did not give rise to an agency relationship with successor noteholders so as to have authority to appoint a trustee to initiate foreclosure proceeding. Further, the *Bain* court held, as this court should, that Washington law requires agents to be controlled by a principal. *Id.*

**In fact, the facts show that MERS is neither an agent nor beneficiary, but nothing more than a straw man or Shell Corporation.**   As such, Plaintiff MERS does not have a right to receive notice under the California Quiet Title statutes. See *Landmark Nat'l Bank v. Kesler*, 216 P.3d 158, 166 (Kan. 2009), which reads,

> "the relationship that MERS as to Sovereign is more akin to that of a straw man than to a party possessing all the rights given a buyer".

Plaintiffs MERS's very own Membership Rules establishes that they are also not an agent. See *In re Agard*, 444 B.R. 231, 252 (Bankr. E.D.N.Y. 2011), vacated in part,  but not as to this finding, in Agard v. Select Porfolio, Inc., No. 10-77338, 2013 WL 1043690.  The Robinsons' expert firmly supports the scenario that MERS has no ownership or interest at any level entitling it to notice under the Quiet Title Statutes.  See Exhibit B.   Even, if Plaintiff MERS was an agent of UPM, under California law, they could not then unilaterally act or unilaterally define what the scope of their agency is, or operate as a "principal-less agent." See

16

Cal.Civ. Code § 2322, "An authority expressed in general terms, however broad, does not authorize an agent to do any of the following: (a) Act in the agent's own name; or (b) Define the scope of the agency." What MERS has done violates this law and agency law in general.  At the very least this information is sufficient for the federal court sitting in equity to dismiss this matter because it goes to MERS not having clean hands.

**E.      For All The Above Reasons, Plaintiff MERS Lacks Standing And Is Not Capable Of  Owning Anything,  Plaintiff MERSCORP, The Parent Company Owns Everything**

As discussed above, Plaintiff MERS has no interest, and as a mere shell Corporation, controlled and owned by MERSCORP has been set up, by MERSCORP to own nothing.  Because it is a shell and cannot own or do anything on its own, it cannot have an interest in anything for purposes of pursuing a Quiet Title Action. For additional proof that this is a mere shell corporation with these attributes, see again the expert report and declaration of Robert Janes, attached as Exhibit B.

There is no genuine issue of fact as Plaintiff MERS lacks standing to sue and/or is incapable of owning anything. The emperor truly has no clothes on despite any protestations to the contrary, and the Robinsons are entitled to summary judgment as a matter of law.

**F.      The Deed of Trust Should Also Be Set Aside as to Plaintiff MERS (Delaware) For Reasons of Unconscionability and Against Public Policy**

The DOT itself should be voided as to Plaintiff MERS as the product of fraud and unconscionability. First, the DOT was not an arm's length agreement, it was an adhesive agreement, "[a] standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.' *Armendariz v. Foundation Health Psychcare Services, Inc*., 24 Cal.4th 83, 113 (Cal. 2000).

**1.      The DOT as to Plaintiff MERS is Unconscionable as it Required the Robinsons to "Agree" to an Agency Relationship That Never Existed, and Involves MERS Conducting Business Illegally**

17

The Robinsons did not know who Plaintiff MERS was when the DOT was given to them for signature. (DUF 3, 5)  Also at that time, the Robinsons did not know that Plaintiff MERS was a foreign corporation not registered in California. Since no explanation was given who they are, how could the Robinsons know? The Robinsons also did not know that Plaintiff MERS was in fact not an agent or a beneficiary of UPM. (DUF 9, 10)

A contract may be held to be unconscionable pursuant to Cal.Civ.Code § 1670.5, subdivision (a) states: `If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." *Armendariz*, 24 Cal.4th at 114.

Here, the adhesive nature of the DOT renders it unconscionable. Plaintiff MERS' falsely stating that they are a beneficiary and an agent when neither is true or ever existed in this case, and asking the Robinsons to agree to these falsehoods renders it substantively unconscionable. Because the Robinsons did not know that Plaintiff MERS was not legally authorized to conduct business in California and did not know that they were not an agent of UPM or beneficiary to the DOT, the DOT as to Plaintiff MERS is both procedurally and substantively unconscionable, and should be unenforceable as to Plaintiff MERS' claimed right to enforce any rights under the DOT.

**2. The DOT as to Plaintiff MERS is Void and Illegal, Against Public Policy as to Their Claims of Being a Beneficiary of the DOT and an Agent for UPM Were a Material Misrepresentation to the Robinsons**

As noted above, Plaintiff MERS is not a beneficiary to the DOT, and was not an agent for UPM. (DUF 9, 10, and 17) or anything else.  These claims were deliberately misrepresented by Plaintiff MERS, and made without the authorization of UPM. These misstatements were deceitful and thus fraudulent contractual terms that

18

render the DOT void as to Plaintiff MERS' claimed right to enforce the rights under that contract.

A contract is unlawful in California law if it is contrary to the policy of express law, though not expressly prohibited, or contrary to good morals. See Cal.Civ.Code § 1667. An unlawful contract may not serve as the foundation of any action, either in law or in equity, and when the illegality of the contract renders the bargain unenforceable, a court will leave the parties where they were when the action was begun. See *Kashani v. Tsann Kuen China Enterprise Co., Ltd.,* 118 Cal.App.4th 531, 541 (Cal. 2004). "No principle of law is better settled than that a party to an illegal contract cannot come into a court of law and ask to have his illegal objects carried out ..." *Wong v. Tenneco, Inc*., 39 Cal.3d 126, 135 (Cal. 1985).

**G.   There Is A Lack Of Material Facts To Support a Federal Subject Matter Jurisdiction Under Title 28 U.S.C. § 1331, and this Cause of Action Must Therefore Be Dismissed With Prejudice as to Plaintiff MERS**

The only cause of action that supports federal jurisdiction is the second cause of action entitled "Declaratory Judgment for violation of due process under the 5th and 14th amendments of the United States Constitution and Article I. Section 7 of the California Constitution."

First, this cause of action should fail for lack of a sufficient property interest as stated above, but even if the court finds a sufficient scenario, there is no due process violation under the federal constitution.  The reasons for this are as follows:

Plaintiff MERS alleges that the California Quiet Title Statutes do not apply to it. They cite Cal.Code Civ.Proc. §§ 760.010-764.045, and say at ¶ 99 of the First Amended Complaint, that the California Quiet Title statutes "do not require notice of pending quiet title action(s) to those holding plainly recorded security interests in property."  If this is true, then no wrong or justiciable controversy is presented.

19

Asking a federal court to rule on the constitutionality of a matter that may not create a harm is also a matter that fails for lack of ripeness. Thus, this is a non-justiciable situation and one a federal court is not allowed to entertain. "Article III justifiability is a prerequisite to reaching the merits of the dispute." *Renee v. Duncan*, 623 F.3d 787, 795 (9th Cir. 2010).

Stated another way, Plaintiffs do not have a constitutional issue for the following reasons:

1.      There is nothing about the statutes that harms Plaintiff MERS because they did not receive notice in this situation and Plaintiff MERS is not being affected by lack of notice. Cal.Code Civ. Proc. § 764.045 provides that the judgment entered in a Quiet Title action does not affect a claim in the property or a part thereof of any persons who are not parties to the action if the claim was of record at the time in the DOT, which it was. (Declaration of John Murrin, Ex. 37) (An undisputed fact, although they were served by publication with all unknown parties.), and the claim was actually known. This judgment does not affect Plaintiff MERS because they were not made a party and they say their claim was of record.

2.      If notice was not given properly, then that is a user issue (committed by Robinsons and their lawyer), and is not a state action issue which is required to reach a constitutional determination. This issue was discussed in *Miracle Properties v. Kenly*, 412 F. Supp 1072 (1976), an action challenging the constitutionality of a sale of real property by a deed of trust. In *Miracle Properties*, the court found the regulations imposed in the state of Arizona for the sale of real property is a private contractual arrangement are for the protection of all parties involved,  and in no way clothes the action as one with traditional state powers. *Id.* at 1075. "[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir.2008).  Plaintiffs must demonstrate "a sufficiently close nexus between the State and the challenged action of the regulated entity (action) so that the action of the

20

latter may be fairly treated as that of the State itself." See *Jackson v. Metropolitan Edison Company*, 419 U.S. 345, 351 (1974). There are no facts to show a nexus in this situation.

Because no federal question exists as to the constitutionality of the California Quiet Title statutes, there is no genuine issue of fact, and the Robinsons are entitled to summary judgment.

### H.   To The Extent Plaintiff MERS' Claim is Equitable It Does Not Qualify and Must Be Dismissed

According to Plaintiffs' opposition to Defendants' Motion to Consolidate case.  Page 1, and in page 1 of the Joint Stipulation regarding Plaintiff's Motion for a Protective Order, the Plaintiffs' say:

> "Plaintiffs seek purely equitable relief in this action – declaration of invalidity of the quiet title judgment." (See Plaintiffs' Opposition to Motion to Consolidate, No. 2:13-cv-07142, ECF No. 72 at 1)

Under the scenario that Plaintiffs are only presenting equitable claims, or only have equitable claims left, those claims are subject to scrutiny as qualifying for equitable relief. Plaintiffs, in fact, don't have clean hands, and are not entitled to equity in this case. Generally, the equitable doctrine called the clean hands doctrine requires a party seeking equity has conducted himself above boards in all respects. See *Precision Co. v. Automotive Co.*, 324 U.S. 806, 814-815 (1945). "The doctrine of unclean hands is a defense to an equitable action, including an action to quiet title. . .The doctrine demands that a plaintiff act fairly in the matter for which he seeks a remedy. He must come into court with clean hands, and keep them clean, or he will be denied relief, regardless of the merits of his claim." *Aguayo v. Amaro*, 213 Cal.App.4th 1102, 1110 (2013).

Plaintiff MERS does not come into this case with kind of clean hands. Perhaps few cases have as much uncleanliness as these characters.  While this has been covered somewhat and is voluminous, here is a few of the examples that definitively show Plaintiffs are unworthy of equitable relief:

1. MERS was not registered in the State of California at the time in 2005 when this transaction took place.  Until it became registered, it did not have the capacity to consent and enter into a contract so it is not entitled to equitable relief to enforce the contract.  The parent company registered itself in 1999. It remains in good standing today. There is no excuse why MERS itself could not have been registered as well.   That is 6 years of lost tax revenue to the state of California.

2. Plaintiffs are not the entities that they say they are,

3. Plaintiffs mix and match in the usage of the name and use it to deceive in violation of the Lanham Act above described.

4. MERS claim to be a beneficiary when they are not one.  It claims to be an agent when they are not one, and it claims to have no interest when the tax authorities want to tax them. See *Mortgage Electronic Registration System, Inc. v Nebraska Department of Banking Finance*, 270 Neb. 529 (2005).

5. Plaintiffs are not a team. MERS is a shell and a manipulative device owned and operated by Plaintiff MERSCORP who in itself stays in the shadows or behind the scene but reaps all the benefits and keeps all the money.

6. MERS is merely a front and a shell for Plaintiff Merscorp.

Plaintiffs wants the court to condone its chameleon like characteristics.

These are misleading communications, calling itself a beneficiary, agent or straw man (DUF 9, 10, 17) and engaged in activity that deprives the local recording offices of valuable filing fees.  Since Plaintiff MERS does not have any semblance of clean hands, the court as a court sitting in equity cannot hear this case. Thus, there are no genuine issues of fact as to Plaintiff MERS' unclean hands, and the Robinsons are entitled to summary judgment as a matter of law.

**I.      The 3rd Cause of Action for Cancellation of a Written Instrument Fails Because Plaintiff MERS Does Not Have An Interest in the Subject Property Due to it not having an interest in the Robinsons' Property or Security**

Pursuant to Civ.Code § 3412, Grounds for Cancellation, any party with an interest may have any written instrument cancelled where "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable."

However, as set forth hereinabove as Headnote C, Plaintiff MERS does not have capacity to contract because of their being a foreign corporation that had failed to register with the Secretary of State and had failed to pay their corporate taxes when the DOT was signed. (DUF 11) Also in Headnote D, Plaintiff MERS was not a beneficiary to the DOT and was not an agent for lender UPM, and its other interests are not sufficient to give the kind of interest required either standing to sue or the kind required under the California Quiet Title Statutes. (DUT 9, 10, and 17)

Like a cause of action for quiet title, a plaintiff "without any title or interest in the property one cannot maintain" a cause of action. See *Osborne v. Abels,* 30 Cal.App.2d 729, 731 (Cal. 1939); see 12 Miller & Starr, *California Real Estate*, § 34:112, at p. 34-382 (3d ed. 2008) ["A person who does not have an interest in a parcel of real property cannot bring an action to cancel a deed or mortgage regarding the property."]. "As a general rule a party to the contract or a privy thereto, and he alone, is entitled to maintain a suit to cancel or rescind it, and one who is a stranger to, or has no interest in, the subject matter of the suit is not ordinarily entitled to such relief...." *Reina v. Erassarret*, 90 Cal.App.2d 418, 423-24 (Cal. 1949).

Because Plaintiff MERS lacks standing to sue and lacked capacity to contract as discussed above, and UPM did not convey it any interests, MERS is not in a position to cancel the Quite Title Judgment, and this case must be dismissed. Also claiming title based upon a DOT with flaws above described cannot withstand the requirements imposed by law on one who wants to bring a cancellation action. As such, the third cause of action should be properly dismissed.

There are no genuine issues of fact as to Plaintiff MERS's lack of standing to cancel written instruments under the Subject Property or DOT, and the Robinsons are entitled to summary judgment as a matter of law.

**J.      The 4th Cause of Action for Slander of Title Fails Because California's Recognizes Absolute Litigation Privilege That Bars**

23

**Recovery for Actions Arising Out of Recordation of Lis Pendens and Enforcement of Judgments**

Plaintiff MERS cannot maintain the Slander of Title cause of action because it is based upon the recording of a lis pendens and judgment, two actions that have been held to be barred by the absolute litigation privilege. Plaintiffs claim defendants engaged in slander of title by recording of the lis pendens and judgment that flowed out of the Quite Title action (DUF 19)

A Slander of Title cause of action fails because this cause of action  arose out of litigation which is absolutely protected under the litigation privilege of Cal.Civ.Code § 47 (b). There is a practically identical federal privilege called the litigation privilege.

It is now settled in that a cause of action for Slander of Title based upon the filing of a lis pendens or a judgment and enforcement proceedings are absolutely privileged. The recording of written instruments from a Quiet Title action and Lis Pendens are absolutely privileged under Cal.Civ.Code § 47 (b). See *La Jolla Group II v. Bruce*, 211 Cal.App.4th 461, 474 (Cal. 2012). There is no " 'lack of evidentiary merit exception' " under the litigation privilege statutes. See *Alpha & Omega Development, LP v. Whillock Contracting, Inc.*, 200 Cal.App.4th 656, 666-67 (Cal. 2011). Further, any action for the execution of a judgment is also held to be absolutely privileged. Judgment enforcement efforts in connection in relation to levies and abstracts of judgment are privileged, "extension[s] of th[e] judicial process" likewise are "logically and legally related to the realization of a litigation objective—that is, collection of a judgment." *Tom Jones Enterprises, Ltd. v. County of Los Angeles*, 212 Cal.App.4th 1283, 1296 (Cal. 2013).

Because of this absolute privilege, there are no material facts that can in any way provide Plaintiff MERS with any right to bring a cause of action for Slander of Title, and cause of action no. 4 must be dismissed as a matter of law.

As such, there are no genuine issues of fact as to the viability of the Slander of Title cause of action under the litigation privilege, and the Robinsons are entitled to summary judgment as a matter of law.

24

### K. The Robinsons Maintain Their Right to a Jury Trial Which They Have Demanded Properly And Have Not Waived

"The Seventh Amendment guarantees the right to a jury trial "[i]n suits at common law, where the value in controversy shall exceed twenty dollars." *Palmer v. Valdez*, 560 F.3d 965, 968 (9th Cir. 2009). "We have consistently interpreted the phrase "Suits at common law" to refer to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). The Robinsons are also entitled to have a right to a jury trial under Fed.R.Civ.P. 38 and 39. The Robinsons have not waived these rights and have requested them properly.

Of course, if this is a purely equitable case, no jury trial is mandated, but in that case, this being an equitable action, the court should dismiss Plaintiffs action for lack of clean hands as a matter of law for reasons discussed above. To the extent this is not completely an equitable action, then as to those issues a jury is required, although the court has the ability to submit all things to a jury. If the court does not rule as a matter of law, in the favor of the Robinsons then it is appropriate for a jury resolution upon a special verdict, of whether MERS has sufficient interest.

### IV.  CONCLUSION

Based upon the foregoing, this court should grant the Robinsons summary judgment, or in the alternative should grant partial summary judgment to those causes of action here where there is clearly no genuine issues of fact.

MURRIN LAW FIRM

Dated:   January 12, 2015

/s/
_____
J. Owen Murrin
Attorney for Defendants Daniel W.
Robinson and Darla J. Robinson

**DEFENDANTS' POINT AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT**