Name: John Owen Murrin
Address: 7045 E. Los Santos Drive
City, State, Zip: Long Beach, CA 90815
Phone: (562) 342-3011
Fax: (562) 724-7007
E-Mail: jmurrin@murrinlawfirm.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. MERSCORP HOLDINGS, INC.<br>PLAINTIFF(S),<br>v.<br>DANIEL W. ROBINSON, DARLA J. ROBINSON<br>DEFENDANT(S). | CASE NUMBER:<br>2:13-cv-07142-PSG-AS<br><br>NOTICE OF APPEAL |

NOTICE IS HEREBY GIVEN that __DANIEL W. ROBINSON, DARLA J. ROBINSON__ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

**Civil Matter**

☐ Order (specify):

☒ Judgment (specify):
   Plaintiff's Summary Judgment

☐ Other (specify):

☐ Bail status:

Imposed or Filed on __February 27, 2015__. Entered on the docket in this action on _____.

A copy of said judgment or order is attached hereto.

March 4th, 2015                           _/s/ signature_
Date                                       Signature
                                           ☐ Appellant/ProSe  ☒ Counsel for Appellant  ☐ Deputy Clerk

Note:   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#76/81
#84 (03/09 hrg off)

CIVIL MINUTES - GENERAL

| Case No. | CV 13-7142 PSG (ASx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc., et al. v. Daniel W. Robinson, et al. | | |

Present: The Honorable   Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Plaintiffs' motion for summary judgment, DENYING Defendants' motion for summary judgment, and DENYING Defendants' motion to extend the discovery deadline and for attorneys' fees.

Pending before the Court are Plaintiffs' motion for summary judgment and Defendants' cross-motion for summary judgment. Dkts. # 76, 81. Also pending before the Court is Defendants' motion to extend the discovery cut-off date and for attorneys' fees. Dkt. # 84. The Courts finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers submitted by the parties, the Court: GRANTS Plaintiffs' motion for summary judgment DENIES Defendant's motion for summary judgment; and DENIES Defendants' motion to extend the discovery cut-off date and for attorneys' fees.

I.   Background

This case involves real property located at 19127 Romar Street, Northridge, California 91324 (the "Property"). *First Amended Complaint* ("FAC") ¶ 12; Dkt. # 30, *Defendants' Answer to FAC* ("Answer") ¶12. Defendants Daniel Robinson and Darla Robinson (collectively, "Defendants" or the "Robinsons") obtained a loan in the amount of $999,950 to fund the purchase of their home. *FAC* ¶45; *Answer* ¶ 45. The loan was secured against the Property by a deed of trust ("Deed of Trust") that was recorded on February 15, 2005 in the Official Records of the Recorder's Office of Los Angeles County. *Plaintiffs' Statement of Uncontroverted Facts and Conclusions of Law* ("Plaintiffs' SUF"), Ex. 1 ("Deed of Trust").

United Pacific Mortgage ("UPM") is named as the Lender in the Deed of Trust. *See Deed of Trust* at 2. The Deed of Trust also identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as a "separate corporation that is acting solely as a nominee for Lender and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#76/81
#84 (03/09 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc., *et al.* v. Daniel W. Robinson, *et al.* | | |

Lender's successors and assigns." *Id.* The Deed of Trust further provides that "MERS is the beneficiary under [the Deed of Trust]" and that:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.

*Id.* at 2, 4.

The Robinsons filed a civil action in the Los Angeles County Superior Court on January 11, 2012 to quiet title to the Property and expunge the Deed of Trust. *See Plaintiffs' SUF*, Ex. 2 ("Quiet Title Complaint"); *FAC* ¶ 77; *Answer* ¶ 77. Defendants named United Pacific Mortgage as a defendant in the quiet title action. *Quiet Title Complaint*. However, Defendants did not name MERS as a party nor did they provide MERS with any notice of the lawsuit. *Quiet Title Complaint*; *FAC* ¶ 64; *Answer* ¶ 64. Defendants secured a default judgment, expunging the Deed of Trust on the property. *Plaintiffs' SUF*, Ex. 5 ("Quiet Title Judgment"). *FAC* ¶ 71; *Answer* ¶ 71. On April 25, 2013, Defendants recorded the judgment expunging the Deed of Trust on the Property in the Official Records of the Recorder's Office of Los Angeles County. *FAC* ¶ 71; *Answer* ¶ 71.

On September 26, 2013 Plaintiffs MERS and MERSCORP Holdings, Inc. (MERSCORP) (collectively, "Plaintiffs") filed this lawsuit against Defendants. Plaintiffs filed a FAC on March 3, 2014 raising the following claims for relief: (1) a claim seeking that the quiet title judgment be set aside as void because Defendants violated the notice requirements of California Civil Code Section 762.010; (2) a claim seeking declaratory relief for violations of Plaintiffs' due process rights under the United States and California Constitutions; (3) a claim for cancellation of instruments regarding Defendants' notice of lis pendens and the quiet title judgment; and (4) a claim for slander of title. *FAC*.[1] Plaintiffs seek "the same relief for all claims: a declaratory judgment ordering that the Quiet Title Judgment is null and void and ordering that the Robinsons hold the Property subject to the Deed of Trust and an order requiring the removal and

---

[1] In their Opposition to Defendants' Motion for Summary Judgment, Plaintiffs withdraw their Fourth Claim for slander of Title. *Opp. to Defendants' Motion for Summary Judgment* 23:4-7. Accordingly, this claim is DISMISSED WITH PREJUDICE and the Court will not address the arguments discussing this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#76/81
#84 (03/09 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc., *et al.* v. Daniel W. Robinson, *et al.* | | |

cancellation of the Quiet Title Judgment and Notice of Lis Pendens from the land records." *Plaintiffs' Motion for Summary Judgment* ("Plaintiffs' MSJ") 6:17-21.

II.     Legal Standard

Federal Rule of Civil Procedure 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuinely disputed and material if it can be reasonably resolved in favor of either party and may affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the non-movant will bear the burden of proof on an issue at trial, the moving party can satisfy its summary judgment burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The non-moving party must then "come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010); *see In re Brazier Forest Prods., Inc.*, 921 F.2d 221, 223 (9th Cir. 1990). "[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Comm. College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) (citation omitted). Similarly, it is not enough for the non-moving party to "show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party must set forth specific evidence showing that there is a genuine issue for trial, and "may not rest upon the mere allegations or denials of his pleading." *Anderson*, 477 U.S. at 256.

On summary judgment, the Court may not weigh conflicting evidence or make credibility determinations. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). It must draw all reasonable inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Soremekun*, 509 F.3d at 984.

III.    Discussion

Both parties seek summary judgment in their respective motions and because both motions are dealing with the same issues – the Parties reference and incorporate arguments from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#76/81
#84 (03/09 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc., et al. v. Daniel W. Robinson, et al. | | |

both motions in their responses – the Court will address both motions simultaneously. *See Plaintiffs' MSJ; Defendants' Motion for Summary Judgment ("Defendants' MSJ"); see also e.g., Opp.to Plaintiffs' MSJ* 5:3-22 (incorporating "FACTS" section from Defendants' MSJ); 15:18-22 (referencing and incorporating arguments made in Defendant's MSJ); *Plaintiffs' Reply* 2:4-8 (incorporating arguments in Plaintiffs' Opp. to Defendants' MSJ).

    A.    <u>Subject Matter Jurisdiction</u>

The Court begins its analysis by addressing a threshold issue posed by Defendants. Defendants argue that they are entitled to summary judgment on all of Plaintiffs' claims because the Court lacks subject matter jurisdiction. *Defendants' MSJ* 19:13-21:6. Plaintiffs' invoke both diversity and federal question jurisdiction. *See FAC*. The Court agrees with Plaintiffs that they have established diversity jurisdiction and, accordingly, finds no need to determine whether federal question jurisdiction exists. *See FAC* ¶¶ 5-6, 95-101.

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a).

Here, as in their motion for Judgment on the Pleadings, Defendants' completely ignore that Plaintiffs' have pleaded diversity jurisdiction and do not address whether the Court has diversity jurisdiction, instead focusing on their argument that Plaintiffs have failed to establish that there is federal question jurisdiction. *See Defendants' MSJ* 19:15-21:6; *Defendants' Reply* 12:12-24; Dkt. # 46, *September 16, 2016 Order Denying Motion for Judgment on the Pleadings* ("MJP Order") at 7. First, the evidence submitted supports that Plaintiffs are citizens of California and that Defendants are not, thus establishing complete diversity between the Parties. *See, e.g., Quiet Title Complaint* at 4 (pleading that the Robinsons are residents of the State of California); *Declaration of John Murrin i/s/o Defendants' MSJ* ("Murrin MSJ Decl."), *Exs.* 51 (MERSCORP Designation of Foreign Corporation), 64 (MERS Designation of Foreign Corporation); *Declaration of Dan Robinson i/s/o Defendants' MSJ* ("Robinson MSJ Decl.") at ¶ 7 (referring to Plaintiff MERS as "MERS (Delaware)). Defendants have failed to show the Court otherwise. Furthermore, Plaintiffs seek to set aside a quiet title action that expunged the Deed of Trust that arose from a $999,950 loan, thereby meeting the amount in controversy requirement. *See FAC*; *Plaintiffs' SUF*, *Ex.* 5 ("Quiet Title Judgment").

The Court is satisfied that it has diversity jurisdiction over Plaintiffs' claims and Defendants do not explain why the Court would also need to have federal question jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#76/81
#84 (03/09 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc., *et al.* v. Daniel W. Robinson, *et al.* | | |

Accordingly, having determined that it was diversity jurisdiction, the Court declines to determine whether it also has federal question jurisdiction.

  B.  <u>Standing</u>

  Defendants also argue that neither MERSCORP nor MERS have Article III standing and request that the Court grant them summary judgment on that basis.[2] The Court disagrees.

  To have Article III standing, "a plaintiff must adequately establish: (1) an injury in fact (i.e., a 'concrete and particularized' invasion of a 'legally protected interest); (2) causation . . . ; and (3) redressability (i.e., it is 'likely' and not 'merely speculative' that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273-74 (2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

  Although Defendants concede that, as Plaintiffs claim, Plaintiff MERSCORP is the parent company of subsidiary Plaintiff MERS, they argue that it does not have standing to bring this suit. *See Defendants' Statement of Uncontroverted Facts* ("Defendants' SUF") ¶ 16; *Declaration of Robert Jones i/s/o Defendants' MSJ* ("Jones MSJ Decl.") ¶ 7(e); *Declaration of Elizabeth Powell i/s/o Plaintiffs' MSJ* ("Powell MSJ Decl.") ¶ 2. Defendants' claim is based on two contentions. First, they maintain that Plaintiff MERSCORP does not have standing because it "is not listed on the [Deed of Trust], or promissory note, or other paperwork related to this matter." *Defendants' MSJ* 9:16-17; 10:21-24. Second, they assert that because MERSCORP is a separate entity from MERS, it is unable to assert MERS's interest and, therefore, does not have standing to bring this suit. *Id.* 9:22-10:20; *Defendants' Reply* 10:1-8.

  In response, Plaintiffs argue that MERSCORP has standing to bring this suit because "[a] judgment that eliminates the security for a million dollar loan without notice to MERS will inevitably harm [the MESCORP's] business." *Plaintiffs' Opp. to Defendants' MSJ* 15:14-16. An action that threatens an entity's business model constitutes sufficient injury for purposes of Article III standing. *See MJP Order* at 9; *Mortgage Electronic Registration Systems, Inc. v. Bellistri*, 2010 WL 2720802, at *16 (E.D. Mo. 2010) (finding on summary judgment that tax sale

---

[2] Defendants' attack of MERS' Article III standing is on the same grounds on which they argue that MERS is not entitled to relief under Count I. Accordingly, the Court addresses Defendants' standing arguments at the same time that it addresses the merit of Plaintiffs' Count I claim, below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#76/81
#84 (03/09 hrg off)

CIVIL MINUTES - GENERAL

| Case No. | CV 13-7142 PSG (ASx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc., et al. v. Daniel W. Robinson, et al. | | |

conducted without notice to MERS threatened its fundamental business model and created realistic danger that it would lose its customers). Plaintiffs' argument that MERSCORP has standing, therefore, is not grounded merely on injury to MERS, but injury to itself.

Here, Plaintiffs have provided uncontroverted evidence that MERSCORP is the owner and operator of the MERS System and is MERS' parent company. *See Defendants' SUF* ¶ 16; *Jones MSJ Decl.* ¶ 7(e); *Powell MSJ Decl.* ¶ 2; *Declaration of Brian Blake in Opp. to Defendants' MSJ* ("Blake Opp. Decl."). The MERS System is an electronic registry "used by MERS System members to track changes in beneficial ownership and/or servicing rights of loans registered on the MERS System." *Blake Opp. Decl.*¶ 3. MERS' standard policy when it receives "notice of proceedings that might affect the security of a mortgage or deed of trust held by MERS, as the mortgagee or beneficiary and nominee for the note owner, is to notify the owner or loan services of the secured note that action needs to be taken to defend and protect MERS' security interest." *Powell MSJ Decl.* ¶ 7; *see also Mortgage Elec. Registration Sys., Inc. v. Bellistri*, 2010 WL 2720802 at *8 (E.D. Mo.2010). A ruling that MERS is not entitled to this notice would inhibit MERS from properly notifying MERS System members of adverse actions and would also affect MERSCORP's interests. Accordingly, the Court finds that MERSCORP does have standing to bring this suit.

      C.      <u>Count 1: Quiet Title Obtained in Violation of Statutory Rights</u>

As the Court explained in its MJP Order, the purpose of a quiet title action is "to establish title against adverse claims to real or personal property or any interest therein." Cal. Civ. Proc. Code § 760.020; *Walters v. Fid. Mortgage of Cal., Inc.*, 730 F. Supp. 2d 1185, 1197 (E.D. Cal. 2010) ("The purpose of a quiet title action is to determine 'all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to.'") (quoting *Newman v. Cornelius*, 3 Cal. App. 3d 279, 284 (1970)); *see MJP Order* at 4. Therefore, California law requires a quiet title plaintiff to name as defendants those persons "having adverse claims to the title of the plaintiff against which a determination is sought." Cal. Civ. Proc. Code § 762.010. As used in this context, "claim" includes "a legal or equitable right, title, estate, lien, or interest in property or cloud upon title." Cal. Civ. Proc. § 760.010; *see also* Law Revision Commission Comments to § 760.010 (noting that "claim" is intended in its broadest possible sense). A quiet title plaintiff may also include "all persons unknown" with adverse claims to the property. Cal. Civ. Proc. Code § 762.060(a). Nevertheless, the plaintiff *must* name those persons "having adverse claims that are of record or known to the plaintiff or reasonably apparent from an inspection of the property." Cal. Civ. Proc. Code § 762.060(b). Therefore, a plaintiff in a quiet title action must name as defendant an entity that (1) had an adverse claim against the plaintiff's adverse title and (2) the adverse claim was recorded, or the plaintiff knew or should have known of the claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#76/81
#84 (03/09 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc., *et al.* v. Daniel W. Robinson, *et al.* | | |

Plaintiff argues that there are undisputed facts establishing that the quiet title was obtained in violation of MERS' statutory rights. *Plaintiffs' MSJ* 7:17-22. The Court agrees. There is no genuine issue of fact that MERS has an adverse claim against Plaintiffs' property through the Deed of Trust. The Deed of Trust identifies MERS as the "beneficiary under this Security Instrument." *Deed of Trust.* It also provides that "MERS (as nominee for Lender and Lender's successors and assigns) has the right to . . . exercise any or all . . . interests" granted under the Deed of Trust, "including, but not limited to, the right to foreclose and sell the Property." *Deed of Trust* at 4. As this Court has previously found, such language in the Deed of Trust is sufficient to establish a "claim" against Defendants' title under the California statutes. In fact, as the Court explained in its MJP Order, Courts applying California law have regularly held that deeds of trusts materially identical to the one at issue here authorize MERS to foreclose and sell the subject property. *MJP Order* at 5; *see, e.g.*, *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1157-58 (2011); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1189-90 (N.D. Cal. 2009) (collecting cases and noting that "courts have been clean" that MERS is authorized by these deeds of trust to conduct foreclosure). The Deed of Trust operates as a "lien on the property." *Walters*, 730 F. Supp. 2d at 1199; *Monterey S. P. P'ship v. W. L. Bangham, Inc.*, 49 Cal. 3d 454, 460 (1989) ("in practical effect . . . a deed of trust is a lien on the property"); *Yulaeva*, 2009 WL 2880393, at *9 (E.D. Cal. 2009) (finding that MERS held adverse claim to title under materially identical deed of trust).

It is also undisputed that the Deed of Trust was recorded and known to Defendants at the time that they filed their quiet title action. *Answer* ¶¶ 45-46. Accordingly, Defendants were required to name MERS as a defendant in the quiet title action. *See* Cal. Civ. Proc. Code §§ 762.010; 762.060(b). Plaintiffs have submitted uncontroverted evidence that MERS was not named as a defendant in the quiet title action. *See Quiet Title Complaint*. Accordingly, the Court finds that the quiet title judgment was obtained in violation of Plaintiffs' statutory rights.

Defendants bring a plethora of additional arguments – all of which are meritless and many which the Court has addressed in its MJP Order – to support their contention that the Court should deny Plaintiffs' motion for summary judgment of this claim and grant its motion. Although Defendants' arguments are unclear and convoluted in many instances, the Court attempts to address each in turn.

Defendants attack MERS's status as beneficiary and agent arguing that they, and not Plaintiffs, are entitled to summary adjudication of this claim because Plaintiffs are unable to conclusively establish either. *Defendants' MSJ* 13:7-16:13. For example, Defendants include a declaration from Daryl Wizelman ("Wizelman"), Corporate Officer of UPM, in which Wizelman

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#76/81
#84 (03/09 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc., et al. v. Daniel W. Robinson, et al. | | |

declares that "MERS was never [UPM's] beneficiary or [its] agent." *Declaration of Daryl Wizelman i/s/o Defendants' MSJ* ("Wizelman MSJ Decl.") ¶¶ 1-2. Defendants also argue that Plaintiffs have not submitted facts showing that there is an agency relationship between the current note holder – U.S. Bank – in the Deed of Trust and MERS. *Defendants' MSJ* 14:12-22. The Court disagrees with Defendants. MERS status as a beneficiary and agent – giving it entitlement to notice in the quiet title action – arises from the language of the Deed of Trust, itself. First, MERS is clearly named a nominee in the Deed of Trust. *See Deed of Trust.* In the context of a nominee on a deed of trust, this implies that the nominee is granted authority as an agent to act on behalf of the Lender as to administration of the deed of trust. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270 (2011) ("A 'nominee' is a person or entity designated to act for another in a limited role – in effect, an agent." (citing *Born v. Koop*, 200 Cal. App. 2d 519, 528 (1962)). Second, in analyzing deeds of trust materially similar to the one at issue in this litigation, both this Court and California courts have held that MERS status as beneficiary "was not a matter of fact existing apart from the document itself." *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 266 (1st. Dist. 2011) (considering a deed of trust identical in all material respects to the one at issue here and concluding that "MERS was the beneficiary under the deed of trust because, as a legally operative document, the deed of trust designated MERS as the beneficiary. Given this designation, MERS's status was not reasonably subject to dispute.").

Furthermore, in making these arguments, Defendants ignore the Court's MJP Order which explicitly stated that "MERS's right to be named as a defendant in the quiet title action does not turn on whether it was a 'beneficiary' under the Deed of Trust" but rather "it turns on whether MERS had an adverse 'claim'" that was recorded – which the Court has found it possessed by virtue of being named a beneficiary in the Deed of Trust. *MJP Order* at 6. That Defendants' dispute the validity of the interests asserted by MERS in the Deed of Trust does not defeat Plaintiffs' right to summary adjudication of this claim, because the Court does not base its decision on the validity of these interests. The Court reminds Defendants that settling such disputes is exactly the point of a quiet title action. *See Walters*, 730 F. Supp. 2d at 1197 ("The purpose of a quiet title action is to determine all conflicting claims to the property in controversy, and to decree to each such interest of estate therein as he may be entitled to.") (internal quotations omitted); *Fleishman v. Blechman*, 148 Cal. App. 2d 88, 97 (1957) (observing that quiet title action is proper type of action "to determine the validity of any adverse claims based upon asserted trusts").

Defendants also argue that because MERS was not registered to do business in California when the Deed of Trust was executed, the Deed of Trust should be voided because MERS did not have the capacity to contract. *Defendants' MSJ* 11:1-13:3. Plaintiffs do not contest that MERS was not registered to do business in California when the Deed of Trust was executed, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#76/81
#84 (03/09 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc., *et al.* v. Daniel W. Robinson, *et al.* | | |

point to evidence that MERS registered to do business in California in July 2010, which was before Defendants initiated the quiet title action. *MERS Designation of Foreign Corporation.* Plaintiffs also argue that the Deed of Trust is not voidable notwithstanding the fact that MERS was not registered to do business in California when the Deed of Trust was executed because (1) it was exempted from registering by the California Corporations Code; (2) it cured the failure to register; (3) it was not given a reasonable opportunity to cure its failure to register; and (4) it was still entitled to notice of the quiet title action because it had a claim of record against Defendants' property.

According to Plaintiffs, MERS was exempted from registering to conduct business in California under California Corporations Code § 191 because it is a corporation that "creates evidences of debt or mortgages, liens or security interests in real or personal property" and because the "enforcement of any loans by trustee's sale, judicial process or deed in lieu of foreclosure or otherwise" is also exempted activity. Cal. Corp. Code §§ 191(c)(7), (d)(3). The Court does not need to decide whether MERS was exempted, however, because it agrees with Plaintiffs that the Deed of Trust is not voidable under § 23304.1 of the California Revenue and Tax Code because MERS cured its failure to register and that even if the Deed of Trust was voidable, under § 23304.5 of the same Code the Deed of Trust cannot be voided without first giving MERS the opportunity to cure its failure to register. *See Cal. Rev. & Tax Code* §§ 23304.1; 23304.5. Accordingly, the Court disagrees with Defendants that the Deed of Trust should be voided.

Defendants contend that they are entitled to summary adjudication of this claim because MERS is just a shell corporation that cannot own anything, because it has no loan ownership rights when all of the benefits under the Deed of Trust go to the lender, and because its own membership rules prove that it is entitled to no benefits. *Defendants' MSJ* 13:13-14:11; 14:23-15:2. As the Court has explained above, however, its finding that Plaintiffs are entitled to notice under the California statutes does not hinge on MERS's ownership of the promissory note or the validity of its status as beneficiary. *MJP Order* at 5. The Court found that MERS had an adverse claim – triggering the notice requirements under the California statutes – "[w]hatever the full scope of MERS' rights and interests under the [Deed of Trust]." *Id.* The Court fails to see how Defendants' contentions compel a different result.

Defendants seek to void the Deed of Trust by arguing that there is evidence that this instrument was the product of fraud and unconscionability. *Defendants' MSJ* 17:19:19:12. To support their argument, Defendants argue that the Deed of Trust is voidable because MERS never disclosed that it was neither a beneficiary nor an agent of the lender and that it was not

9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#76/81
#84 (03/09 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc.*, et al.* v. Daniel W. Robinson, *et al.* | | |

registered to do business in California. *Id.* The Court has already explained that MERS's failure to register does not render the Deed of Trust voidable. Furthermore, as expounded above, courts examining deeds of trust like the one at issue here have found that MERS is a beneficiary and agent solely from the language of the Deed of Trust – the Court sees no facts supporting an allegation of fraud. Moreover, Defendants' argument does not undermine MERS' rights to notice in the quiet title action. Adjudication of the validity of MERS's status as beneficiary and agent was appropriate during the quiet title action and here, where MERS' right to notice has been established without the need to determine the full scope of MERS' rights and interests, Defendants' arguments hold no weight.

   i.   *Unclean Hands Defense*

Defendants' unclean hands defense is similarly without merit. Under California law, when assessing the applicability of the unclean hands defense, "[]he focus is the equities of the relationship between the parties, and specifically whether the unclean hands affected the transaction at issue." *Biller v. Toyota Motor Corp.*, 668 F. 3d 655, 667 (9th Cir. 2012). Defendants include a lengthy list of alleged examples showing Plaintiffs' unclean hands. For example, they, again, point to MERS not being registered to do business in California when the Deed of Trust was executed, they also argue, *inter alia*, that MERS is not truly a beneficiary, and that MERS is merely a shell corporation. The Court does not agree that Defendants have met their burden that Plaintiffs' had unclean hands related to the transaction at issue in the litigation. First, the Court does not see how MERS' corporate structure shows unclean hands or affects the issues at play here. Second, as Plaintiffs' point out, that Defendants did not understand MERS' role when they executed the Deed of Trust "does not constitute wrongdoing on MERS' part." *Plaintiffs' Opp. to Defendants' MSJ* 22:8-18. The Court concludes that Plaintiffs' have failed to establish that they can benefit from the unclean hands affirmative defense.

   ii.   *Additional Discovery Sought*

In opposing Plaintiffs' MSJ, Defendants argue that summary judgment in Plaintiffs' favor is also not appropriate because Defendants have been unable to obtain necessary information through discovery as a result of Plaintiffs' refusal to produce witnesses and objections to certain written discovery and because they have found new information relevant to the present motions. *Defendants' Opp. to Plaintiffs' MSJ* 20:2-21:12.[3]

---

[3] Magistrate Judge Alka Sagar has addressed Plaintiffs' alleged dilatory tactics in her order denying Defendants' motion to compel. *See* Dkt. # 104.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#76/81
#84 (03/09 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc., et al. v. Daniel W. Robinson, et al. | | |

Defendants are, essentially, seeking a continuance pursuant to Federal Rule of Civil Procedure 56(f). Under Rule 56(f), a party seeking a continuance "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City of San Francisco*, 441 F. 3d 1090, 1100 (9th Cir. 2006). Defendants fail to do so. The closest that Defendants come to explaining what further discovery would reveal is their statement in their Opposition to Plaintiffs' MSJ that because of the information received from Daryl Wizelman stating that MERS is not UMPs beneficiary or agent and "the fact that it was discovered that MERS was not registered to do business in California, Defendants need to do more discovery." *Defendants' Opp. to Plaintiffs' MSJ* 20:19-24. The Court has already addressed this evidence above and does not see how further discovery would affects its ruling. Accordingly, the Court DENIES Defendants' request for discovery or a continuance.

For the reasons stated above, the Court GRANTS Plaintiffs' motion for summary adjudication of their first claim and DENIES Defendants' motion as to this claim. The Court GRANTS Plaintiffs' request for a declaratory judgment ordering that the Quiet Title is null and void and ordering that Defendants hold the Property subject to the Deed of Trust and requiring the removal and cancellation of the Quiet Title Judgment and Notice of Lis Pendens from the land records.

    D.    <u>Counts 2 and 3: Due Process Violations and Cancellation of Instruments</u>

In its motion for summary judgment, Plaintiffs' argue that the Court's finding that Plaintiffs are entitled to summary adjudication of Count I renders adjudication of the additional counts "unnecessary." *Plaintiffs' MSJ* 13:24-14:2. The Court agrees and therefore does not analyze the merits of Plaintiffs' remaining claims.

    E.    <u>Right to Jury Trial</u>

The Court GRANTS Plaintiffs' motion for summary judgment. Accordingly, Defendants' arguments that they are entitled to a jury trial are RENDERED MOOT.

    F.    <u>Motion to Extend Discovery Deadline and for Attorneys' Fees</u>

For the reasons that the Court denied Defendants' request for discovery or a continuance under Rule 56(f), the Court also DENIES Defendants' motion to extend the discovery deadline and for attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#76/81
#84 (03/09 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7142 PSG (ASx) | Date | February 27, 2015 |
|---|---|---|---|
| Title | Mortgage Electronic Registration Systems, Inc., et al. v. Daniel W. Robinson, et al. | | |

IV.     Conclusion

For the abovementioned reasons, the Court GRANTS Plaintiff's motion for summary judgment, DENIES Defendant's motion for summary judgment, and DENIES Defendant's motion for an extension of the discovery deadline and attorneys' fees.  Accordingly, the Court GRANTS Plaintiffs' request for a declaratory judgment ordering that the Quiet Title is null and void and ordering that Defendants hold the Property subject to the Deed of Trust and requiring the removal and cancellation of the Quiet Title Judgment and Notice of Lis Pendens from the land records.

**IT IS SO ORDERED.**